**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards,<br><br>   Plaintiff,<br><br> v.<br><br>Tony Samojen,<br><br>   Defendant. | Case No. 3:25-CV-08174-SPL<br><br>**ANSWER**<br><br>(Jury Trial Demanded) |

  Defendant Tony Samojen admits, denies, and avers as follows:

### Nature of Action

  1. Defendant denies that his sale to Plaintiff was fraudulent but admits this action arises from Plaintiff's allegations.

  2. Defendant denies the allegations of paragraph 2 of the Complaint and avers that no such model as the "Porsche 914/6[] with the 'R' designation" exists.

  3. Defendant admits he had an imitation factory window sticker created for the car describing it as a "914/6 R" but denies all other allegations of paragraph 3 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the sticker "played a substantial role in tricking Edwards into believing the car was an authentic Porsche 914/6 R" and therefore denies the allegation. Defendant avers Plaintiff did not see the window sticker until after Plaintiff took delivery

1  of the Porsche 1543, so, regardless of the sticker's effect on Plaintiff's belief, the sticker could not have influenced Plaintiff's purchase.

4. Defendant admits Plaintiff purchased two cars and related parts for $400,000 cash plus a Ford GT but denies all other allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

### Parties

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits he is a citizen and resident of California.

### Jurisdiction and Venue

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

### Facts

**The Allegedly Fraudulent Transaction**

11. Defendant denies that in July 2021 Morse discussed the sale of anything by Defendant to Plaintiff, including vehicle parts, other than the Porsche 0011. Defendant admits Morse first informed Plaintiff about Defendant's desire to sell the Porsche 0011. Defendant lacks knowledge or information sufficient to form a belief about the remainder of the allegations in paragraph 11 of the Complaint and therefore denies them.

12. Defendant admits Plaintiff visited Defendant's home for the purpose of viewing the Porsche 0011 but denies the allegations in paragraph 12 of the Complaint to the extent they allege any further purpose of the visit.

13. Defendant admits the Porsche 1543 was parked near the Porsche 0011 but denies the Porsche 1543 "purported" to be anything other than what it was.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant denies he provided Edwards a binder of information about the Porsche 1543 but admits the remaining allegations in paragraph 15 of the Complaint.

2

1  Defendant avers that Plaintiff received the binder of information about the Porsche 1543
2  only after taking delivery of the vehicle after purchasing it.

3       16.    Defendant lacks knowledge or information sufficient to form a belief about
4  the truth of whether Plaintiff reviewed the documents in the Porsche 0011 binder and
5  therefore denies the allegation. Defendant denies Plaintiff reviewed the documents in the
6  Porsche 1543 binder because he did not have them or the binder in his possession.

7       17.    Defendant admits the Porsche 1543 binder contained the "window sticker"
8  pictured but denies that Plaintiff saw it or the binder containing it at any time before taking
9  delivery of the Porsche 1543. Defendant lacks knowledge or information sufficient to form
10 a belief about the truth of Plaintiff's allegations of his reaction to the sticker and therefore
11 denies them.

12       18.    Defendant lacks knowledge or information sufficient to form a belief about
13 the truth of the allegations about Porsche window stickers Plaintiff had seen and therefore
14 denies them. Defendant admits to the appearance of the window sticker as described in
15 paragraph 18 of the Complaint.

16       19.    Defendant lacks knowledge or information sufficient to form a belief about
17 the truth of Plaintiff's alleged reaction to the window sticker and therefore denies it.
18 Defendant denies Plaintiff returned the Porsche 1543 binder to Defendant. Defendant
19 admits Plaintiff asked Defendant about the history of the Porsche 1543 during Defendant's
20 visit to Plaintiff's home.

21       20.    Defendant denies that Defendant's description of the Porsche 1543 was
22 consistent with it being a "914/6 R." Defendant admits the remaining allegations in
23 paragraph 20 of the Complaint.

24       21.    Defendant admits the allegations in paragraph 21 of the Complaint but avers
25 that Plaintiff expressed no interest in purchasing the Porsche 1543 during his visit to
26 Defendant's home.

