**Rusing Lopez & Lizardi, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllaz.com
aclark@rllaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
McDonald Hopkins LLC
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards, | Case No. 3:25-cv-08174-SPL |
| Plaintiff, | |
| vs. | **JOINT RULE 26(f) CASE MANAGEMENT REPORT** |
| Tony Samojen, | |
| Defendant. | |

Plaintiff James Edwards, by and through undersigned counsel, hereby file Joint Rule

26(f) Report this 30th day of October, 2025. Pursuant to Federal Rule of Civil Procedure

26(f), the parties conferred on October 16, 2025 to discuss the matters required by the Rule. The parties submit this report outlining their proposal for the discovery plan and scheduling order.

1.    <u>Parties in Attendance</u>: Plaintiff's counsel Michael Croghan and Defendant's counsel Trevor Cook attended the Rule 26(f) conference and assisted in developing this Joint Rule 26(f) Report.

2.    <u>Service</u>: All parties have been served.

3.    Nature of the Case: The parties discussed the nature and basis of their claims and defenses, as well as possibilities for promptly settling or resolving the case. This case arises out of dispute from the transaction between Plaintiff and Defendant. The transaction involved Plaintiff purchasing two cars from the Defendant, Porsche 0011 and Porsche 1543, along with related car parts for $400,000 cash plus a Ford GT. The parties executed an agreement for the transaction on November 2, 2021. The parties' positions are as follows:

    a.  Plaintiff alleges that Defendant fraudulently and negligently represented that the Porsche 1543 was a 914/6 R and that in reliance on that representation, Plaintiff paid a premium for Porsche 1543. Plaintiff alleges six counts against Defendant related to this conduct: fraudulent misrepresentation, negligent misrepresentation, breach of express warranty, violation of Arizona Consumer Fraud Act, violation of California Consumer Legal Remedies Act, and violation of California Unfair Competition Law.

2

37049242.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     b. Defendant denies that he fraudulently, negligently, or otherwise misrepresented or represented the Porsche 1543 as a 914/6 R. Defendant asserts that Plaintiff could not have relied on any Defendant representation that the Porsche 1543 was a 914/6 R because Plaintiff never made any such representation to Defendant. The only representations Plaintiff alleges Defendant made that the Porsche 1543 was a 914/6 R was through a hobbyist "window sticker" Defendant had obtained for the Porsche 1543 and "promotional cards" describing the vehicle as a "914/6 R." But Defendant never showed or gave the promotional cards to Plaintiff until they arrived with the vehicle when it was delivered to Plaintiff. An email message from Defendant to Plaintiff with a scanned copy of the window sticker attached exists, but Defendant denies he sent it. Defendant asserts that, regardless of what Plaintiff believed he was getting, the disputed transaction was fair based on fair market prices for all vehicles and items included, and Plaintiff suffered no damages. Plaintiff did not state a claim under the California Unfair Competition Law because he did not meet the statutory notice requirement. Plaintiff failed to plead with particularity any actual representations made by Defendant to Plaintiff. Any mistaken assumption on the part of Plaintiff was unilateral mistake. Plaintiff did not mitigate any supposed damages by selling the vehicle at issue to another buyer. Plaintiff has unclean hands to the extent he withheld from

Defendant his belief that the Porsche 1543 was a "914/6 R" in an attempt to induce Defendant to sell it for below the fair market value Plaintiff believed it to have. Plaintiff has unclean hands to the extent he relied on representations of other parties or of Defendant to other parties about the Porsche 1543 without confirming their accuracy with Defendant and then sought to blame Defendant for the resulting unilateral misunderstanding. Plaintiff was comparatively at fault. The parole evidence rule prevents Plaintiff from relying on any alleged misrepresentations that were not included in the purchase agreement.

4.  <u>Jurisdiction</u>: The basis for the Court's subject matter jurisdiction over this case is diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1). Plaintiff is a citizen of Arizona, where he is domiciled. Defendant is a citizen of California, where he is domiciled. The amount in dispute will be subject of expert valuation but exceeds the monetary requirement of 28 U.S.C. §1332(a)(1).

