**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br><br>                   Plaintiff,<br><br>        v.<br><br>Tony Samojen,<br><br>                   Defendant. | Case No.  3:25-CV-08174-SPL<br><br>**JOINT MOTION FOR DISCOVERY DISPUTE RESOLUTION**<br><br>(Hon. Steven Paul Logan) |

The Parties jointly move the court to resolve a discovery dispute. Defendant seeks a court order permitting a second inspection of vehicles and parts already inspected by Defendant's prior expert for the same purpose.

**Defendant's Position.** Plaintiff alleges misrepresentation and related claims against Defendant in the exchange of one Plaintiff vehicle and cash for two of Defendant's vehicles and racing parts. Damages are an essential element of the claims.

A Defendant expert inspected the vehicles and parts in Plaintiff's possession on March 24, 2026. Shortly thereafter, the expert notified Defendant he was unable to provide the expert services he had previously agreed to provide. Defendant immediately engaged a new expert and served a new request for inspection, Doc. 42. Defendant planned to complete the new inspection in time to meet stipulated expert disclosure deadlines, *see* Doc. 46 (granting stipulation). But Plaintiff refused to allow the inspection, expressing a

SILENCE LAW GROUP

worry about "gamesmanship" and suggesting permission only on condition of discovery of the original expert—even though that expert made clear he is unable to proceed—and cost-shifting.

"De-designation" is not at issue here because neither party has designated any testifying experts by disclosure under Rule 26(a)(2). Even if it were, Plaintiff's requested discovery of the expert fails the Rule 403 balancing test this Court used in *In re Bard IVC Filters . . .*, 2018 WL 11445967 (D. Ariz. March 9, 2018); *see also House v. Combined Ins. Co.*, 168 F.R.D. 236 (N.D. Iowa 1996) (cited in *Bard*, comparing and analyzing courts' handling of discovery of de-designated experts and applying discretionary balancing).

The value and condition of each party's vehicles and the racing parts is critical to the issue of damages, which is foundational to one of Defendant's primary defenses: that even if there was a misrepresentation, Plaintiff did not suffer any damages. As a result, the value of the items and nature of the exchange is *the* issue at stake in this action. Defendant's expert cannot provide expert testimony on the value of the items exchanged without being able to do an inspection. The burden and expense of the inspection largely falls on Defendant; the only burden on Plaintiff is to have someone present to facilitate the inspection, which need not personally include Plaintiff or his counsel. Defendant seeks a court order allowing his expert to conduct an inspection of the vehicles and parts at issue.

**Plaintiff's Position.** A request to inspect property "is subject to more limitations than … a request for production of documents." *Lopez v. United States*, 2016 WL 11771115, at *3 (S.D. Cal. Sept. 30, 2016) (denying second request for inspection). Courts have expressed "concern[] that allowing de-designation" of a testifying expert "would encourage unfair gamesmanship" and the concern is heightened when there is "no explanation" for de-designation. *See Sec. & Exch. Comm'n v. Penn*, 2018 WL 11319021, at *2 (S.D.N.Y. Apr. 18, 2018). "[T]he logical inference is that the documents are highly relevant to the core issues in this dispute and highly unhelpful to their case." *See Id.* (ordering the production of documents provided to expert prior to de-designation).

SILENCE LAW GROUP

Before deciding whether to permit a second inspection, Plaintiff asked Defendant for more information. Plaintiff asked why Defendant's original expert was unable to complete his appraisal. Initially, Defendant said the original expert was a consultant who was never disclosed as a testifying expert and Defendant was not required to disclose any information. Plaintiff asked when Defendant decided the original expert would be a consultant, and Defendant confirmed he was intended to be a testifying expert at the time of the March 24, 2026 inspection ("First Inspection"). Defendant then claimed that this expert only "became unavailable" after the First Inspection. When asked why, Defendant opted not to explain. On April 28, Plaintiff received a letter from Defendant's original expert. He wrote: "I have decided to recuse myself from this assignment. I have decided I could not remain entirely objective[.] … An appraiser must confirm a car's original configuration with hard evidence and match its provenance to actual history." Provenance and history of the vehicle in question is critical because this action arises from the sale of a vehicle that Defendant falsely represented to be a rare and valuable 1970 Porsche 914/6 R.

Another issue is burden. Plaintiff James Edwards is spending considerable time in Montana. A second inspection would likely require him to travel back to Arizona, incurring travel expense. And given the gamesmanship concerns identified above, Plaintiff's lead counsel out of Chicago would plan to attend any second inspection, incurring both legal fees and travel expense.

The issue for the court to decide now is this: Whether a party may undertake as many inspections as they want, with as many experts as they want, until they find an expert willing to give them the opinion they want – all while shielding their prior experts from discovery by designating them as "consulting experts" after the fact. Plaintiff's position is that a second inspection should not be permitted. Alternatively, if a second inspection is permitted, Plaintiff respectfully requests that Defendant be ordered to (1) produce the original expert for deposition regarding the First Inspection and (2) cover legal fees and travel expenses associated with the second inspection.

3

**Meet and Confer Certificate**

The parties certify that they have met and conferred by telephone under LRCiv 7.2(j), and they were unable to resolve their dispute.


DATED this 30th day of April, 2026.


**McDonald Hopkins LLC**                    **Silence Law Group PLLC**


*/s/  Michael Croghan (with permission)*      */s/ Trevor Cook*
Daniel Bernardone                            Jeffrey Silence
Michael Croghan                              Trevor Cook
Rachel Dudley
Patric O'Meara                               *Attorneys for Defendant*

*Attorneys for Plaintiff*

4