**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

SILENCE LAW GROUP

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards,<br><br>                    Plaintiff,<br><br>        v.<br><br>Tony Samojen,<br><br>                    Defendant. | Case No.  3:25-CV-08174-SPL<br><br>**DEFENDANT'S RULE 16 MOTION TO AMEND CASE MANAGEMENT ORDER**<br><br>(Second Request)<br><br>(Hon. Steven Paul Logan) |

Contingent on the outcome of the pending discovery dispute in this case, Defendant moves the Court to amend the case management order by extending the expert disclosure deadlines and their dependent deadlines by an amount calculated to cure the prejudice caused by Plaintiff's refusal to allow Defendant's expert to inspect items at issue in this case. Plaintiff objects to this motion.

**I.    Facts**

Plaintiff alleges misrepresentation and related claims against Defendant in the exchange of one Plaintiff vehicle and cash for two of Defendant's vehicles and racing parts. Damages are an essential element of the claims.

Defendant engaged an expert to inspect the vehicles and racing parts in Plaintiff's possession on March 24, 2026, to assess their value. Shortly thereafter, the expert notified Defendant he was unable to provide the expert services he had previously agreed to

SILENCE LAW GROUP

provide. Defendant immediately sought a new expert, engaged one on approximately April 14, 2026, and served a new request for inspection the next day, Doc. 42. Defendant planned to complete the new inspection in time to meet the May 21, 2026, stipulated expert disclosure deadline, *see* Doc. 46 (granting stipulation). But Plaintiff refused to allow the inspection. The Parties initiated a discovery dispute and filed their Joint Motion for Discovery Dispute Resolution on April 30, 2026.

Defendant and his expert are preparing to meet the current expert disclosure deadline with the documents and information available to them, but the inability to inspect the vehicles and racing parts in Plaintiff's possession hampers the expert's ability to value the items properly and prevents both Plaintiff and his expert from knowing the items' current condition.

## II.   Standard: Good Cause

This Court has broad discretion to modify scheduling orders for good cause. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) ("The district court is given broad discretion in supervising the pretrial phase of litigation, . . . ."). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

## III.   Argument

This Court may grant the modification to the expert disclosure deadline and its subordinate deadlines as requested in this motion because Defendant cannot meet the deadline despite his diligence. Defendant engaged a new expert as soon as his original expert withdrew, obtained a reasonable extension to the disclosure deadline, and prepared to meet it. After Plaintiff refused to allow the new expert to inspect the disputed items in Plaintiff's possession, Defendant initiated the discovery dispute now pending with the Court and is preparing with his expert to make a timely disclosure based only on documents and Defendant's memory of the items' condition.

Ordinarily, Defendant would wait for the Court's ruling on the pending dispute before seeking an extension of the expert disclosure deadline—if it were even necessary. Here, however, the expert disclosure deadline is approximately one week away, and the Court has not yet set a hearing on the discovery dispute. If the Court orders Plaintiff to allow the inspection, then Defendant will have no way to comply with the expert disclosure deadline, or its subordinate deadlines, despite his own diligence. Defendant, therefore, requests that the Court grant this motion if it rules in the pending discovery dispute that Plaintiff must allow inspection.

The amended deadlines in the attached proposed order are not arbitrary. The deadlines to complete the inspection and make expert disclosures are calculated to be a reasonable amount of time to schedule the inspection and complete the expert report. The extensions to the subordinate deadlines preserve the time intervals between them on the existing scheduling order, and no non-subordinate deadlines are affected. Defendant seeks these extensions only to cure the prejudice against his defense caused by Plaintiff's refusal to allow inspection, not to delay the case or expand discovery.

## IV.     Conclusion

If the Court rules in the pending discovery dispute that Plaintiff must allow Defendant's expert to inspect the disputed items in Plaintiff's possession, then Defendant will be unable to meet the current expert disclosure deadline, despite his diligence. Thus, contingent on that outcome, the Court should grant this motion and enter the proposed order. Judicial economy will be best served and the existing schedule of this case best preserved if the Court rules on this motion concurrently with or shortly after the pending discovery dispute.

RESPECTFULLY SUBMITTED this 14th day of May, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook

*Attorneys for Defendant*