**Rusing Lopez Lizardi & Saffer, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllsaz.com
aclark@rllsaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
McDonald Hopkins LLC
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards, | Case No. 3:25-cv-08174-SPL |
| Plaintiff, | **RESPONSE TO DEFENDANT'S MOTION TO EXTEND EXPERT DEADLINES** |
| vs. | |
| Tony Samojen, | |
| Defendant. | |

Defendant moves to extend various case management order deadlines by 30–45 days "contingent on the outcome of the pending discovery dispute" ("**Motion**"). (**Doc. 48**.) Defendant acknowledges that its Motion is premature, but explains that next week's expert

deadline is an exigency justifying this request—Defendant writes: "Ordinarily, Defendant would wait for the Court's ruling on the pending dispute before seeking an extension of the expert disclosure deadline—if it were even necessary. Here, however, the expert disclosure deadline is approximately one week away, and the Court has not yet set a hearing on the discovery dispute." (**Doc. 48** at 1–4.)

To address Defendant's specific concern about that expert deadline, Plaintiff's counsel offered to stipulate to a two-week extension of that expert deadline. That extension would eliminate the exigency regardless of how the Court ruled on the discovery dispute. If the Court disallows a second inspection, then the existing case management deadlines would still be appropriate and adhere to the Court's advisement that the deadlines are real: "The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly." (Case Management Order, **Doc. 22** at 8:1–3.) And if the Court allows a second inspection, then Defendant could make a ripe request to extend these deadlines (although Defendant would still oppose as these proposed 30–45-day extensions are too long). So, Defendant's refusal to stipulate to a two-week extension of its *own* expert deadline belies its purported concern about that upcoming deadline justifying its Motion.[1] The opportunity to eliminate the exigency is at Defendant's feet, but Defendant's will not take it.

In its three-page Motion, Defendant seizes the opportunity to further argue and contextualize its position in the Joint Statement of Discovery Dispute, effectively enlarging the court-imposed space to argue its position in the discovery dispute. (*See* Order Allowing Joint Statement of Discovery Dispute, **Doc. 45** ("Any Joint Motion shall not exceed three (3) pages in length."); Joint Statement of Discovery Dispute, **Doc. 47** (at exactly the three-

---

[1] Parenthetically, Plaintiff reminds the Court that Plaintiff already stipulated to extend this deadline at Defendant's request once before, and the Court already granted that extension. (**Doc. 46**.) Plaintiff made that prior stipulation as a professional courtesy to Defendant. Defendant now refuses to accept another professional courtesy offered by Plaintiff.

page limit).) Just as much as Defendant's Motion is improper for being premature, it is also improper for violating the Court's page limits on the discovery dispute. Defendant could have made this request by simply citing their position in the joint statement of discovery dispute; instead, Defendant added new argument on the matter. Plaintiff will respect the Court's page limits on discovery disputes, and Plaintiff simply refers the Court back to its own portion of the Joint Statement of Discovery Dispute. (**Doc. 47** at 2:20–3:28.) Plaintiff asks that, if the Court is inclined to consider Defendant's new argument, that Plaintiff be given an opportunity to substantively respond in the same space.

For the foregoing reasons, Plaintiff objects to Defendant's Motion as premature, not ripe, and not supported by good cause, and Plaintiff respectfully requests that the Court deny the Motion. Defendant still offers to stipulate to the two-week extension on next week's expert deadline.

DATED this 15th day of May 2025.

RUSING LOPEZ LIZARDI & SAFFER, P.L.L.C.

*/s/ Daniel B. Bernardone*
Daniel B. Bernardone
Aaron R. Clark
*Attorneys for Plaintiffs*