**Silence Law Group, PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards,<br><br>                    Plaintiff,<br><br>        v.<br><br>Tony Samojen,<br><br>                    Defendant. | Case No.  3:25-CV-08174-SPL<br><br>**MOTION FOR ORDER TO SHOW CAUSE**<br><br>(Hon. Steven Paul Logan) |

SILENCE LAW GROUP

    Defendant Tony Samojen moves under Federal Rule of Procedure 45(g) for an order directing non-party J. E. Patrick Motorsports, Ltd., to show cause why it should not be held in contempt for ignoring a validly served subpoena for documents. Samojen seeks his reasonable expenses in bringing this motion.

## I.    Facts

    On May 11, 2026, Samojen served on Patrick Motorsports a subpoena under Rule 45 commanding production of documents showing Patrick Motorsports's work on the vehicles at issue in this litigation. Ex. A-2 (affidavit of service).

    The subpoena designated compliance by electronic means or at a place in Tempe, Arizona, within 100 miles of Patrick Motorsports' place of business. Ex. A-1 (subpoena). Before service, Samojen served notice and a copy of the subpoena on all parties as required by Rule 45(a)(4). *See* Ex. A at 1 ¶ 9; Doc. 49.

SILENCE LAW GROUP

The subpoena set a compliance date of May 28, 2026, allowing 17 days to respond after service. Patrick Motorsports did not produce documents, serve written objections under Rule 45(d)(2)(B), or move to quash under Rule 45(d)(3). Ex. A at 1 ¶¶ 10–11. After the compliance date passed, counsel contacted Patrick Motorsports by email, through its website contact form, and telephone to try to obtain compliance. Ex. A at 1–2 ¶¶ 12–14. Counsel attached to the email copies of the subpoena and the affidavit of service, noted the passage of the compliance date with no response, and asked Patrick Motorsports to state its intentions. Ex. A-4 (email). Patrick Motorsports acknowledged it had not produced any documents in response to the subpoena, said it had already produced relevant invoices through Plaintiff's counsel, and said it not know why the other requested documents were necessary or how it would produce them. Ex. A at 2 ¶ 14. Because Patrick Motorsports gave no indication it intended to comply with the subpoena, *see id.*, Defendant filed this Motion.

## II.     Argument

Rule 45(g) provides that the court for the district where compliance is required "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g); *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (citing and discussing previous subsection of former Rule 45).

A person served with a subpoena has three options to respond: (1) comply, (2) serve an objection in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3). *In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). After it was served, Patrick Motorsports did nothing.

By failing to serve timely written objections or move to quash, Patrick Motorsports waived any objection to the subpoena. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also Reed v. Trinity Services Grp. Inc.*, No. CV 21-00016 PHX JAT (CDB), 2022 WL 21756603, at *2 (D. Ariz. July 8, 2022) (example of this court noting same general standard).

Patrick Motorsports must have an opportunity to show whether adequate excuse exists for its noncompliance before the Court may find it in contempt for failing to produce documents in response to the subpoena. *See Fremont Energy Corp. v. Seattle Post Intelligencer*, 688 F.2d 1285, 1287 (9th Cir. 1982). Therefore, Defendant requests that similarly to its disposition of the matter in *Reed v. Trinity Servs. Grp. Inc.*, No. CV 21-00016 PHX JAT (CDB) 2022 WL 21756603 (D. Ariz. July 8, 2022), the Court order Patrick Motorsports a time certain within which it must either show cause why it should not be held in contempt and sanctioned for its refusal to comply with the subpoena or else produce the requested documents to Defendant, after which deadline, if neither condition is satisfied, the Court will direct Patrick Motorsport's personal appearance to show cause why it should not be held in contempt and have sanctions imposed.

Finally, "even in the absence of statutory authority, a court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices." *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994). Patrick Motorsports' nonresponse to the subpoena forced Samojen to expend fees attempting to secure voluntary compliance and then to bring this motion. The Court's authority to enforce its own process supports an award of the reasonable expenses caused by that noncompliance.

**III.    Conclusion**

The Court should grant this Motion and order that, within a time certain, Patrick Motorsports must either show cause why it should not be held in contempt under Rule 45(g) or produce all documents responsive to the subpoena. The Court should further order that if neither condition is met within the time given, Patrick Motorsports shall personally appear before the Court and show cause why it should not be held in contempt of court and appropriate sanctions imposed. A proposed order is attached.

SILENCE LAW GROUP

RESPECTFULLY SUBMITTED this 1st day of June, 2026.

**Silence Law Group, PLLC**

*/s/ Trevor Cook*
Jeffrey Silence
Trevor Cook

*Attorneys for Defendant*

4