**EXHIBIT INDEX**

DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE


**Exhibit A**          **Declaration of Trevor Cook**

                       A-1 Subpoena of J. E. Patrick Motorsports, Ltd.

                       A-2 Affidavit of Service

                       A-3 Email to Patrick Motorsports

# EXHIBIT A

**Silence Law Group, PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards, | Case No.  3:25-CV-08174-SPL |
| Plaintiff, | |
| v. | **DECLARATION IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE** |
| Tony Samojen, | |
| Defendant. | (Hon. Steven Paul Logan) |

SILENCE LAW GROUP

I, Trevor Cook, state as follows:

1.     I am over the age of 18 and competent to make the statements in this declaration.

2.     I am an attorney at Silence Law Group PLLC and a counsel of record for Defendant Tony Samojen in this action.

3.     I make this declaration in support of Defendant's Motion for Order to Show Cause with which this declaration is filed.

4.     This declaration is based on my personal knowledge of the facts stated here, except those stated on information and belief, which I believe to be true.

5.     Accordingly, I can testify of the facts stated herein if called as a witness.

6.     On May 11, 2026, I caused a subpoena under Federal Rule of Civil Procedure 45 to be issued and served on non-party J. E. Patrick Motorsports, Ltd.,

SILENCE LAW GROUP

commanding the production of documents showing Patrick Motorsports's work on the vehicles at issue in this litigation. A true and correct copy of the subpoena is attached as Exhibit 1.

7. The subpoena designated a place of compliance in Phoenix, Arizona, within 100 miles of Patrick Motorsports' place of business at 4114 East Washington Street, Phoenix, AZ 85034. It set a compliance date of May 28, 2026.

8. Patrick Motorsports was personally served on May 11, 2026, through its registered statutory agent. A true and correct copy of the affidavit of service is attached as Exhibit 2.

9. Before serving the subpoena, I served notice and a copy of it on all parties as required by Rule 45(a)(4). *See* Doc. 49.

10. The 14-day period for serving written objections under Rule 45(d)(2)(B) has passed. Patrick Motorsports served no written objection and filed no motion to quash or modify under Rule 45(d)(3).

11. The compliance date has passed. As of the date of this declaration, Patrick Motorsports has produced no documents responsive to the subpoena. Before my phone call, described below, Patrick Motorsports did not contact me to ask about the subpoena or discuss the burden of production.

12. After the compliance date, I attempted to obtain compliance without court action. On May 29, 2026, I contacted Patrick Motorsports by the form on its website and email to the address listed on its website at sales@patrickmotorsports.com. I attached to the email copies of the subpoena and the affidavit of service and requested that Patrick Motorsports state whether it intended to comply. A true and correct copy of the email is attached as Exhibit 3.

13. On that same day after sending the website form response and email, I called the phone number on Patrick Motorsports's website, 602-244-0911, and spoke with a man who identified himself as James E. Patrick, the owner of Patrick Motorsports. I referred him to the email I had just sent and the attached subpoena.

2

14. Mr. Patrick confirmed that Patrick Motorsports had not produced any documents in response to the subpoena, said that Patrick Motorsports had already produced relevant invoices through Plaintiff's counsel, and said he did not know why the other requested documents were necessary or how he would produce them. He did not indicate Patrick Motorsports had any intent to comply with the subpoena.

15. As a result of Patrick Motorsports' failure to comply, Defendant has incurred attorneys' fees and costs in seeking compliance and preparing and filing this Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 1, 2026.

**Silence Law Group, PLLC**

/s/ Trevor Cook
Jeffrey Silence
Trevor Cook

*Attorneys for Defendant*

3

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | | |
|---|---|---|
| James Edwards | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:25-CV-08174 |
| Tony Samojen | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          J. E. Patrick Motorsports, Ltd.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **Please see Exhibit A, attached.**

| Place: Silence Law Group, 60 E Rio Salado Parkway, Ste 900, Tempe, AZ 85281, or by electronic transmission to trevor@silencelaw.com | Date and Time:<br><br>05/28/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/11/2026

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Tony Samojen _____, who issues or requests this subpoena, are:

Trevor Cook, 60 E. Rio Salado Parkway, Ste 900, Tempe, AZ 85281, trevor@silencelaw.com, 602-932-5868

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:25-CV-08174

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Definitions**

1.      "You" or "Patrick Motorsports" refers to the entity responding to this subpoena and its partners, employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any person acting on behalf of the entity.

