**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

SILENCE LAW GROUP

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

James Edwards,

               Plaintiff,

    v.

Tony Samojen,

               Defendant.

Case No.  3:25-CV-08174-SPL

**JOINT MOTION FOR DISCOVERY DISPUTE RESOLUTION**

(Hon. Steven Paul Logan)

    The Parties jointly move the court to resolve a discovery dispute. Plaintiff alleges misrepresentation and related claims against Defendant in the exchange of one Plaintiff vehicle and cash for two of Defendant's vehicles and racing parts. Plaintiff seeks the quashing of the subpoena for documents of Harvey Falkenstine based on work-product protection and privilege grounds. Defendant disputes any of the requested discovery is protected or privileged.

    **Defendant's Position.** Defendant engaged Harvey Falkenstine as an expert to inspect the vehicles and parts in Plaintiff's possession on March 24, 2026. Shortly thereafter, Falkenstine notified Defendant he was unable to provide the expert services he had previously agreed to provide. Plaintiff has subpoenaed Falkenstine to produce "[a]ll notes, photographs, and documents from the Inspection" and "[a]ll communications with [Defendant], his counsel, or any other individual regarding the Inspection, the results of

SILENCE LAW GROUP

the Inspection, and your withdrawal from providing services for [Defendant]." All these documents are work product protected by Rule 26(b)(4)(D) or privileged communications between Defendant and counsel. No exception applies to the work product protection because the inspected items are all in Plaintiff's possession and accessible to his own experts.

"De-designation" is not at issue here because Falkenstine was never disclosed as a testifying expert under Rule 26(a)(2). Even if it were, Plaintiff's requested discovery of the expert fails the Rule 403 balancing test this Court used in *In re Bard . . .*, No. CV-16-00474-PHX-DGC, 2018 WL 11445967 (D. Ariz. March 9, 2018); *see also House v. Combined Ins. Co.*, 168 F.R.D. 236 (N.D. Iowa 1996) (cited in *Bard*, comparing and analyzing courts' handling of discovery of de-designated experts and applying discretionary balancing).

In candid conferral, Defense counsel told Plaintiff's counsel that Falkenstine was originally intended to testify. But that statement has no bearing on Falkenstine's designation as a testifying or consulting expert because that late April conversation took place weeks after Falkenstine withdrew, when he *could not* be expected to testify at trial and so fell under Rule 26(b)(4)(D). In distinguishing situations inside and outside that rule, the *House* court reasoned that "[p]arties should be encouraged to consult experts to formulate their own cases, to discard those experts for any reason, and to place them beyond the reach of an opposing party, *if* they have never indicated an intention to use the expert at trial." *House*, 168 F.R.D. at 245. Defendant had never indicated an intention to use Falkenstine at trial while that was possible, so Plaintiff should not be able to reach Falkenstine.

**Plaintiff's Position.** Pursuant to Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery under a Rule 45 subpoena is the same as Rule 26. *Lewin v. Nackard Bottling Co.*, 2010 WL 4607402, at *1 n.1 (D. Ariz. Nov. 4, 2010). Defendant argues Falkenstine's materials are protected under Rule 26(b)(4)(D), but that rule only protects

2

SILENCE LAW GROUP

consulting experts who are "not expected to be called as a witness at trial." Defense counsel has conceded that Falkenstine was intended to be a testifying expert at the time of the March 24, 2026 inspection. Falkenstine later determined he could not serve as a testifying expert. After withdrawing, he sent an unsolicited letter to Plaintiff stating: "I realized I could not remain entirely objective. . . . An appraiser must confirm a car's original configuration with hard evidence and match its provenance to actual history." *See* Letter, **Exhibit A**. The defense then retroactively cast Falkenstine as a "consulting expert." This was not because Falkenstine was actually a consulting expert; rather, it was solely done to block discovery from him under Rule 26(b)(4)(D).

As the party asserting the privilege, the defense bears the burden of establishing that the consulting-expert privilege applies. *See U.S. Inspection Srvs. V. NL Engineered Solutions, LLC*, 268 F.R.D. 614, 617–18 (D. Cal. July 12, 2010). The defense fails to meet its burden. Falkenstine is one thing and one thing only: A withdrawn trial expert. He was retained to conduct an inspection and testify at trial. Only *after* he withdrew did the defense characterize him as a consulting expert. Falkenstine is not doing any consulting given his withdrawal. Further, by communicating his observations and conclusions to Plaintiff, Falkenstine put his work at issue. Falkenstine is a third party with relevant information. Allowing privilege to be applied *post hoc* serves to allow litigants to cycle through experts for favorable opinions, which does not further the purpose of the privilege.

Defendant's reliance on *In re Bard* is misplaced. The Court in *Bard* addressed whether withdrawn expert testimony could be used at trial – not whether discovery should be permitted. The Court is not yet at that juncture. Notably, *Bard* actually supports Plaintiff's position: the court held that plaintiffs could use portions of the withdrawn experts' depositions that support their case. The only limitation was that plaintiffs could not disclose to the jury that the experts were originally retained by defendants. The Court need not reach any trial admissibility question now; first, the parties must complete discovery.

3

**SILENCE LAW GROUP**

**Meet and Confer Certificate**

The parties certify that they have met and conferred by telephone under LRCiv 7.2(j), and they were unable to resolve their dispute.

DATED this 17th day of June, 2026.

| **McDonald Hopkins LLC** | **Silence Law Group PLLC** |
|---|---|
| */s/  Michael Croghan (with permission)* | */s/ Trevor Cook* |
| Daniel Bernardone | Jeffrey Silence |
| Michael Croghan | Trevor Cook |
| Rachel Dudley | |
| Patric O'Meara | *Attorneys for Defendant* |
| | |
| *Attorneys for Plaintiff* | |

4