**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Defendant*

**Rusing Lopez Lizardi & Saffer, PLLC**
Daniel Bernardone
DBernardone@rllsaz.com

**McDonald Hopkins LLC**
Michael Croghan
mcroghan@mcdonaldhopkins.com
Patrick O'Meara
pomeara@mcdonaldhopkins.com

*Attorneys for Plaintiff*

SILENCE LAW GROUP

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards,<br><br>            Plaintiff,<br><br>   v.<br><br>Tony Samojen,<br><br>            Defendant. | Case No.  3:25-CV-08174-SPL<br><br>**JOINT MOTION FOR DISCOVERY DISPUTE RESOLUTION: CHRIS SAMOJEN**<br><br>(Hon. Steven Paul Logan) |

SILENCE LAW GROUP

Pursuant to the Court's order, Doc. 65, the Parties jointly move the court to resolve a discovery dispute. Plaintiff seeks modification of a subpoena for documents of Chris Samojen based on work-product protection and privilege grounds. Defendant disputes any of the requested discovery is protected or privileged.

**Defendant's Position.** Defendant Tony Samojen owns carwashes, and his son Chris Samojen helps him manage the business. Chris similarly assists his father in other enterprises, including the acquisition and sale of collector vehicles, such as the disputed sale here. Chris increasingly assists his father as Tony transitions into retirement, and Tony leans on Chris's facility with technology and efficient written communication. Tony naturally relied on Chris as his agent to help respond to Plaintiff's pre-litigation demands and then to help obtain legal counsel after Plaintiff sued. Chris has been present for most communications of Defendant with his counsel and assists Defendant with all aspects of the litigation as his agent. Plaintiff's subpoena seeks in part "[a]ll [Chris's] communications with Defendant regarding [this lawsuit and the vehicle and sale disputed in it]."

Most all of Chris's recorded communications with Tony from 2025 on that are responsive to that request are protected under Fed. R. Civ. P. 26(b)(3)(A) as documents prepared in anticipation of litigation or for trial by Chris as Tony's representative agent. The rule protects items prepared by agents of parties, regardless of the individual or corporate form of the parties. When a court orders discovery of those under the hardship exception, it still must prevent disclosure of attorney mental impressions contained therein. *See* Rule 26(b)(3)(A)–(B). Plaintiff wrests key words in *ARA Inc.* to cite it for a proposition about the Rule that it does not support.

Further, all Chris's communications with Tony that include Tony's counsel or convey requests for legal advice from Tony and legal advice to him from counsel are privileged. Arizona privilege law applies to this case. *See* Fed. R. Evid. 501; *KL Grp. V. Case . . .*, 892 F.2d 909, 918 (9th Cir. 1987). Chris's presence on communications with Tony and his counsel would cause waivers except that his presence never indicated a lack

1

SILENCE LAW GROUP

of intent to keep the communication confidential. *See Accomazzo v. Kemp*, 319 P.3d 231, 235 ¶ 14 (Ariz. Ct. App. 2014). This court may apply the principles underlying the holdings in *Accomazzo*, *see id.* at 235–36 ¶ 15 (relevant holding involving adult child), to find no waiver under the different facts of this case, just as it did in the different facts of *LMW v. Arizona*, No. CV-22-0777, 2023 WL 6199713 (D. Ariz. Sept. 21, 2023) (also involving an adult third-party).

Defendant seeks modification of the subpoena by removal of Request No. 1 only to the extent it seeks privileged communications and protected work product. Chris is a critical fact witness. The protections and privileges Defendant—not Chris—asserts here do not shield from discovery Chris's communications with Tony during the years around the transaction underlying this suit or his testimony of relevant facts.

**Plaintiff's Position.** Chris Samojen is a material fact witness in this case, identified by both parties as a witness in their disclosures. Defendant cannot now shield this key witness from legitimate discovery by cloaking him in privileges that do not apply.

Pursuant to Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." As the proponent of privilege, Defendant bears the burden of establishing privilege. *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 548 (D. Ariz. 2002). Defendant cannot.

First, Tony Samojen is an individual, not a business entity. Thus, there is no presumed agency status as there would be if Tony were a corporation and Chris an employee of that corporation. *See* ARS 12-2234(B). Defendant's assertions that Chris assisted his father in other business matters are irrelevant to the analysis of whether privilege applies here to Tony *as an individual*.

Second, Defendant's non-waiver cases are inapposite. *Accomazzo*, 234 Ariz. 169, and *L.M.W.*, 2023 WL 6199713 both involved parents attending their children's attorney-client communications. Here, the roles are reversed: Chris is not Tony's minor child receiving legal services — Chris is an adult son whom Tony seeks to designate as his agent after the fact. Further, the parents in *Accomazzo* retained and paid the attorney and were

SILENCE LAW GROUP

assisting their daughter, who attested that she was unsophisticated and did not understand the gravity of the legal matter. More importantly, Chris is a material fact witness in this litigation, a distinguishing fact absent from any of Defendant's cited authorities.

Third, Defendant attempts to designate all documents and communications between Tony and Chris "in anticipation of litigation" as privileged, even when attorneys are not involved. Even reading *Accomazzo* and *L.M.W.* in the most generous light to Defendant, these cases do not create a privilege between an individual and a non-attorney third-party, nor do these cases create a privilege between a father and son. Plaintiff is unaware of any case in any jurisdiction that upholds such a privilege, and for good reason — to apply Defendant's logic would allow a party to a litigation to hide behind "agency" as a means to withhold production of relevant, responsive documents and avoid liability.

Fourth, the work product doctrine does not apply. Work product protection extends only to documents reflecting counsel's mental impressions and legal theories, not every communication between a party and a third-party witness. *See ARA Inc. v. City of Glendale*, 2018 WL 2688773, at *2 (D. Ariz. June 5, 2018). Moreover, a nonparty cannot assert work product protection. *See In re Cal. Pub. Util. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989). Chris Samojen is a nonparty to this action and cannot invoke this doctrine.

Anticipating this waiver of privilege, Defendant's counsel had Chris execute a power of attorney in April 2026. A power of attorney executed in April 2026 — months after this litigation commenced — cannot retroactively create privilege, especially where no privilege existed in the first place. This post-hoc documentation is a transparent attempt to manufacture privilege protection for a key fact witness. Plaintiff is entitled to discovery from this material fact witness. The Court should overrule Defendant's objections and compel production of all documents responsive to the subpoena. In the alternative, Plaintiff requests an *in camera* inspection of any alleged privileged documents or communications involving Chris.

**Meet and Confer Certificate**

The parties certify that they have met and conferred by telephone under LRCiv 7.2(j), and they were unable to resolve their dispute.


DATED this 26th day of June, 2026.


**McDonald Hopkins LLC**                          **Silence Law Group PLLC**


*/s/  Michael Croghan (with permission)*          */s/ Trevor Cook_____*
Daniel Bernardone                                 Jeffrey Silence
Michael Croghan                                   Trevor Cook
Patrick O'Meara

                                                  *Attorneys for Defendant*
*Attorneys for Plaintiff*

SILENCE LAW GROUP

4