**Rusing Lopez & Lizardi, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllaz.com
aclark@rllaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
Luca Giovine (ARDC #6337664)
Rachel Dudley (ARDC #6352864)
McDonald Hopkins LLC
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards, | Case No. 3:25-cv-08174-SPL |
| Plaintiff, | |
| vs. | **PLAINTIFF JAMES EDWARDS' MOTION TO COMPEL** |
| Tony Samojen, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(ii), Plaintiff James Edwards ("Edwards") hereby moves for an order compelling Harv Falkenstine ("Falkenstine") to respond to Plaintiff's subpoena for the production of documents and deposition testimony.  In support, Plaintiff states as follows:

### Background

Defendant Tony Samojen retained Harv Falkenstine as a testifying expert to inspect the vehicles at issue in this case, create an appraisal, and testify at trial regarding that appraisal. Consistent with this role, on March 24, 2026, Falkenstine inspected Porsche 0011, Porsche 1543, and the Porsche parts that Plaintiff purchased from Defendant. On April 18, 2026, Falkenstine wrote a letter to Plaintiff explaining that he withdrew from his position as Defendant's expert because "he could not remain entirely objective" and "[a]n appraiser must confirm a car's original configuration with hard evidence and match its provenance to actual history."

Following this letter, Plaintiff served Falkenstine with an amended subpoena to produce documents on June 16, 2026 and a subpoena to testify at a deposition on June 24, 2026. On June 26, 2026, Falkenstine sent Plaintiff's counsel a letter objecting to the subpoena to produce documents and explaining that "any attempt to compel [Falkenstine] to testify will not be productive or conducive to a positive outcome for either party."

### Legal Standard

"The scope of permissible discovery, sought by subpoena or otherwise, is ultimately governed by Rule 26(b), which permits the discovery of any non-privileged material relevant to the claim or defense of any party, even if inadmissible, as long as it

2

appears reasonably calculated to lead to the discovery of admissible evidence." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 532 (N.D. Cal. 2012) (internal quotations omitted). After the subpoenaed party objects to the subpoena, Rule 45 allows the party that issued the subpoena to "move the court for the district where compliance is required for an order compelling production[.]" Fed. R. Civ. P. 45(d)(2)(B)(ii).  While a nonparty "who is served with a subpoena suffers some discomfort by its very nature, such burden is not an *undue* one, and uncomfortableness, … cannot trump the paramount interest of seeking the truth in this case." *L.A. Idol Fashion, Inc. v. G&S Collection*, CV105645JFWJCGX, 2011 WL 13217298, at *2 (C.D. Cal. May 3, 2011).

### Argument

Plaintiff seeks a court order compelling Falkenstine to comply with the subpoenas by producing documents related to his inspection in this matter and sitting for his deposition.

Plaintiff subpoenaed documents and communications in Falkenstine's control that demonstrate Falkenstine's notes, photographs, and documents from his appraisal of Porsche 914/6 from 1970 (serial number 914 043 0011) ("Porsche 0011"), Porsche 914/6 from 1970 (serial number 914 043 1543) ("Porsche 1543"), and the Porsche parts. (*Subpoenas to Falkenstine attached as Group Exhibit A.*)  The values of these vehicles are central issues in this case where Plaintiff alleges Defendant committed fraud by representing that the Porsche 1543 was a 1970 914/6 R, which has significantly more value and prestige than a 1970 914/6. (Doc. 1.) Falkenstine raised three grounds for objecting to the subpoenas: (1) the Uniform Standards of Professional Appraisal Practice ("USPAP")

ethics rules prevent him from disclosing confidential information and assignment results to anyone other than the client, (2) the subpoena did not have the phone number and email address of the attorney Falkenstine was to respond to, and (3) there would be undue burden to produce the requested documents. (*June 26, 2026 Letter from Falkenstine attached as Exhibit B* at 2.) All of these objections are inapplicable and have no basis under the federal rules.

First, the USPAP ethics rules and ethics rules generally are not a recognized privileges under either Arizona or California law, and Falkenstine has no basis to withhold documents under this purported privilege. "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." *Mi Familia Vota v. Hobbs*, 682 F. Supp. 3d 769, 774–75 (D. Ariz. 2023). "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision**.**" Fed. R. Evid. 501. This is a diversity case brought under Arizona and California statutes and common law. (Doc. 1.) Arizona and California codify the evidentiary privileges that they recognize and neither state includes the privilege between an appraiser and his client. *See* A.R.S. §§12-2231–12-2251; California Evid. Code ch. 4, art. 3–11. Notwithstanding this clear principle, even if such a privilege exists (it does not), Falkenstine waived this privilege when he voluntarily sent Plaintiff a letter communicating his observations and conclusions from his March 24 inspection of the vehicles. (*April 18, 2026 Letter from Falkenstine attached as Exhibit C*.)

