# EXHIBIT B



## Auto Appraisal & Consulting Services

June 26, 2026

**VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED**

**To:**

Daniel B. Bernardone, Esq.

James Edward

Rusing Lopez & Lizardi, P.L.L.C.

7047 E. Greenway Parkway, Suite 1400

Scottsdale, Arizona 85254

**To (Copy Sent To):**

Michael Croghan, Esq.

McDonald Hopkins, LLC

300 North LaSalle Street, Suite 1400

Chicago, Ilinois 60654

**Re: Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises**

**Subpoena Date / Deadlines:** June 29, 2026 / July 8, 2026

**Matter:** Civil Action No. 3:25 – CV-08174-SPL

To Whom It May Concern,

I am writing to formally object to the subpoena for materials relating to the auto appraisal in the above-referenced matter. Pursuant to **Federal Rule of Civil Procedure 45(d)(2)(B)**, this timely written objection is being served upon you, thereby staying my obligation to produce the requested materials or permit inspection pending a court order.

My objections are based on the following specific legal, ethical, and procedural grounds:

www.autovaluation.net
5770 W. King Snake Drive
Tucson, AZ 85742
info@autovaluation.net
520.907.2296

1. **Confidentiality under USPAP Ethics Rules**
   The requested work files and notes are governed by the **Uniform Standards of Professional Appraisal Practice (USPAP) Confidentiality Rule** (part of the Ethics Rule). I was retained by my client, Tony Samojen. Despite my subsequent recusal from the appraisal assignment, I remain bound by strict professional compliance rules. USPAP strictly prohibits appraisers from disclosing confidential information or assignment results to anyone other than the client or parties specifically authorized by the client. Protecting this data is paramount to my professional standing.

2. **Procedural Defect (Lack of Contact Information)**
   The subpoena fails to comply with the standard procedural requirements of clarity and fairness. While it lists the name and physical address of the issuing attorneys (James Edward, Daniel B. Bernardone, and Rusing Lopez & Lizardi, P.L.L.C.), it **omits mandatory contact information**, specifically failing to provide a telephone number or email address for responding and forwarding the requested data files. This defect places an undue burden on the respondent trying to communicate or clarify the scope of the request.

Note: As a lay person, I am not even sure who exactly represents Mr. Jim Edwards and to which attorney I should respond with conflicting dates and instructions.

3. **Undue Burden and Protection of Preparatory Notes**
   To the extent that the subpoena demands proprietary notes, mental impressions, and preliminary research files, compliance would cause an **undue burden under Fed. R. Civ. P. 45(d)(3)(A)(iv)**. These notes are protected preparatory materials that do not constitute a finalized public assignment result.

It is my understanding that under **Federal Rule of Civil Procedure 45(d)(2)(B)**, because this objection has been made, the issuing party **must move for an order to compel production** in the court where the subpoena was issued before any materials can be forced to be disclosed.

It is my personal and professional goal to "wash my hands" of this entire legal proceeding, any attempt to compel me to testify will not be productive or conducive to a positive outcome for either party. All work on this appraisal assignment ceased when I recused myself from the assignment. I recorded no decisions or valuation amounts regarding the subject vehicles and components in my records.

Sincerely,

Harvey C. Falkenstine