IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James Edwards,

    Plaintiff,

vs.

Tony Samojen,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

No.  CV-25-08174-PCT-SPL

**ORDER**

  Before the Court are several Motions. There are two Joint Motions for Discovery Dispute Resolution before the Court, one regarding Defendant's previous expert, Harvey Falkenstine, one relating to the Defendant's son, Chris Samojen. (Docs. 61, 70). Also before the Court is a Non-Party Motion for Protective Order (Doc. 71), filed by Chris Samojen. Finally, the last Motion pending before the Court is Plaintiff's Motion to Compel.[1] (Doc. 84). The Court now rules as follows.[2]

  **I.  Discovery related to Mr. Falkenstine (Doc. 61)**

  First, the Court will address the issues related to Defendant's previous expert, Mr. Falkenstine. Defendant retained Mr. Falkenstine "as an expert to inspect the vehicles and parts" at issue in this case. (Doc. 61 at 1). After the inspection, Mr. Falkenstine informed

---

[1]  This Motion is not yet fully briefed.

[2]  Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Defendant that he could no longer move forward as an expert. (*Id.*). Defendant subsequently retained a new expert and sought a second inspection with the new expert, which the Court allowed in the previous discovery dispute resolution Order. (Doc. 51). Plaintiff issued a subpoena to Mr. Falkenstine seeking "'all notes, photographs, and documents from the Inspection' and '[a]ll communications with [Defendant], his counsel, or any other individual regarding the Inspection, the results of the Inspection, and your withdrawal from providing services for [Defendant].'" (Doc. 61 at 1–2). Now, Defendant seeks to quash the subpoena because the documents "are work product protected by Rule 26(b)(4)(D) or privileged communications between Defendant and counsel." (Doc. 61 at 2).

"Rule 45 governs discovery of non-parties by subpoena." *Knox v. City of Pasadena*, 2:23-cv-04447-MEMF(PDx), 2023 WL 9644853, at *1 (C.D. Cal. Dec. 18, 2023). "The scope of discovery that can be obtained by a subpoena under Rule 45 is the same as that under Rule 26(b)." It is the "general rule" in the Ninth Circuit that "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014).

Federal Rule of Civil Procedure Rule 24(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." In addition, the Rule distinguishes between experts who are and are not expected to be called as witnesses for trial. Defendant argues that the documents prepared by Mr. Falkenstine are not discoverable under Rule 26(b)(4)(D), which provides that a party generally "may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial who is not expected to be called as a witness at trial." On the other hand, Rule 26(b)(4)(A) authorizes depositions for "any person who has been identified as an

2

expert whose opinions may be presented at trial." In addition, the Rule provides protection for "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(b)(4)(C).

While Plaintiff characterizes Mr. Falkenstine as a "withdrawn trial expert," Defendant states that Mr. Falkenstine "was never disclosed as a testifying expert under Rule 26(a)(2)," even though when he was hired, he "was originally intended to testify." (Doc. 61 at 2–3). However, Plaintiff does not meaningfully contest Defendant's assertion that Mr. Falkenstine was not formally disclosed as an expert. (*See* Doc. 61). Based on the facts presented to the Court, it appears that Defendant's counsel told Plaintiff's counsel in candid conferral that Mr. Falkenstine was originally retained with intent to testify, but would no longer testify, before any expert disclosures had taken place.[3]

Because Mr. Falkenstine "is not expected to be called as a witness at trial," the Court finds that the requested documentation regarding his inspection and communications with counsel are not discoverable.[4] *See* Fed. R. Civ. P. 26(b)(4)(D). Indeed, "courts in this circuit have long recognized that even though Rule 26(b)(4) does not explicitly refer to document requests, the rule applies equally 'to protect documents sought from non-testifying experts.'" *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, CV 18-10513-PSG (KSx), 2020 WL 10052401, at \*9 (C.D. Cal. June 12, 2020) (citing *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 617 n.3 (N.D. Cal. 2010)). Here, Plaintiff has not shown "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). However, because Mr. Falkenstine has apparently communicated with the parties since withdrawing from the case, it is worth noting that the protections of Rule 26(b)(4) do not apply after the engagement of an expert has ended. *See In re Zofran (Ondansetron) Prods. Liability Litig.*, 392 F. Supp. 3d 179, 186 (D. Mass. July 25, 2019)

---

[3]     The expert disclosure deadline was June 18, 2026. (Doc. 58).

