**Rusing Lopez Lizardi & Saffer, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllsaz.com
aclark@rllsaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
McDonald Hopkins LLC
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>Tony Samojen,<br><br>                    Defendant. | Case No. 3:25-cv-08174-SPL<br><br>**JOINT MOTION FOR CLARIFICATION**<br><br>(Hon. Steven Paul Logan) |

Plaintiff James Edwards, by and through undersigned counsel, hereby file

Pursuant to the Court's order, the Parties jointly move the court for narrow clarification of

the Court's July 22, 2026 Order (Doc. 87). The Order protected "Mr. Falkenstine's notes,

photographs, and documents from the inspection and his communications with Defendant and his counsel regarding the inspection, the results, and the reasons for withdrawal" under Rule 26(b)(4)(D), but also noted that "the protections of Rule 26(b)(4) do not apply after the engagement of an expert has ended." The parties seek clarification on the ruling's applicability to two documents.

**Plaintiff's position.** Mr. Falkenstine's engagement ended before March 26, 2026 - as confirmed by the very email at issue, in which Mr. Falkenstine transmitted not only the MEMORANDUM FOR RECORD but also his complete TS040326 WORKFILE. A retained expert does not transmit his complete work file during an ongoing engagement; that transmission is consistent only with wrapping up a concluded engagement. Plaintiff does not challenge protection of the work file itself, but the transmittal date supports Plaintiff's position that the engagement had ended by March 26, 2026, and that Rule 26(b)(4) accordingly does not extend to communications made on or after that date. Plaintiff respectfully requests the Court review two disputed documents in camera.

Trevor Cook Response.pdf (produced in redacted part). Mr. Falkenstine sent this document to Defendant's counsel on May 18, 2026, over two months after the engagement ended, as a direct response to Mr. Cook's May 16, 2026 letter threatening him with liability for professional negligence, breach of contract, and negligent misrepresentation, and demanding a "complete and satisfactory response" or face compulsory process. Defendant's privilege log describes the withheld portions as "facts and opinions learned and developed during his engagement that he argues justifies his unauthorized communications with plaintiff." A response to opposing counsel's demand letter is not protected by Rule 26(b)(4)(D), nor is it a communication "regarding the inspection, the results, and the reasons for withdrawal" under the Order. Plaintiff requests production in full, or at minimum in camera review.

Memorandum for Record.pdf (withheld in full). This document was attached to the March 26, 2026 email from Mr. Falkenstine to Mr. Cook, as well as a June 25, 2026 email from Mr. Cook to Mr. Falkenstine. As noted above, the accompanying transmittal of Mr. Falkenstine's complete work file indicates the engagement had already ended, placing this

document outside the protected period. Defendant's log describes it as "facts and opinions learned and developed during retention that he explains as his reasons for withdrawal." Plaintiff cannot test that assertion because the document is being withheld in full. Because it sits on the boundary the Order flagged and the parties disagree on its content and timing, in camera review is the most efficient resolution.

**Defendant's position.** "The protections of Rule 26(b)(4) do not apply after the engagement of an expert has ended." Doc. 87 at 3:22–24. This is certainly true as to new communications. But a maximalist reading of the proposition, as Plaintiff proposes, would negate the protection of Rule 26(b)(4) here without any action by the Defendant because, as Plaintiff notes, the expert's work file was delivered/communicated *after* the expert withdrew. Just as the expert's communication of the work file after engagement should not remove the file from the Rule's protection, the expert's post-engagement communications of other *already* Rule-protected materials should not remove them from the Rule's protection.

Trevor Cook Response.pdf (produced in redacted part). After learning of the expert's unauthorized letter to Plaintiff, Defendant sent a demand letter to the expert (which was produced in full to Plaintiff) to preserve the work product protections to which Defendant was entitled and which only he could waive. In response, and as reflected in Defendant's privilege log, the expert justified his actions by reciting his Rule-protected reasons for withdrawing. Just because the expert reproduced that protected content in post-engagement communications does not mean the content is suddenly no longer protected, especially when it was reproduced within the context of Defendant's attempts to maintain the protection. The nature of the redacted portions is clear from context. Defendant requests that the Court deny Plaintiff's request for production in full or in the alternative jointly requests with Plaintiff that the Court conduct in camera review.

Memorandum for Record.pdf (withheld in full). The expert apparently believed he had to announce his reasons for withdrawal to all parties and prepared this document addressed, "TO: All parties concerned in the Samojen/Edwards Case," and delivered it to Defendant's counsel. The opening of the document states that its purpose is "To officially

3

document my recusal from the appraisal assignment involving [the appraised items]" and goes on to explain in depth his "Reason for Recusal." The expert delivered this document in an email (disclosed to Plaintiff) saying, "Dear All Parties concerned please see attached. I trust that Trevor will distribute correctly." Trevor—Defendant's counsel, "distribute[d it] correctly" by *not* providing the document to Plaintiff because the work-product protection is Defendant's to assert and may not be waived by the expert. To the extent the protected nature of this document remains unclear, Defendant jointly requests with Plaintiff the Court's in camera review for efficient resolution.

### Meet and Confer Certificate

The parties certify that they have met and conferred by telephone under LRCiv 7.2(j), and they were unable to resolve their dispute.

DATED this 29th day of July, 2026.

RUSING LOPEZ LIZARDI & SAFFER, P.L.L.C.

*s/ Daniel B. Bernardone*
Daniel B. Bernardone
Aaron R. Clark
*Attorneys for Plaintiffs*

MCDONALD HOPKINS LLC

*s/ Michael Crogan (With Permission)*
Michael Croghan
Patrick O'Meara
*Attorneys for Plaintiffs*

SILENCE LAW GROUP PLLC

*s/ Trevor Cook (With Permission)*
Jeffery Silence
Trevor Cook
*Attorneys for Defendant*

4