

**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024

**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com

**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Edwards, | Case No.  3:25-CV-08174-SPL |
| Plaintiff, | |
| v. | **SECOND AMENDED ANSWER** |
| Tony Samojen, | (Jury Trial Demanded) |
| Defendant. | (Hon. Steven Paul Logan) |

Defendant Tony Samojen admits, denies, and avers as follows:

## Nature of Action

1.     Defendant denies that his sale to Plaintiff was fraudulent but admits this action arises from Plaintiff's allegations.

2.     Defendant admits that Porsche internally used an "R" designation to refer to an internal factory development program for rare competition vehicles, that few Porsche 914/6s with that designation exist and that, as a result, they are worth multiple times the value of an ordinary Porsche 914/6. Defendant denies that the "R" designation refers to a "line of rare competition vehicles" to the extent that description describes a consumer-facing designation or model number.

3.     Defendant admits he had an imitation dealer window sticker created that included the text "**Body Type** 914-6 R" and "R Competition Option Group" and that he

SILENCE LAW GROUP

SILENCE LAW GROUP

installed many factory racing parts on the car. Defendant denies all other allegations of paragraph 3 of the Complaint. Defendant avers that he knew before his ownership of Porsche 1543 that Porsche's experimental division built a small number of factory 914/6 racecars. He did not know until sometime after the creation of the window sticker and before the sale of the vehicle to Plaintiff that Porsche designated those factory race cars "914/6 R." When Defendant used "R" on the window sticker, he used it to mean "race" or "renn" (what Defendant understood to be German for "race") and distinguish it from a stock 914/6 with no race parts; he never intended for the sticker to represent the vehicle as an R and never said the sticker showed that the vehicle was one of the small number of factory 914/6 racecars internally designated by the Porsche factory as "R." Defendant denies he "tricked" Plaintiff but otherwise lacks knowledge or information sufficient to form a belief about the truth of allegations of the sticker's role in Plaintiff's alleged belief that the car was an authentic Porsche 914/6 R" and therefore denies the allegation.

4.     Defendant admits Plaintiff purchased two Porsche 914/6 cars and related parts for $400,000 cash plus a Ford GT but denies all other allegations in paragraph 4 of the Complaint.

5.     Defendant admits the allegations in paragraph 5 of the Complaint.

6.     Defendant denies he engaged in any fraud but admits that Plaintiff seeks the damages listed in paragraph 6 of the Complaint.

**Parties**

7.     Defendant admits the allegations in paragraph 7 of the Complaint.

8.     Defendant admits he is a citizen and resident of California.

**Jurisdiction and Venue**

9.     Defendant admits complete diversity of citizenship between the parties as alleged but denies the remaining allegations in paragraph 9 of the Complaint.

10.     Defendant denies that he made misrepresentations to Plaintiff but admits the remaining allegations in paragraph 10 of the Complaint.

**Facts**

2

**The Allegedly Fraudulent Transaction**

11.    Defendant denies that in July 2021 Morse discussed the sale of anything by Defendant to Plaintiff other than the Porsche 0011 and associated parts. Defendant admits Morse first informed Plaintiff about Defendant's desire to sell the Porsche 0011. Defendant lacks knowledge or information sufficient to form a belief about the remainder of the allegations in paragraph 11 of the Complaint and therefore denies them.

12.    Defendant admits Plaintiff visited Defendant's home for the purpose of viewing the Porsche 0011 and related parts. Defendant lacks knowledge or information sufficient to form a belief about the truthfulness of Plaintiff's allegation of the purpose of his visit to Los Angeles and therefore denies it.

13.    Defendant admits the Porsche 1543 was parked near the Porsche 0011 but denies the Porsche 1543 "purported" to be anything other than what it was.

14.    Defendant admits the allegations in paragraph 14 of the Complaint.

15.    Defendant admits that in response he provided Plaintiff a binder of information about Porsche 0011. Defendant admits he contemporaneously provided a binder of information about Porsche 1543 but denies that it was "in response" to Plaintiff's request for more information about Porsche 0011. Defendant avers that he provided the Porsche 1543 binder unintentionally and that, accordingly, Defendant did not intend to make any representations through it, and that it never occurred to Defendant that Plaintiff would rely on the window sticker in the binder to believe Porsche 1543 was an R because they never talked about it.

