**Answer:** Plaintiff reiterates his general objection to the definition of Window Sticker. As limited by, subject to, and without waiving the foregoing objections, Plaintiff first encountered the Window Sticker in person on or around October 23, 2021 when Plaintiff visited Samojen's home in Los Angeles, California to view Porsche 0011. After Plaintiff viewed Porsche 0011, Plaintiff asked Samojen if he had any information on Porsche 0011. Samojen responded by providing Plaintiff with two binders of information, one on Porsche 0011 and one on Porsche 1543. Plaintiff took the binders to his hotel to review that evening. Within the binder containing information on Porsche 1543, Plaintiff saw the Window Sticker from Prestige Motors in New Jersey in 1970.

4. Describe when, where, and how you first encountered a reproduction of the Window Sticker.

**Answer:** Plaintiff reiterates his general objection to the definition of Window Sticker. Plaintiff objects to this Interrogatory as vague with respect to the undefined term "reproduction." For this response, Plaintiff interprets reproduction to refer to an electronic copy of the Window Sticker. As limited by, subject to, and without waiving the foregoing objections, Plaintiff received an electronic copy of the Window Sticker on October 31, 2021 when Samojen emailed Plaintiff a .pdf file named "porsche 1543 window." Plaintiff produced this email chain as JE_000010-JE_000013.

5. State what you believed to be the value of the following items on November 1, 2021, and identify the basis for that belief and any documents that contributed to that belief:

A. Porsche 0011;

B. Porsche 1543;

C. Porsche Parts; and

D. Ford GT.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of this case to the extent it seeks identification of "any documents that contributed" to Plaintiff's believed value of the listed vehicles. Plaintiff's understanding of the value of these items is based in part on a lifetime of researching and collecting cars. It would be impossible for Plaintiff to recall or

identify every document that contributed to his understanding of the value of these items. Plaintiff further objects to this Interrogatory because on November 1, 2021, As limited by, subject to, and without waiving the foregoing objections, Plaintiff states as follows:

Plaintiff valued the transaction as a whole rather than assigning a specific value for each of the individual items listed above.

A. Porsche 0011: On November 1, 2021, Plaintiff believed the value of Porsche 0011 was between $350,000.00 and $450,000.00. Plaintiff's belief was based on his background knowledge on Porsches based on his years of experience as a car collector, his inspection of the vehicle, his review of the binder of information on Porsche 0011, and Plaintiff's discussions with Kerry Morse.

B. Porsche 1543: On November 1, 2021, Plaintiff believed the value of Porsche 1543 was approximately $800,000.00 as an authenticated and restored Porsche 914/6 R. Plaintiff's belief was based on his background knowledge about Porsches based on his years of experience as a car collector, his online research that found multiple photos where Porsche 1543 was represented as a 914/6 R on the Morespeed and the following URL https://pbase.com/9146gt/other_porsche_9146gt_race_cars_sn9140431543_kerry_morse. In addition, Plaintiff's belief was based on his consultations with Kerry Morse, who has extensive experience with Porsches and who Plaintiff forwarded the Window Sticker to and explained that Porsche 1543 was more valuable as a "914/6 R" compared to the value of a "914/6."

C. Porsche Parts: Plaintiff did not consider the value of the Porsche Parts individually, but in relation to the entire transaction and the value of Porsche 0011 and Porsche 1543. Plaintiff did not assign them a value on November 1, 2021, however believed the approximate value was between $50,000.00 and $75,000.00.

D. Ford GT: On November 1, 2021, Plaintiff believed the value of the Ford GT was over $400,000.00. Plaintiff's belief is based on his prior purchase of the Ford GT and the repairs he made to Ford GT.

6. State what you believed the fair market value of a Porsche 914/6 R was on November 1, 2021, and identify the basis for that belief and any documents that contributed to that belief.

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the statements set forth in the foregoing **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES** are true and correct.

Dated: 4/28/2026

Jim Edwards