**Rusing Lopez Lizardi & Saffer, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllsaz.com
aclark@rllsaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
Luca Giovine (ARDC #6337664)
Rachel Dudley (ARDC #6352864)
**McDonald Hopkins LLC**
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br><br>Plaintiff,<br><br>vs.<br><br>Tony Samojen,<br><br>Defendant. | Case No. 3:25-cv-08174-SPL<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE THE OPINIONS OF BRADLEY YOUMANS**<br><br>**ORAL ARGUMENT REQUESTED** |

**INTRODUCTION**

Defendant Tony Samojen concedes that most of the opinions offered by his retained expert, Bradley Youmans, should be excluded and has agreed not to offer them at trial. The motion should thus be granted as to Youmans' valuations of Porsche 0011, Porsche 1543, and the Ford GT. The motion should also be granted as to the entirety of Youmans' reports with respect to Porsche 1543 and the Ford GT, as Samojen does not argue that any opinions in those reports are admissible. Further still, Samojen agrees that Youmans' opinions about the usage of the term "GT" disclosed in his supplemental report should be excluded, so the motion should be granted with respect to those opinions too. All of this is undisputed.

Samojen instead focuses on arguing that the motion should be denied with respect to three opinions. Even on these attempts to resuscitate narrow aspects of Youmans' analysis, Samojen's arguments fail.

First, Samojen argues that Youmans' parts valuation should not be excluded because it does not rely on the secret database Youmans used for his vehicle valuations. Samojen misses the point. Youmans *still did not disclose* the specific comparable sales and listings he relied upon for the parts valuation. And his analysis contains no reasoning explaining how he used the (undisclosed) comparable sales to arrive at his valuation of the parts. Merely pointing to the websites the comparables came from is insufficient under both Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 26(a)(2)(B)(ii).

Second, Samojen argues that Youmans' opinions about pre-purchase diligence in classic car transactions should not be excluded. Samojen fails to show that Youmans is qualified to offer such opinions, pointing to his general experience in the automotive industry rather than any expertise in transactions like the one at hand. And Samojen fails to show how the utterly generic opinions Youmans intends to offer will be helpful, resorting instead to attacking Edwards' diligence based on deposition testimony and documents that Youmans did not consider.

Finally, despite conceding that the motion should be granted with respect to Youmans' valuation of Porsche 0011, Samojen contends that Youmans should be allowed

to testify about his descriptions of Porsche 0011. He claims Youmans' percipient observations of the car are expert opinion testimony because they are informed by Youmans' expert background. Samojen offers no legal support for this proposition. Moreover, Youmans admits he is not an expert on Porsches. The ostensible relevance of Youmans' descriptions—that they help establish that Porsche 0011 differs from standard 914/6s—thus lies outside his area of expertise, and he fails to explain with any specificity the source of his knowledge for them.

For these reasons, all of Youmans' opinions must be excluded.

## ARGUMENT

### I. Youmans' Parts Valuations Must Be Excluded.

In Edwards' opening brief, he explained that Youmans' parts valuations should be excluded for three reasons. First, Youmans' failure to identify the actual comparable sales and listings on which he based his valuations, both in his report and at his deposition, prevents Samojen from carrying his burden of establishing that Youmans' opinions are based on sufficient facts or data and also violates Rule 26(a)(2)(B)(ii). (Dkt. 101 ("Mot.") at 8:19–21, 10:7–11, 11:2–15.) Second, Youmans' valuation of the parts relies on *ipse dixit* reasoning because Youmans does not explain how he arrived at the parts valuation based on the undisclosed comparables he supposedly considered. (*Id.* at 8:22–9:2, 10:19–27.) Third, Youmans improperly relied on the analysis of an expert not disclosed in his report, Billy Fagan, to assist with valuing the parts. (*Id.* at 10:13–18.)

On the first point, Samojen appears to argue that Youmans' reliance on unspecified comparable listings and sales is acceptable because those comparables are on "public platforms or vendors whose listings Plaintiff can consult as readily as Youmans did," as the report "names its five sources." (Dkt. 108 ("Opp.") at 6:18–19.) Samojen admits that Youmans' valuations are drawn from "the sales of parts . . . from those companies" websites, and does not contend the values come from anywhere else. (*See id.* at 7:5–6.) He appears to argue that Youmans' parts valuation is defensible because it does not rely on an "undisclosed database," as Youmans' car valuations did. (*Id.* at 6:17.)

