**Rusing Lopez Lizardi & Saffer, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllsaz.com
aclark@rllsaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
McDonald Hopkins LLC
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br><br>Plaintiff,<br><br>vs.<br><br>Tony Samojen,<br><br>Defendant. | Case No. 3:25-cv-08174-SPL<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Hon. Steven Paul Logan) |

Plaintiff James Edwards, by and through undersigned counsel, hereby file Plaintiff James Edwards moves under Federal Rule of Civil Procedure 15(a)(2) and LRCiv 15.1 for leave to file a First Amended Complaint. The amendment is narrow. It adds only a few

allegations to Count V, Plaintiff's claim under the California Consumers Legal Remedies Act ("CLRA"): that Plaintiff served written notice under California Civil Code § 1782(a) on July 6, 2026, and that Defendant failed to correct, repair, replace, or otherwise rectify the alleged violations within 30 days. Nothing else changes. No new claims, parties, or theories are added. A redline of the proposed First Amended Complaint showing every change is attached as Exhibit 1, as LRCiv 15.1(a) requires. Plaintiff asked Defendant to consent to the amendment; Defendant does not consent.

## I. LEGAL STANDARD

Because the deadline to amend pleadings set in the Court's scheduling order has not passed, Rule 15(a)'s liberal standard governs. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006) (Plainttif "filed its motion for leave to amend within the deadline set by the district court. Accordingly, . . . [Plaintiff's] motion is subject to the limited constraints placed on motions for leave to amend under Rule 15(a)"). The deadline to amend is December 19, 2026. [Doc. 22 at 1:28-2:4.] Leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent prejudice, bad faith, undue delay, or futility, leave should be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party carries the greatest weight, and absent prejudice or a strong showing on the remaining factors, there is a presumption in favor of granting leave. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## II. ARGUMENT

Every factor favors granting this simple amendment.

**No undue delay.** The amendment pleads facts that could not have been pleaded until the CLRA's 30-day cure period ran after Plaintiff's July 6, 2026 notice. Leave to amend was filed less than 90 days after the CLRA's 30-day cure period ran, and nearly two months before the Court's deadline to amend.

**No prejudice.** The amendment adds two facts: Plaintiff sent the § 1782 notice, and Defendant did not cure. Both facts are already known to Defendant. Defendant received the July 6, 2026 notice while discovery was open, and he relies on that very letter in his pending Motion for Partial Summary Judgment. [Doc. 102 at 4:17-22 (citing SOF ¶ 24).] The amendment requires no additional discovery, adds no new claim or party, and does not affect any other deadline in the case. On the most important factor, there simply is no prejudice to the Defendant.

**No bad faith.** Plaintiff seeks only to conform his pleading to the CLRA's notice procedure, which he has now completed. There can be no indication of bad faith.

**Not futile.** The amendment cures a technical notice defect. California law does not treat a premature CLRA damages claim as permanently barred. "A dismissal *with prejudice* of a damages claim filed without the requisite notice is not required to satisfy [the statute's] purpose. Instead, the claim must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009) (emphasis in original). In *Morgan*, the plaintiffs sent notice after suit was filed, then amended to allege that they had sent the notice more than 30 days before amending and that the defendant had failed to correct the alleged wrongs;

the court held that those allegations satisfied the notice requirement. *Id.* Here, the proposed amendment does exactly that. Defendant himself acknowledges that "[t]he statute provides a mechanism for post-filing compliance" by which a consumer may "serve a § 1782(a) notice, wait thirty days, and amend the pleading to add a damages claim." [Doc. 102 at 4:23-25.]

**Justice favors a decision on the merits.** Rule 15 exists so that cases are decided on their merits, not on technicalities. *Foman*, 371 U.S. at 181–82. Denying leave would mean disposing of a CLRA claim over a notice defect that has already been cured, as Defendant's own motion shows. Granting leave allows the full case to be tried on the merits.

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant this Motion and grant Plaintiff leave to file the First Amended Complaint in the form attached as Exhibit 1.

DATED this 30th day of October, 2026.

RUSING LOPEZ LIZARDI & SAFFER, P.L.L.C.

*/s/ Daniel B. Bernardone*
Daniel B. Bernardone
Aaron R. Clark
*Attorneys for Plaintiffs*