27       22.    Defendant admits the allegations in paragraph 22 of the Complaint.
28

SILENCE LAW GROUP

23. Defendant denies that Plaintiff further inspected the Porsche 1543 on his second day at Plaintiff's home and that Plaintiff could have known about the window sticker at that time. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's internal reaction to and thoughts about the Porsche 1543 and therefore denies them.

24. Defendant denies the allegations in paragraph 24 of the Complaint and avers Plaintiff never opened the glove box or otherwise could have seen the "promo cards" before taking delivery of the Porsche 1543 after his purchase.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations of his belief about the Porsche 1543 and therefore denies them. Defendant denies the allegations of paragraph 25 of the Complaint to the extent they allege Defendant made any representations about the Porsche 1543 inconsistent with what it actually was. Defendant further denies the allegations of the paragraph to the extent they allege Plaintiff formed any beliefs about the Porsche 1543 before his purchase based on the window sticker or promo cards.

26. Defendant denies the allegations of paragraph 26 of the Complaint to the extent they allege any discussion between Plaintiff and Defendant about the sale of the Porsche 1543 while Plaintiff was at Defendant's home or an agreement to continue as-yet nonexistent discussions about a sale of the Porsche 1543 over the phone. Defendant avers that the parties never discussed the possibility of Plaintiff purchasing the Porsche 1543 until an email on October 31, 2021, in which Plaintiff suggested adding the Porsche 1543, along with Defendant's racing parts and Plaintiff's Ford GT, into the transaction originally planned only to involve the Porsche 0011. Defendant admits the remaining allegations in paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's experience with the photos described in paragraph

1  28 of the Complaint and therefore denies them. Defendant denies the photos on the cited
2  website show that Defendant "had listed Porsche 1543 as a 914/6 R." Defendant admits
3  the photos on the cited website show the window sticker contained in the binder of
4  information about the Porsche 1543 but deny Plaintiff saw the window sticker in the binder
5  any time before receiving the binder when he took delivery of the Porsche 1543 after
6  purchasing it. Defendant avers that the text introducing the photos and all their captions
7  describe the car as a "914-6 GT," the common colloquial name used among enthusiasts
8  for a 914/6 modified with racing parts and the same way Plaintiff identified both
9  Defendant's cars in the sale agreement Plaintiff drafted to memorialize the transaction.
10 Defendant also avers that the pictures on the website of the sales listing for the Porsche
11 1543 from the April 1980 issue of Panorama Magazine identifies it as a "1970 914/6" and
12 the captions of the other photos in that sub-gallery also identify the vehicle as a "914-6."

13    29.    Defendant admits the allegations of paragraph 29 of the Complaint.

14    30.    Defendant lacks knowledge or information sufficient to form a belief about
15 the truth of the allegations of paragraph 30 of the Complaint and therefore denies them.
16 Defendant avers that captions to all photos from Morespeed located at
17 https://pbase.com/9146gt/other_porsche_9146gt_race_cars_sn9140431543_kerry_morse
18 _vintage, dated September 29, 2015, and linked to from the page Plaintiff cites in
19 paragraph 28 of the Complaint, refers to the vehicle as "914-6 sn 914.043.1543." The text
20 on the website explains, "the seller [of the Porsche 1543] makes no mention of the 914-6
21 having wider steel fender flares, or any other Porsche racing parts or factory upgrades." It
22 further references a "conversion project [of the vehicle] to GT specs."

23    31.    Defendant denies that the "research" referenced in paragraph 31 of the
24 Complaint gave Plaintiff "even more reason to believe" that the Porsche 1543 was a 914/6
25 R. Defendant denies that he ever represented to Plaintiff that the Porsche 1543 was a 914/6
26 R. Defendant denies he had been representing to the world that the Porsche 1543 was a
27 914/6 R and lacks knowledge or information sufficient to form a belief about the truth of
28 whether "other Porsche enthusiasts" were "convinced" that the Porsche 1543 "was

5

1  authentic" and therefore denies those allegations. Defendant denies all other allegations of paragraph 31 of the Complaint.