5.  <u>Additions and Amendments</u>: The Parties are the only anticipated parties to this litigation. The Parties propose that any amendments to the pleadings be filed by December 19, 2025.

6.  <u>Forthcoming Motions</u>: No motions are contemplated at this time.

7.  <u>Related Cases</u>: There are no related cases pending before this or other courts.

8.  <u>Discovery Limitations</u>: None.

9.  <u>Electronically Stored Information ("ESI")</u>: The Parties agree that ESI, particularly emails, should be preserved. Email discovery shall be collected by third-party

vendors in accordance with a protocol agreed to by the parties and produced in their native format to facilitate review and maintain metadata integrity.

10. <u>Request for Jury Trial:</u> The Parties have both requested a jury trial.

11. <u>Trial</u>: The Parties expect this case to be ready for trial around December 2026. The Parties anticipated 3-5 days for trial.

12. <u>Expedited Trial Alternative</u>: Counsel for each party has discussed with his or her client the expedited trial alternative.

13. <u>Consent to Magistrate Judge</u>: The Parties do not think the case is suitable for reassignment to a United State Magistrate Judge. The Parties agree that the case could be suitable for referral to a United State Magistrate Judge for discovery or a settlement conference.

14. <u>Settlement and Dispute Resolution</u>: The parties agree there is no prospect for a compromise settlement of Plaintiff's claims at this time. However, the case may be suitable for referral to a United States Magistrate Judge for the purpose of holding a mediation or early neutral evaluation.

15. <u>Modified Procedures</u>: The parties suggest no modification of pretrial procedures due to the nature of the case.

16. <u>Additional Matters</u>: The Parties request that the Court enter a limited protective order to protect personal information related to the transactions that must be exchanged during discovery.

17. <u>Privilege</u>: The parties propose the following protocol regarding privilege and work product protection: communications with litigation counsel arising after the dispute

5

shall not be required to be logged on a privilege log; communications with attorneys consulted prior to retention of litigation counsel must be logged if withheld on privilege grounds; and the parties request that the Court enter a claw-back order under Federal Rule of Evidence 502 to address inadvertent production of privileged materials.

18.    <u>Necessary Discovery</u>: The Parties propose that initial disclosures required by Rule 26(a)(1) be made within fourteen (14) days after this Rule 26(f) conference, consistent with the Rule's requirements. No modifications to the timing, form, or requirements for initial disclosures are requested. The parties do not propose phased discovery.

    a.    The parties anticipate that discovery will be needed on the underlying transaction, vehicle provenance, Porsche expert testimony and opinions, damages expert testimony and calculations.

    b.    The Parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

    c.    The Parties propose that depositions be limited to one day of seven hours, as permitted by the Federal Rules of Civil Procedure. The Parties do not propose an overall limit on the total hours of deposition for each party.

19.    <u>Proposed Deadlines</u>: The Parties propose the following deadlines:

    a.    <u>Discovery Deadline</u>: July 21, 2026.

    b.    <u>Initial Expert Disclosures</u>: April 21, 2026.

    c.    <u>Rebuttal Expert Disclosures</u>: May 21, 2026.

    d.    <u>Expert Depositions</u>: July 21, 2026.

e.   <u>Dispositive Motions (including Summary Judgment)</u>: August 28, 2026.

f.   <u>Case-specific Deadlines</u>: there are no case-specific deadlines that the parties propose.

g.   <u>Settlement Discussions</u>: July 21, 2026.

20.   <u>Case Management Conference</u>: The Parties request that the court issue a Rule 16(b) scheduling order incorporating the deadlines and provisions outlined in this report. The parties are contemporaneously filing a Joint Proposed Rule 16 Case Management Order herewith.

RUSING LOPEZ & LIZARDI, P.L.L.C.

*/s/ Daniel B. Bernardone*
Daniel B. Bernardone
Aaron R. Clark
*Attorneys for Plaintiff*

SILENCE LAW GROUP, PLLC

*/s/ Trevor Cook (With Permission)*
Jeff Silence
Trevor Cook
*Attorneys for Defendant*

37049242.1