2.      A "document" is any physical or electronic recording of information stored in any medium from which the information can be obtained directly or after translation by you into a reasonably usable form. Some examples of "documents" are writings, drawings, graphs, charts, photographs, sound recording, images, text messages, emails, physical or electronic reports, and computer files in any format—regardless of whether they are stored locally, on the cloud, in external devices, or elsewhere. For simplicity, "document" comprehends both traditional physical documents and electronically stored information.

3.      "Communication" means any exchange of information between you and others, including verbal conversations and messages sent by email, phone, chat applications, shared drives, or meetings memorialized in writing or recordings.

4.      "Record of communication" means any document that serves as the medium of a communication or that otherwise records or memorializes the communication. Records of communications may include, for example, handwritten notes of conversations, text messages, emails, social media messages, etc.

5.      "Samojen Porsches" refers to two Porsches James Edwards purchased from Tony Samojen in 2021, the 1970 Porsche 914/6 with chassis number 914 043 0011 and the 1970 Porsche 914/6 with chassis number 914 043 1543, together with any engine, transmission, chassis, body panel, part, component, or sub-assembly that is or was installed on, removed from, or sourced for or from either vehicle.

6.      "Porsche 0705" refers to the 1970 914/6 R with chassis number 914 043 0705.

**SILENCE LAW GROUP**

**<u>Materials To Be Produced</u>**

1.  All work orders, repair orders, service orders, job tickets, shop tickets, mechanic logs, and build sheets relating to the Samojen Porsches and Porsche 0705 created on or since November 1, 2021.

2.  All invoices, estimates, quotes, proposals, and billing statements you issued on or since November 1, 2021, relating to the Samojen Porsches and Porsche 0705.

3.  All payment records for any services performed on or since November 1, 2021, on or related to the Samojen Porsches.

4.  All purchase orders, parts orders, vendor invoices, packing slips, and shipping records for any parts, components, materials, fluids, paint, upholstery, or services you obtained on or since November 1, 2021, for use on the Samojen Porsches.

5.  All inspection reports, condition reports, pre-purchase inspections, post-work inspections, and acceptance reports relating to the Samojen Porsches or Porsche 0705 on or after November 1, 2021.

6.  All photographs, audio or video recordings, digital images, or text content you have created on or since November 1, 2021, depicting or referring to any of the Samojen Porsches and Porsche 0705, including images taken before, during, and after any work; marketing or social-media images, video, audio, and posts; any images shared with customers, vendors, appraisers, auction houses, or any third party; and content in any medium whether or not published or shared with a third party.

7.  All technical and fabrication documentation relating to the Samojen Porsches and any vehicles into which any of the Samojen Porsches' engines, transmissions, chassis, body panels, parts, components, or sub-assemblies were installed, including engine build sheets, transmission build sheets, dyno sheets (engine and chassis), corner-balance sheets, alignment records, suspension setup records, paint records, body-shop records, and upholstery records.

2

SILENCE LAW GROUP

8. All authentication, provenance, and historical-research documents relating to the Samojen Porsches in your possession, such as (but not limited to) Porsche Certificates of Authenticity, factory build records, KARDEX, correspondence requesting or about a certificate of authenticity, FIA papers, race logbooks, race entries, race results, period-correctness assessments, and chassis history files.

9. All documents describing, characterizing, or commenting on the configuration, originality, authenticity, modification, alteration, conversion, or restoration of the Samojen Porsches and any of their components.

10. All storage, transport, shipping, and chain-of-custody documents reflecting movement of the Samojen Porsches—or any engine, transmission, part, or component of them—into, within, or out of your possession, custody, or control, including bills of lading, carrier receipts, transport company invoices, and internal facility logs.

11. All appraisal, valuation, market estimate, insurance valuation, agreed-value endorsement, sale-price discussion, and consignment-estimate documents in your possession, custody, or control created on or after November 1, 2021, and concerning any of the Samojen Porsches or Porsche 0705, including any document you created internally and any document a third party (such as but not limited to James Edwards, any insurer, any appraiser, any auction house, or any prospective buyer) provided to you.