Second, Plaintiff's subpoenas complied with Rule 45 of the Federal Rules of Civil Procedure by providing Falkenstine with the court that issued it, the case number, and

commanding the production of documents or deposition testimony along with the means of recording the testimony. Fed. R. Civ. P. 45(a)(1). Contrary to Falkenstine's assertion, Rule 45 does not require Plaintiff to provide the phone number and email address of the subpoenaing attorney. *Id.* Even so, the subpoenas included the issuing attorney's name and the name and address of the law firm. (Ex. A at 1, 7.) This information is sufficient to allow Falkenstine to locate the phone number and email address that he sought with little burden, and Falkenstine's proffered reason for objection has no basis in law or logic.

Third, Falkenstine claims that producing his preparatory notes will cause undue burden under Rule 45(d)(3)(A)(iv) but provides no explanation of how the production of these documents would be burdensome. "[B]oiler plate objections that a request for discovery is overbroad and unduly burdensome ... are improper unless based on particularized facts." *Hall v. Marriott Int'l, Inc.*, 3:19-CV-01715-JLS-AHG, 2021 WL 1906464, at *10 (S.D. Cal. May 12, 2021). Here, Falkenstine "does not actually identify the number of documents at issue or attempt to substantiate, in anything other than conclusory and conditional terms" his undue burden objection. *Fed. Trade Comm'n v. Grand Canyon Educ. Inc.*, CV-23-02711-PHX-DWL, 2025 WL 721721, at *9 (D. Ariz. Mar. 6, 2025). As the Court concluded in *Grand Canyon*, Falkenstine's mere conclusory claim of undue burden does "not adequately substantiate [his] objection[] in a manner that would justify quashing the subpoena under Rule 45[.]" *Id.* Falkenstine's broad assertion of undue burden is nothing more than the general "discomfort" a nonparty receiving a subpoena experiences and "cannot trump the paramount interest of seeking the truth in this case." *L.A. Idol Fashion, Inc.*, CV105645JFWJCGX, 2011 WL 13217298, at *2.

Plaintiff's subpoena for documents already limited the scope of the subpoena to limit the burden on Falkenstine. The subpoena only requires disclosure of (1) his "notes, photographs, and documents from the [March 24, 2026] Inspection[,]" and (2) his communications with other individual related to the Inspection, the results of the Inspection, and his withdrawal from providing services. (Ex. A at 6.) Any low burden placed on Falkenstine to produce documents within under this narrow scope is outweighed by the highly relevant appraisal evidence. The vehicles he inspected are highly relevant to Plaintiff's allegations of fraud and both parties' damages theories. Falkenstine's withdrawal is also relevant as he informed Plaintiff that he withdrew in part because "[a]n appraiser must confirm a car's original configuration with hard evidence and match its provenance to actual history." (Ex. C.) This statement is highly relevant to the central issue in this case—the provenance of the Porsche 1543. Falkenstine's three objections to Plaintiff's subpoena for documents and testimony have no legal basis, especially under these circumstances where Falkenstine possesses highly relevant evidence.

## CONCLUSION

WHEREFORE, Plaintiff James Edwards respectfully requests that this Court enter an order compelling Harv Falkenstine to produce documents and sit for his deposition in response to Plaintiff's subpoenas.

Dated: This 20th day of July 2026

RUSING LOPEZ & LIZARDI, P.L.L.C.

/s/ *Daniel B. Bernardone (with permission)*
Daniel B. Bernardone
Aaron R. Clark

6

*Attorneys for Plaintiff*


MCDONALD HOPKINS LLC

/s/ *Luca Giovine*
Michael Croghan
Patrick O'Meara
Luca Giovine
*Attorneys for Plaintiff*
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed with this Court on this 20th day of July 2026 by emailing the document to:

Jeffrey Silence
Trevor Cook
Silence Law Group
20235 N. Cave Creek Rd. Ste. 104 # 460
Phoenix, AZ 85024
jeff@silencelaw.com
trevor@silencelaw.com
*Attorneys for Defendant*

By: /s/ *Luca Giovine*

8