[4]     Even for testifying experts, the Rules protect most communications between an expert and a party's attorney. Fed. R. Civ. P. 26(b)(4)(C).

3

("[T]o the extent that the documents also involve communications between plaintiffs' counsel and [the expert] when she was not a consulting expert . . . Rule 26(b)(4)(D) does not apply.").

For all these reasons, the Court finds that the documents sought by Plaintiff relating to Mr. Falkenstine's notes, photographs, and documents from the inspection and his communications with Defendant and his counsel regarding the inspection, the results, and the reasons for withdrawal are protected by Rule 26(b)(4)(D).

### II.    Discovery related to Chris Samojen (Doc. 70)

Next, the Court will address the parties' dispute related to Plaintiff's subpoena for documents from Chris Samojen, Defendant's son. Defendant writes that "Plaintiff's subpoena seeks in part '[a]ll [Chris's] communications with Defendant regarding [this lawsuit and the vehicle and sale disputed in it].'" (Doc. 70 at 2). Further, Defendant explains that he seeks to modify the subpoena "only to the extent it seeks privileged communications and protected work product." (*Id.* at 3). Defendant asserts that Chris Samojen's "recorded communications with [Defendant] from 2025 on" are not discoverable "under Fed. R. Civ. P. 26(b)(3)(A) as documents prepared in anticipation of litigation for trial by Chris as [Defendant's] representative agent." (Doc. 70 at 2).

First, to the extent that Plaintiff's subpoena seeks records pertaining to Defendant and Chris Samojen's communications, Defendant has not established how those communications would fall under work product or attorney-client privilege. Indeed, Defendant asserts that Chris Samojen was his "agent," but beyond stating that Chris Samojen helped Defendant with technology and written communication, does not explain any agency relationship.[5] (*See* Doc. 70). Therefore, there is no apparent privilege between the father and son that would warrant quashing the subpoena.

Second, Defendant argues specifically that Chris Samojen's communications with Defendant that include counsel or "convey requests for legal advice" between Defendant

---

[5]    Plaintiff notes that Chris Samojen executed a Power of Attorney in April 2026. Neither party provided any additional facts.

4

and counsel are privileged. This raises the issue of waiver of privilege, as Defendant states that "Chris has been present for most communications of Defendant with his counsel and assists Defendant with all aspects of the litigation as his agent." (Doc. 70 at 2).

The law regarding privilege and the presence of third-parties in Arizona recently changed. In *Accomazzo v. Kemp*, 319 P.3d 231 (Ariz. Ct. App. 2014), the Arizona Court of Appeals held that the "presence of a third-party," in that case the client's parents, "will therefore cause waiver, unless the third party's presence does not indicate a lack of intent to keep the communication confidential." 319 P.3d at 235. The court determined that there existed a presumption that "when a client authorizes a parent to participate in conferences with her attorney . . . and the client and the parent have no adverse interest with respect to that matter, the client has a reasonable expectation that the conferences will be confidential."[6] *Id.*

More recently, the Arizona Supreme Court overruled that principal to recognize that "permitting the [attorney-client] communication to be overheard by individuals who are not part of the confidential relationship usually destroys the confidentiality necessary for privileged communication," except when "the third party is an agent of the party or necessary to effectuate the attorney-client communication." *Gelvin v. Parker*, -- P.3d ---, 2026 WL 2075523, at *3 (Ariz. July 17, 2026). As to third parties, "the scope of privilege is generally an objective determination based on whether extending the privilege is necessary to effectuate the attorney-client communication." *Id.* at *4. "[T]he burden is on the party seeking to establish attorney-client confidentiality to demonstrate the requirements are satisfied, including, as to third parties, that the presence of the third party is objectively necessary to effectuate the attorney-client communication." *Id.* at *5. However, the Arizona Supreme Court determined that the *Gelvin* opinion would not apply