16.    Defendant admits the allegations in paragraph 16 of the Complaint.

17.    Defendant admits the Porsche 1543 binder contained the "window sticker" pictured but lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations of his reaction to the sticker and therefore denies them.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about Porsche window stickers Plaintiff had seen and therefore denies them. Defendant denies the description that "the window sticker appeared authentic

3

and legitimate" but admits its appearance as otherwise described in paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged reaction to the window sticker and therefore denies it. Defendant admits that Plaintiff returned the binders to him the next day. Defendant admits that Plaintiff asked Defendant at some point or points after they met and before the vehicle sale about the history of Porsche 1543, but Defendant does not remember when Plaintiff made those specific communications and so lacks knowledge or information sufficient to form a belief about the allegation that Plaintiff made these communications on the day alleged.

20.     Defendant admits that at some point or points after meeting Plaintiff and before the sale he told Plaintiff that he had bought Porsche 1543 from a private party in the 1970s, that Porsche 1543 was originally sold by Prestige Motors, and that the dealer had raced it, but Defendant denies ever stating that he bought Porsche 1543 from Prestige Motors. Defendant does not remember when he made these communications and so lacks knowledge or information sufficient to form a belief about the allegation that he made these communications on the day alleged and therefore denies it. Defendant admits his statements about Porsche 1543 having a racing history are "consistent with it being a 914/6 R" but denies Porsche 1543 was ever an "R" or that he ever represented it as an "R."

21.     Defendant admits that Plaintiff asked him at some point or points before Defendant visited Plaintiff in Show Low if Defendant was considering selling his Porsche 1543, but Defendant does not remember when Plaintiff asked that and so lacks knowledge or information sufficient to form a belief about the allegation that Plaintiff asked this on the day alleged and therefore denies it.

22.     Defendant admits that he responded as alleged in paragraph 22 of the Complaint, but he does not remember when he so responded and so lacks knowledge or information sufficient to form a belief about the allegation that he made this response on the day alleged and therefore denies it.

4

SILENCE LAW GROUP

23. Defendant has no memory of Plaintiff further inspecting Porsche 1543 on the return visit and therefore lacks knowledge or information sufficient to form a belief about the truthfulness of the allegation of further inspection and therefore denies it. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's internal reaction to and thoughts about the Porsche 1543 and therefore denies them.

24. Defendant admits that the Porsche 1543 glove box on that day contained promo cards as shown in the Complaint. Defendant has no memory of Plaintiff further inspecting Porsche 1543 on the return visit and therefore lacks knowledge or information sufficient to form a belief about the truthfulness of the remaining allegations in paragraph 24 of the Complaint and therefore denies them.

25. Defendant denies that he made any representations about Porsche 1543 inconsistent with what it actually was. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations of Plaintiff's belief about the Porsche 1543, the window sticker, the promo cards, or his alleged inspection of the car and therefore denies them.

26. Defendant admits that at some point or points Plaintiff and Defendant discussed the potential sale of the vehicles and the possibility of Defendant visiting Plaintiff's home to see a Ford GT he eventually sold to Plaintiff. Defendant does not recall when Plaintiff and Defendant had these communications or the content of their communications on Plaintiff's return visit and so lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of their "agreement" in paragraph 26 of the Complaint. Defendant denies that Plaintiff ever suggested that Defendant visit Plaintiff's home "to view his car collection" as the primary purpose of the visit. Defendant avers that the first written proposal to include Porsche 1543 in the sale was in an email from Plaintiff on October 31, 2021.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint and therefore denies them.

SILENCE LAW GROUP

28.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's experience with the photos described in paragraph 28 of the Complaint and therefore denies them. Defendant denies the photos on the cited website show that Defendant "had listed Porsche 1543 as a 914/6 R." Defendant admits the photos on the cited website show the window sticker contained in the binder of information about the Porsche 1543. Defendant avers that the text introducing the photos and all their captions describe the car as a "914-6 GT," the common colloquial name used among enthusiasts for a 914/6 modified with racing parts and the same way Plaintiff identified both Defendant's cars in the sale agreement Plaintiff drafted to memorialize the transaction.

29.    Defendant admits that the photo showed that Defendant described Porsche 1543 as a "1970 914-6 R Coupe." Defendant denies the remaining allegations in paragraph 29 of the Complaint and avers that he did not know until sometime after the creation of the placard and before the sale of the vehicle to Plaintiff that Porsche designated those factory race cars "914/6 R." When Defendant used "R" on the placard, he used it to mean "race" or "renn" (what Defendant understood to be German for "race") and distinguish it from a stock 914/6 with no race parts.

30.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30 of the Complaint and therefore denies them. Defendant avers that captions to all photos from Morespeed located at https://pbase.com/9146gt/other_porsche_9146gt_race_cars_sn9140431543_kerry_morse_vintage, dated September 29, 2015, and linked to from the page Plaintiff cites in paragraph 28 of the Complaint, refers to the vehicle as "914-6 sn 914.043.1543." The text on the website explains, "the seller [of the Porsche 1543] makes no mention of the 914-6 having wider steel fender flares, or any other Porsche racing parts or factory upgrades." It further references a "conversion project [of the vehicle] to GT specs."