Unsurprisingly, Samojen cites no cases to support his argument that merely pointing to the websites that Youmans consulted adequately disclosed the facts and data he relied upon to form his opinions. Numerous cases demonstrate that Youmans' disclosure was insufficient. Even though *Leap Wireless* involved comparables from a secret database (*see* Mot. at 9:3–9), Samojen's distinction of it on that basis with respect to the parts valuation is unavailing. (Opp. at 4:26–5:4.) Youmans' inability to identify the listings he relied upon from those websites still violates the rules the court applied to exclude the opinions in that case. Hammering that point home, in *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905 (N.D. Ohio 2008), *aff'd*, 606 F.3d 262 (6th Cir. 2010), the court held that an expert violated Rule 26(a)(2)(B) for failing to identify the specific screenshots he relied upon in forming his opinions, even when those screenshots were contained in a voluminous document attached to his report. *Id.* at 911. Youmans' mere identification of the website domain names where he found comparable listings—which his report does not even describe—provides even less direction and points to an even broader universe of information to sift through to find the relevant data points to check Youmans' work. Indeed, how could Youmans be "required to disclose [the] facts or data" underlying his opinions "on cross-examination," as Federal Rule of Evidence 705 contemplates, when he did not do so in his report and could not do so at his deposition? (*See, e.g.*, Youmans Dep. at 72:10–73:7, 74:4–14.)

Second, Samojen's insistence that Youmans' mere identification of the general websites where he found the comparables suffices leads him to overlook Youmans' failure to *explain how* he arrived at his values based on the purported comparable listings and sales. In *King v. Wang*, No. 14-cv-7694 (LJL), 2021 WL 5237195 (S.D.N.Y. Nov. 9, 2021), the court excluded an art valuation expert's opinions because he failed to "provide sufficient information regarding how [the expert] compared the appraised items to other similar works to ascertain their value, including what factors were considered in selecting the comparable works and how those factors were weighed." *Id.* at *20; *see also Old Gate Partners, LLC v. Paddock Enters., LLC*, No. 3:18-cv-01657 (JCH), 2024 WL 3520168, at

*11 (D. Conn. May 30, 2024) (holding that expert's opinions were inadmissible under *Daubert* where analysis provided "no discernable methodology sufficient for this court to understand how [the expert] determined the adjusted sale prices" based on comparable real estate property sales). As Edwards pointed out, Youmans' analysis suffers from this exact problem: his failure to explain *how* he used the comparables to reach his own valuations of the parts renders his opinions inadmissible. (Mot. at 10:19–27.) Samojen's defense of Youmans' methodology based on *Marini v. Adamo*, 995 F. Supp. 2d 155 (E.D.N.Y. 2014), *aff'd*, 644 Fed. Appx. 33 (2d Cir. 2016), is unavailing, as there is no indication in that case that the specific auction data relied upon by the expert was not disclosed to the opposing party. *See id.* at 181.

Third, Samojen contends that Youmans' reliance on Fagan did not make Youmans a conduit for Fagan's opinions. (Opp. at 7:9–14.) Samojen relies on *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig.*, 978 F. Supp. 2d 1053 (C.D. Cal. 2013), but even that case notes that "more scrutiny will be given to an expert's reliance on the information or analysis of another expert where the other expert opinions were developed for the purpose of litigation," as Fagan's were here. *Id.* at 1066. Youmans may have been able to rely on Fagan's opinions if he had independently verified that he agreed with them, but his report provides no indication that he did so. *See Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 630 (W.D. Wash. 2011) ("The rules do not permit an expert to rely upon opinions developed by another expert for purposes of litigation without independent verification of the underlying expert's work."). Any opinion based on Youmans' reliance on Fagan should be excluded. Notably, it is unclear what those opinions are because Youmans' report did not identify where he relied on Fagan's input.

## II. Youmans' Opinion About Diligence in Car Transactions Must Be Excluded.

Edwards' motion showed that Youmans' opinions about the diligence a purchaser should perform in classic car transactions are outside his proffered area of expertise and do not fit the facts of this case. (Mot. at 12:20–23, 13:3–5.) Samojen's response fails to rebut either point.

Samojen contends that Youmans has been disclosed as an expert on "every topic encompassed by his disclosed expert reports, including 'transactions involving classic or specialty cars.'" (Opp. at 8:17–19.) Samojen then points to Youmans' "63 years of automotive experience," including his work at "dealerships for seven different manufacturers" and work as "an ASE-certified Master Technician in eight different service areas . . . ." (Opp. at 8:21–9:2 (citing Dkt. 101-2 at 7).) But none of this establishes that Youmans has expertise on the specific topic he opines on: diligence aimed at identifying fraud in a classic car transaction between private individuals (i.e., without a dealership on either side).