32. Plaintiff admits the allegations of paragraph 32 of the Complaint and avers that these communications after the Plaintiff and Defendant's meeting at Defendant's home were the first time either party had ever broached the subject of the sale or purchase of the Porsche 1543.

33. Defendant denies the allegations of paragraph 33 of the Complaint to the extent they allege that Defendant knew of Plaintiff's 2006 Ford GT for the first time or expressed interest in it for the first time when Defendant visited Plaintiff in Arizona. Defendant avers that Morse had informed him of the Ford GT and Plaintiff's desire to sell it, and seeing the Ford GT was part of the purpose of the visit. With those qualifications, Defendant admits he literally "noticed" the Ford GT on the visit and "expressed interest in it" as a continuation of the parties' previous inclusion of the Ford GT into negotiations over their planned transaction originally involving only the Porsche 0011.

34. Defendant admits the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint and therefore denies them.

37. Defendant denies the Ford GT was worth approximately $500,000. Defendant also denies the allegations of paragraph 37 of the Complaint to the extent they allege the parties' agreement was premised on the Ford GT being valued at approximately $500,000. Defendant admits the remaining allegations of paragraph 37 of the Complaint.

38. Defendant denies paragraph 38 of the Complaint to the extent it alleges that both parties participated in the drafting of the sales agreement, which Defendant avers was drafted exclusively by Plaintiff and proposed to defendant. Defendant admits the remaining allegations of paragraph 38 of the Complaint.

**Edwards's Alleged Reliance and the Contract**

39. Defendant denies the allegations in paragraph 39 of the Complaint to the extent they allege Plaintiff represented to Defendant the Porsche 1543 was a "914/6 R" and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in the paragraph and therefore denies them.

40. Defendant denies he made any representations that Plaintiff was acquiring a genuine 1970 Porsche 914/6 R. Defendant denies the Ford GT was worth approximately $500,000. Defendant denies the allegations in paragraph 40 of the Complaint to the extent they allege the parties' transaction was premised on the Ford GT being valued at $500,000. Defendant admits Plaintiff paid Defendant $400,000 in cash plus transfer of the Ford GT but denies the remaining allegations in paragraph 40 of the Complaint.

41. Defendant denies he made any fraudulent representations to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 41 of the Complaint and therefore denies them.

**Alleged Discovery of the Alleged Fraud**

42. Assuming the forum discussion referred to in paragraph 42 of the Complaint is the one located at http://www.914world.com/bbs2/index.php?showtopic=371596&st=0, Defendant denies that the participants concluded the sticker was a forgery. Defendant admits that the participants concluded the window sticker was not an original window sticker and that the Porsche 1543 was not a 914/6 R. If the alleged forum discussion is any other, then Defendant lacks information or belief sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore denies them.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and therefore denies them.

44. Defendant admits the allegations in paragraph 44 of the Complaint and avers that this was the first time the parties had ever communicated about the window sticker

7

other than Plaintiff's question in his email on October 30, 2021, to which Defendant did not respond.

45.     Defendant denies that he presented the window sticker to Plaintiff during the sale process and avers he never "presented" the window sticker nor even mentioned its existence to Plaintiff during the sale process. Defendant admits the remaining allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint to the extent that they allege any wrongdoing by Defendant in acquiring the window sticker and to the extent that they allege Defendant engaged in fraud. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 42 of the Complaint and therefore denies them.

47.     Defendant admits the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint, including any implication of wrongdoing by Defendant's obtaining the window sticker, any implication of Defendant's having provided or even mentioned the window sticker or promo cards to Plaintiff before Plaintiff took delivery of the vehicles, and any implication of Defendant wrongfully misrepresenting to the world the nature of the Porsche 1543.

**Alleged Knowledge and Intent**

49.     Defendant admits the allegations in paragraph 49.

50.     Defendant admits the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

**Alleged Damages and Continuing Harm**

53.     Defendant denies the allegations in paragraph 53 in the Complaint and avers that Plaintiff paid a fair price for the Porsche 1543 regardless of how it was presented or what Plaintiff thought it was.