12. All documents related to the sale, transfer, consignment, listing, or attempted sale of any of the Samojen Porsches or Porsche 0705 or of any other vehicle into which any engine, transmission, or component of either of the Samojen Porsches has been installed.

13. All records of communications between you and James Edwards relating to the Samojen Porsches and, on or after November 1, 2021, Porsche 0705.

14. All records of communications between you and any other person or entity relating to the Samojen Porsches and, on or after November 1, 2021, Porsche 0705.

3

15. All records of internal communications within Patrick Motorsports relating to the Samojen Porsches and, on or after November 1, 2021, Porsche 0705, including emails, text messages, voicemails, handwritten notes, shop-floor notes, and messaging on platforms used by your personnel (Slack, WhatsApp, Signal, Microsoft Teams, and the like).

**Form of Production**

Documents are to be produced in their native electronic formats, including .msg or .pst files for emails. Text messages are to be produced in an exported log format clearly indicating the sender, recipient, and time sent of each message, such as those created by Decipher TextMessage (Apple) or MobiKin Doctor (Android). Hard copy documents may be produced electronically as complete scans in .pdf format or in hard copy at or before the designated time of production by arrangement with trevor@silencelaw.com.

SILENCE LAW GROUP

4

# Exhibit 2

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter
Account   # 1323
Invoice   # 168837
Liddy     # 522697-1

**UNITED STATES DISTRICT COURT, STATE OF ARIZONA**
**401 W. Washington Street, Ste 130, SPC 1, Phoenix, AZ 85003**

James Edwards,

Plaintiff(s) / Petitioner(s),

vs

Tony Samojen,

Defendant(s) / Respondent(s).

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
**Case No. 3:25-CV-08174**

ORIGINAL

**ENTITY/PERSON TO BE SERVED:** J. E. Patrick Motorsports, Ltd. c/o Margo Allen, Statutory Agent

**PLACE OF SERVICE:**      Watland & Allen PLLC, 393 E Palm Lane, Phoenix, AZ, 85004

**DATE OF SERVICE:** On the ___11th___ day of ___May___, 2026 at ___2:55___ PM     County ___Maricopa___

☐ PERSONAL SERVICE  ☒  Left a copy with a person authorized to accept service.   ☐   At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**      Served on Margo Allen, Statutory Agent.

on ___05/11/2026___ we received the following documents for service:

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
Date and Time of Appearance/Production

**Received from SILENCE LAW GROUP, ( Trevor Cook #037952 )**

PROCESS SERVER: Colton Joralmon #8743

**The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.**

SIGNATURE OF PROCESS SERVER: _____      Date: 5/12/2026

| Item | Amount |
|---|---|
| Service of Process | $22.00 |
| Minimum Mileage | $40.00 |
| Copies | $3.50 |
| Doc. Prep Fee | $15.00 |

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Total     $80.50

# Exhibit 3

## Trevor Cook

**From:** Trevor Cook
**Sent:** Friday, May 29, 2026 12:38 PM
**To:** 'sales@patrickmotorsports.com'
**Cc:** Jeffrey Silence
**Subject:** Subpoena Compliance
**Attachments:** 20260511 Patrick Motorsports.pdf; 20260511 Patrick Motorsports Aff.pdf; 20260529 DRAFT OSC PMotorsports.pdf

Dear Patrick Motorsports,

A subpoena for the production of documents issued out of the United States District Court for the District of Arizona was served on J. E. Patrick Motorsports, Ltd., on May 11, 2026, at 2:55 p.m., through your registered statutory agent. Copies of the subpoena packet and affidavit of service are attached.

The production deadline passed yesterday evening, and you have made no production. Not only have you not produced the required documents, you have not contacted me for any reason, whether to state an objection, seek clarification about the items sought, or discuss how your burden of production might be reduced.

I plan to file the attached Motion to Show Cause and Compel Production on Tuesday. Please give me a call today or Monday to discuss.

Thanks,
Trevor

Trevor Cook
Silence Law Group PLLC
20235 N. Cave Creek Rd Ste 104 # 460
Phoenix, AZ 85024
trevor@silencelaw.com
602-932-5868

1