---

[6]    Plaintiff argues that the *Accomazzo* case is "inapposite" to the facts here because in that case, the client was the daughter and the parents were the third-party. (Doc. 70 at 3). However, the Court is not aware of authority stating that the rule in *Accomazzo* could not apply to slightly different facts, like those here, where an adult child is involved in litigation involving their parent.

retroactively. *Id.* at *6. Even so, the third party's individual communications with the attorney in that case were not protected because those kinds of communications were never shielded by the rule in *Accomazzo*. *Id.*

Based on the law summarized above, any communications between only Chris Samojen and Defendant are not privileged communications. In addition, communications between only Chris Samojen and counsel are not protected by attorney-client privilege.[7] As to communications including Chris Samojen, Defendant, and Defendant's counsel, the Court cannot definitively state based on the facts before it whether attorney-client privilege applies. The *Gelvin* opinion, issued less than one week ago, does not apply retroactively. Defendant provided information in the Joint Motion indicating that he likely intended the communications to remain confidential, even with the assistance of his son. (Doc. 70 at 2). Without making a formal determination, the Court would be inclined to find that the communications between Chris Samojen, Defendant, and counsel are still protected by attorney-client privilege if there is evidence of Defendant's intent. However, to the extent the parties believe there is additional evidence or argument to the contrary, they may refile a motion with more supporting documentation if need be.

### III.    Additional Motions

Finally, the Court will address the other two Motions pending before the Court. The Court already addressed the Non-Party Motion for Protective Order to modify Chris Samojen's deposition date (Doc. 71) when it granted the parties' stipulation to extend the deadline for his deposition to three weeks after the Court ruled on the discovery motion. (Doc. 78). Therefore, the Non-Party Motion for Protective Order will be denied as moot. Next, on July 20, 2026, Plaintiff filed a Motion to Compel, which surrounds the same issue as the Joint Motion regarding Mr. Falkenstine. (Doc. 84). The Motion asks the Court to "enter an order compelling Harv Falkenstine to produce documents and sit for his deposition in response to Plaintiff's subpoenas." (*Id.* at 6). In light of the above ruling, the

---

[7]    The Court cannot determine, without more information about the documents requested in the subpoena, whether work product privilege would apply.

Court will deny the Motion to Compel without prejudice. Should the Court's ruling not resolve the dispute, Plaintiff may refile the Motion accordingly.

### IV.    Conclusion

In light of the rulings above, the Court will grant the Joint Motions for Discovery Dispute Resolution (Docs. 61, 70) to the extent stated in this Order.

Accordingly,

**IT IS ORDERED** that the Joint Motion for Discovery Dispute Resolution (Doc. 61) is **granted** consistent with this Order. The Court finds that the requested documents are protected by Rule 26(b)(4)(D).

**IT IS FURTHER ORDERED** that Defendant's Motion to Expedite consideration of the parties' Joint Motion (Doc. 72) is **denied as moot**.

**IT IS FURTHER ORDERED** that in light of the Court's ruling on the Joint Motion (Doc. 61), Plaintiff's Motion to Compel (Doc. 84) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Joint Motion for Discovery Dispute Resolution (Doc. 70) is **granted in part and denied in part** in accordance with the Order explained above.

**IT IS FURTHER ORDERED** that having granted the parties' stipulation regarding Chris Samojen's deposition (Doc.78), the Non-Party Motion for Protective Order (Doc. 71) is **denied as moot**.

Dated this 22nd day of July, 2026.

Honorable Steven P. Logan
United States District Judge

7