31.    Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Defendant admits that he and Plaintiff had subsequent communications about the possibility of Plaintiff purchasing both Porsche vehicles and that the communications resulted in Defendant agreeing to visit Plaintiff's home in Arizona, but Defendant does not remember the alleged phone calls and so lacks knowledge or information sufficient to form a belief about the truthfulness of the allegation that the communications were made through phone calls and therefore denies it. Defendant denies that he and Plaintiff ever agreed that Defendant would visit Plaintiff's home "to view Edwards' collection of cars" as the primary purpose of the visit.

33.     Defendant denies the allegations of paragraph 33 of the Complaint to the extent they allege that Defendant knew of Plaintiff's 2006 Ford GT for the first time or expressed interest in it for the first time when Defendant visited Plaintiff in Arizona. Defendant avers that Morse had informed him of the Ford GT and Plaintiff's desire to sell it, and seeing the Ford GT was the primary purpose of the visit. With those qualifications, Defendant admits he literally "noticed" the Ford GT on the visit and "expressed interest in it" as a continuation of the parties' previous inclusion of the Ford GT into negotiations over their planned transaction originally involving only the Porsche 0011.

34.     Defendant admits the allegations in paragraph 34 of the Complaint.

35.     Defendant admits Plaintiff has in his possession an email appearing to come from Defendant's account as described. Defendant has no recollection of sending that email and has found no evidence of it in his email account or on his personal devices and therefore lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of paragraph 35 of the Complaint as presented; Defendant therefore denies them.

36.     Defendant admits that Plaintiff sent the window sticker to Morse and avers he did so on or around November 9, 2021. Defendant denies that Plaintiff sent the window sticker to Morse before the parties executed the sale agreement on November 2, 2021, that Morse reviewed the sticker or expressed any opinion about it before then, and thus that

SILENCE LAW GROUP

SILENCE LAW GROUP

any opinion of Morse about the sticker affected Plaintiff's "confidence that the car was a 914/6 R" before then.

37.    Defendant denies the Ford GT was worth approximately $500,000. Defendant also denies the allegations of paragraph 37 of the Complaint to the extent they allege the parties' agreement was premised on the Ford GT being valued at approximately $500,000. Defendant admits the remaining allegations of paragraph 37 of the Complaint.

38.    Defendant denies paragraph 38 of the Complaint to the extent it alleges that both parties participated in the drafting of the sales agreement, which Defendant avers was drafted exclusively by Plaintiff and proposed to Defendant. Defendant admits the remaining allegations of paragraph 38 of the Complaint.

**Edwards's Alleged Reliance and the Contract**

39.    Defendant denies the allegations in paragraph 39 of the Complaint to the extent they allege Defendant represented to Plaintiff that Porsche 1543 was a "914/6 R" and that the window sticker was ever claimed to be or itself "purported" to be "authentic." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the paragraph and therefore denies them.

40.    Defendant denies he made any representations that Plaintiff was acquiring a genuine 1970 Porsche 914/6 R. Defendant denies the Ford GT was worth approximately $500,000. Defendant denies the allegations in paragraph 40 of the Complaint to the extent they allege the parties' transaction was premised on the Ford GT being valued at $500,000. Defendant admits Plaintiff paid Defendant $400,000 in cash plus transfer of the Ford GT but denies the remaining allegations in paragraph 40 of the Complaint.

41.    Defendant denies he made any fraudulent representations to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 41 of the Complaint and therefore denies them.

**Alleged Discovery of the Alleged Fraud**

42.    Assuming the forum discussion referred to in paragraph 42 of the Complaint is                    the                    one                    located                    at

8

http://www.914world.com/bbs2/index.php?showtopic=371596&st=0, Defendant denies that the participants concluded the sticker was a forgery. Defendant admits that the participants concluded the window sticker was not an original window sticker and that the Porsche 1543 was not a 914/6 R. If the alleged forum discussion is any other, then Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint and therefore denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and therefore denies them.

44.     Defendant admits the allegations in paragraph 44 of the Complaint and avers that this was the first time the parties had ever communicated about the window sticker other than Plaintiff's question in his email on October 30, 2021, and Defendant's alleged reply.

45.     Defendant denies that he ever, during the sale process or otherwise, presented the window sticker to Edwards as a genuine, original factory document. Defendant admits the remaining allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint to the extent that they allege any wrongdoing by Defendant in acquiring the window sticker and to the extent that they allege Defendant engaged in fraud or forgery. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 of the Complaint and therefore denies them.