On fit, Edwards argued that Youmans' opinions are unhelpful because he offers no opinion as to what method Edwards should have used to research the VIN for Porsche 1543 given its age or what the proper VIN search would have revealed about the car had Edwards performed it. (Mot. at 13:15–23.) Samojen does not disagree with that characterization. (*See, e.g.*, Opp. at 9:11–12 ("Plaintiff objects that Youmans did not say what a VIN search of 1543 would have shown, Doc. 101 at 13:17–23, but Youmans did not have to.").) Instead, he criticizes Edwards' diligence based on Edwards' deposition testimony and then asserts that "[a] buyer of Porsche 1543 told he was purchasing a 914/6 factory GT who did what Youmans describes—evaluated the Porsche 1543 VIN and its documentation and ran the VIN search—would have found Porsche 1543 absent from the factory list and described as a conversion." (*Id.* at 10:24–27.)

But therein lies the problem: *Youmans' report does not say that*. Instead, Youmans' "opinion" about classic-car transactions is inchoate and not an expert opinion at all. Because Youmans does not say what the VIN search would have shown, Samojen intends to offer him as an expert to criticize Edwards despite his having disclosed no opinion on what research tool Edwards should have used to perform a VIN search or what the results would have been. Thus, Samojen has no basis to argue Youmans' opinion "will help [the jury]" decide whether Edwards justifiably relied on Samojen's misrepresentations. (*Id.* at 10:27–11:2.)

## III. Youmans' Observations About Porsche 0011 Must Be Excluded Along With His Valuation.

Although Samojen agrees that Youmans' valuation of Porsche 0011 should be excluded, he contends that Youmans' description of the car based on having "personally examined [it] as a professional appraiser with six decades of experience working with automobiles" is a separate opinion that is admissible under Rule 702 and is outside the scope of Edwards' motion. (Opp. at 5:21–22.) As Samojen puts it: "Youmans's physical description came from the car, not a database. Youmans will add what an appraiser can say about the car itself: its condition, its construction, and the features that distinguish it from a regular production 914/6." (*Id.* at 5:17–20.) Samojen's argument fails for three reasons.

First, Samojen cites no case law that actually supports his argument that an expert's "personal observations," which he admits "are those of a percipient witness," become permissible *opinion* testimony when offered through an expert. (*Id.* at 5:22–23.) The only case Samojen cites is *Bombardier Transp. (Holdings) USA Inc. v. HDR Eng'g Inc.*, No. cv-21-01460-PHX-SPL, 2023 WL 4516127 (D. Ariz. July 13, 2023), which excluded an expert's opinion on the meaning of a purchase order when the expert failed to ground those opinions "in his knowledge or experience in engineering," or show "that they are the product of reliable principles and methods concerning industry custom or trade usage." *Id.* at *3. Nothing in *Bombardier* supports Samojen's premise that "Plaintiff's motion treats Youmans's 0011 report as a single opinion, but it contains two." (Opp. at 5:7–8.) Instead, Youmans' "description of the car" is better viewed as part of the facts and data on which Youmans' valuation opinion was based, not a wholly separate second opinion. (*See id.* at 5:9.)

Second, Samojen contends that the purported usefulness of Youmans' descriptions is to prove that Porsche 0011 differs from an "ordinary 914/6" in a way that Samojen contends Edwards' expert, Matt Oleksiak, failed to appreciate. (*Id.* at 6:1–9.) But Youmans was not disclosed as a rebuttal witness, so the attempt to resuscitate his opinions as having relevance to rebutting Oleksiak is improper.

Third, Youmans is admittedly not a Porsche expert, so he lacks the expertise needed to opine that the car has "features that distinguish it from a regular production 914/6." (Opp. at 5:19–20.) And the portion of Youmans' report that Samojen argues is defensible does not explain the source of Youmans' knowledge about Porsche 914/6s that enabled him to describe Porsche 0011's differentiating characteristics.

## CONCLUSION

WHEREFORE, Edwards respectfully requests that this Court grant this motion and enter an order excluding Bradley Youmans' opinions in their entirety.

DATED this 22nd day of October, 2026.

RUSING LOPEZ LIZARDI & SAFFER, P.L.L.C.

*/s/ Daniel B. Bernardone (With Permission)*
Daniel B. Bernardone
Aaron R. Clark
*Attorneys for Plaintiff*

MCDONALD HOPKINS LLC

*/s/ Patrick O'Meara*
Michael Croghan
Patrick O'Meara
Luca Giovine
Rachel Dudley
*Attorneys for Plaintiff*
*Admitted Pro Hac Vice*