8

54. Defendant denies the allegations in paragraph 54 of the Complaint and avers that Plaintiff paid a fair price for the Porsche 1543 regardless of how it was presented or what Plaintiff thought it was.

55. Defendant denies the allegations in paragraph 55.

## Count I

56. Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

57. Defendant denies the allegations in paragraph 57 of the Complaint and avers that Defendant neither provided Plaintiff the window sticker nor told Plaintiff about it at any time during the sale process.

58. Defendant admits the Porsche 1543 was not a 914/6 R and the window sticker was not genuine but denies that Defendant ever represented otherwise to Plaintiff.

59. Defendant denies the allegations in paragraph 59 of the Complaint, including that he made the representations alleged in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint, including that he made the representations alleged and that he intended to deceive Plaintiff or fraudulently induce Plaintiff to complete the purchase.

61. Defendant denies the allegations in paragraph 61 of the Complaint, including that he made any material misrepresentations to Plaintiff.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

## Count II

64. Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

65. Defendant admits the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

### Count III

69. Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

### Count IV

74. Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

75. Defendant admits the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

### Count V

79. Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

80. Defendant admits the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

### Count VI

83. Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant admits Plaintiff seeks restitution but denies that Defendant engaged in the unlawful practices on which Plaintiff bases his restitution claim.

### Jury Trial

Defendant requests a trial by jury on all issues triable by jury.

### Affirmative Defense

Defendant pleads as affirmative defenses the following:

1. Plaintiff fails to state a claim for relief under the California Unfair Competition Law because Plaintiff does not allege providing Defendant with written notice as required by Cal. Civ. Code § 1782(a) "of the particular alleged violations of Section 1770," and amendment of the Complaint to that effect would be futile because Plaintiff did not provide the required written notice.

2. Plaintiff fails to plead with particularity any actual misrepresentations made by Defendant to Plaintiff.

3. Plaintiff could not rely on the alleged misrepresentations of the window sticker and promotional cards because he did not see them until after the purchase.

4. Plaintiff's mistaken assumptions were unilateral – not mutual.

5. Plaintiff did not suffer any damages because the vehicle at issue was sold at a fair market price.

6. Plaintiff failed to mitigate his damages by not just selling the vehicle at issue to another buyer for the same or similar price that he paid for the vehicle.

7. Plaintiff should be estopped from seeking the damages sought because Plaintiff's actions and inactions contributed to what is, at most, a unilateral mistake on the part of Plaintiff in making assumptions.

8. Plaintiff has unclean hands to the extent he withheld material information from Defendant about Plaintiff's belief of the nature of the Porsche 1543 with the intent to induce Defendant to sell the vehicle for far below the fair market value Plaintiff believed it to have.

9. Plaintiff has unclean hands to the extent he relied on representations of other parties or of Defendant to other parties about the Porsche 1543 without confirming their

accuracy with Defendant and then sought to blame Defendant for the resulting unilateral misunderstanding.

10. Plaintiff was comparatively at fault and/or contributed to the unilateral mistake through his actions and inactions.

11. Defendant did not make any false statements.

12. Defendant lacked the intent to defraud Plaintiff.

13. Plaintiff could not have reasonably relied on any statement Defendant made as to the Porsche being an "authentic Porsche 914/6 R" because no such statement was made.

14. The parole evidence rule prevents Plaintiff from relying on any alleged representations that were not included in the purchase agreement.

### Request for Relief

Defendant requests that the Court deny all relief requested by the Plaintiff and order Plaintiff to pay Defendant's fees and costs pursuant to A.R.S. § 12-341, § 12-341.01, and § 12-349, as well as 28 U.S.C. § 1927.

DATED this 3rd day of October, 2025.

**Silence Law Group PLLC**

*/s/ Trevor Cook*
Trevor Cook
Jeffrey Silence
*Attorneys for Defendant*