47.     Defendant admits the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

**Alleged Knowledge and Intent**

49.     Defendant admits the allegations in paragraph 49.

50.     Defendant admits the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

**Alleged Damages and Continuing Harm**

9

SILENCE LAW GROUP

53.     Defendant denies the allegations in paragraph 53 in the Complaint and avers that Plaintiff paid a fair price for the Porsche 1543 regardless of how it was presented or what Plaintiff thought it was.

54.     Defendant admits that a genuine 1970 Porsche 914/6 R would be worth many hundreds of thousands of dollars but denies the remaining allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55.

### Count I

56.     Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant admits the Porsche 1543 was not a 914/6 R and the window sticker was not genuine but denies that Defendant ever represented otherwise to Plaintiff.

59.     Defendant denies the allegations in paragraph 59 of the Complaint, including that he made the representations alleged in paragraph 59 of the Complaint.

60.     Defendant denies the allegations in paragraph 60 of the Complaint, including that he made the representations alleged and that he intended to deceive Plaintiff or fraudulently induce Plaintiff to complete the purchase.

61.     Defendant denies the allegations in paragraph 61 of the Complaint, including that he made any material misrepresentations to Plaintiff.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

### Count II

64.     Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

65.     Defendant admits the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

67.     Defendant denies the allegations in paragraph 67 of the Complaint.

SILENCE LAW GROUP

68.    Defendant denies the allegations in paragraph 68 of the Complaint.

## Count III

69.    Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

70.    Defendant denies the allegations in paragraph 70 of the Complaint.

71.    Defendant denies the allegations in paragraph 71 of the Complaint.

72.    Defendant admits Porsche 1543 was not a 914/6 R but denies the remaining allegations in paragraph 72 of the Complaint.

73.    Defendant denies the allegations in paragraph 73 of the Complaint.

## Count IV

74.    Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

75.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and therefore denies them.

76.    Defendant denies the allegations in paragraph 76 of the Complaint.

77.    Defendant denies the allegations in paragraph 77 of the Complaint.

78.    Defendant denies the allegations in paragraph 78 of the Complaint.

## Count V

79.    Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

80.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies them.

81.    Defendant denies the allegations in paragraph 81 of the Complaint.

82.    Defendant denies the allegations in paragraph 82 of the Complaint.

## Count VI

83.    Defendant re-answers and incorporates by reference all preceding paragraphs as if fully set forth herein.

84.    Defendant denies the allegations in paragraph 84 of the Complaint.

11

85.    Defendant denies the allegations in paragraph 85 of the Complaint.

86.    Defendant admits Plaintiff seeks restitution but denies that Defendant engaged in the unlawful practices on which Plaintiff bases his restitution claim.

**Jury Trial**

Defendant requests a trial by jury on all issues triable by jury.

**Affirmative Defenses**

Defendant pleads as affirmative defenses the following:

1.    Plaintiff fails to state a claim for damages under the California Consumers Legal Remedies Act because Plaintiff does not allege providing Defendant with written notice as required by Cal. Civ. Code § 1782(a) "of the particular alleged violations of Section 1770" and a demand for correction, and because Count V seeks only damages. Amendment of the Complaint to allege compliance would be futile because Plaintiff did not provide the required written notice before filing this lawsuit.

2.    Plaintiff fails to plead with particularity any actual misrepresentations made by Defendant to Plaintiff.

3.    Plaintiff could not justifiably or reasonably rely on the window sticker, promotional cards, or any other alleged representation as proof of Porsche 1543 being a 914/6 R. Plaintiff received and reviewed the window sticker together with other documents inconsistent with Porsche 1543 being a 914/6 R. Plaintiff is a sophisticated collector of vintage Porsche vehicles who already owned a genuine factory Porsche 914/6 R, was advised by a Porsche expert who valued Porsche 1543 at no more than $300,000 or $350,000 after hearing about the window sticker, and who conducted his own pre-sale research that located no publication or record identifying Porsche 1543 as a 914/6 R. Plaintiff nevertheless proposed the transaction and drafted the sale agreement, in which he identified both Porsche 0011 and Porsche 1543 as "914-6 GT" vehicles.

4.    Plaintiff's mistaken assumptions were unilateral – not mutual.

12

SILENCE LAW GROUP

5.    Plaintiff did not suffer any damages because the vehicle at issue was sold at a fair market price.

6.    Plaintiff failed to mitigate his damages by not just selling the vehicle at issue to another buyer for the same or similar price that he paid for the vehicle.

7.    Plaintiff should be estopped from seeking the damages sought because Plaintiff's actions and inactions contributed to what is, at most, a unilateral mistake on the part of Plaintiff in making assumptions.

8.    Plaintiff has unclean hands to the extent he withheld material information from Defendant about Plaintiff's belief of the nature of the Porsche 1543 with the intent to induce Defendant to sell the vehicle for far below the fair market value Plaintiff believed it to have.

9.    Plaintiff has unclean hands to the extent he relied on representations of other parties or of Defendant to other parties about the Porsche 1543 without confirming their accuracy with Defendant and then sought to blame Defendant for the resulting unilateral misunderstanding.

10.    Plaintiff was comparatively at fault and/or contributed to the unilateral mistake through his actions and inactions.

11.    Defendant did not make any false statements.

12.    Defendant lacked the intent to defraud Plaintiff.

13.    Plaintiff could not have reasonably relied on any statement Defendant made as to the Porsche being an "authentic Porsche 914/6 R" because no such statement was made.

14.    The parol evidence rule prevents Plaintiff from relying on any alleged representations that were not included in the purchase agreement.

15.    Plaintiff's claims are barred by the applicable statutes of limitations. Count I, A.R.S. § 12-543(3): three years. Count II, A.R.S. § 12-542: two years. Count IV, A.R.S. § 12-541(5): one year. Count V, Cal. Civ. Code § 1783: three years. The claims of Counts I and V accrued no later than February 2022, and the claims in Counts II and IV no later

SILENCE LAW GROUP

than March 2023. Plaintiff did not file this action until August 22, 2025, more than three years after accrual of Counts I and V, more than two years after accrual of Count II, and more than one year after accrual of Count IV, rendering the claims untimely.

16.    The discovery rule does not toll the limitations periods because Plaintiff knew, or in the exercise of reasonable diligence should have known, of the facts underlying his claims before the limitations periods expired, including that Porsche 1543 was not a factory 914/6 R and that the window sticker did not reflect that identity, based on the following:

A.    Plaintiff is a sophisticated collector who has owned more than one hundred Porsches, including six 914/6 vehicles; has raced 914/6 vehicles in vintage competition; and, since approximately 2020, has owned a genuine factory 914/6 R (chassis 0705), which he knew to be an R based on extensive factory documentation and factory identifying marks, documentation of a kind Porsche 1543 lacked.

B.    Plaintiff alleges he personally inspected Porsche 1543 on October 24, 2021, and thereafter conducted his own research on the vehicle using his personal automotive library and online sources before completing the purchase.

C.    Plaintiff found no support for an "R" designation for Porsche 1543 in his research before signing the purchase agreement, which he reported in an email to Kerry Morse.

D.    Plaintiff received a binder of documents about Porsche 1543 on October 23, 2021, that he reviewed "page by page" that evening. The binder included a dealer maintenance log that Plaintiff admitted was inconsistent with the vehicle being an R. The binder also included a Porsche Certificate of Authenticity designating the vehicle as a standard 914/6 with no "R" designation.

E.    Between November 2021 and February 2022, Plaintiff raised questions about the vehicles parts and documentation, as partially documented in emails with Kerry Morse.

SILENCE LAW GROUP

F. In December 2022, Morse reported to Plaintiff that despite inquiries of knowledgeable sources, Porsche 1543's history remained a "mystery."

G. In March 2023, Plaintiff received a factory production record from Porsche AG for chassis 1543 showing the vehicle was built as a standard 914/6 with no "R" designation.

H. Plaintiff has testified that he searched online for information about Porsche 1543 at least three to four times per year, or more, after the purchase.

I. Accordingly, Plaintiff possessed, no later than November 2021 and in any event no later than March 2023, the same categories of information, factory records and provenance documentation contradicting any "R" designation, on which he now bases his claims. Plaintiff's investigation returned that information within the limitations periods; his decision to disregard it does not toll the limitations periods.

J. Plaintiff knew or should have known of the alleged misrepresentations and his alleged injury no later than February 2022 as to Counts I and V and no later than March 2023 as to Counts II and IV. Counts I and V accrued more than three years before Plaintiff filed suit on August 22, 2025, Count II more than two years before, and Count IV more than one.

### Request for Relief

Defendant requests that the Court deny all relief requested by the Plaintiff and order Plaintiff to pay Defendant's fees and costs pursuant to A.R.S. § 12-341, § 12-341.01.

DATED this 3d day of August, 2026.

**Silence Law Group PLLC**

*/s/ Trevor Cook*
Trevor Cook
Jeffrey Silence
*Attorneys for Defendant*