# EXHIBIT I

SILENCE LAW GROUP

**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br>Plaintiff,<br>v.<br>Tony Samojen,<br>Defendant. | Case No. 3:25-CV-08174-SPL<br><br>**DEFENDANT TONY SAMOJEN'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>(Hon. Steven Paul Logan) |

Defendant Tony Samojen serves these responses pursuant to Fed. R. Civ. P. 26(e)(1)(A). Responses labeled "Amended Answer," "Amended Objections," or "Amended Qualifications to Answer" supersede and replace in their entirety Defendant's earlier answer, objections, or qualifications to that request. Responses labeled "Supplemental Answer" supplement and do not replace the earlier answer. Responses and objections not here amended or supplemented remain as previously served.

**Objections to Instructions**

Defendant objects to the "Instructions" provided in Plaintiff James Edwards' First Set of Requests for Admission to the extent they exceed the scope and requirements of Federal Rule of Civil Procedure 36. Defendant objects to Instructions paragraphs 2 and 5 as they are in excess of the requirements of Fed. R. Civ. P. 36(a)(4) and the Case Management Order ("CMO") [Doc. 22 at 2:14–20].

**Definitions**

Defendant objects to Plaintiff's Definitions paragraph 2 as unclear about its intended modification of the common conjunctions "and" or "or" and interprets them instead as necessary to answer in conformance with Rule 36(a)(4).

Defendant adopts the following definitions provided by Plaintiff, modified and added to as indicated, below:

1. "Agreement" shall mean the one-page agreement executed by Tony Samojen and James Edwards on November 2, 2021.

2. "Answer" shall mean Defendant's October 3, 2025 Answer.

3. "Complaint" shall mean Plaintiff's August 22, 2025 Complaint.

4. "Edwards" and "Plaintiff" shall mean James Edwards and any of his representatives, agents, and all other persons acting or authorized to act on his behalf, including third parties.

5. "Ford GT" shall mean the 2006 Ford GT serial number 1FAFP0S76Y401685 that Edwards transferred to Samojen pursuant to the Agreement.

6. "Morse" shall mean Kerry Morse and any of his representatives, employees, agents, and all other persons acting or authorized to act on his behalf, including third parties.

7. "Person," or any variant thereof, means any natural person as well as any juristic person (*e.g.* corporation) or any business entity (*e.g.* partnership or joint venture) and their officers, agents, and employees.

8. "Porsche Parts" shall mean the parts that Samojen transferred to Edwards pursuant to the Agreement.

9. "Porsche 0011" shall mean Porsche 914/6 from 1970 (serial number 914 043 0011) that Samojen transferred to Edwards pursuant to the Agreement.

10. "Porsche 1543" shall mean the ~~**purported**~~ Porsche 914/6 ~~**R**~~ from 1970 (serial number 914 043 1543) that Samojen transferred to Edwards pursuant to the Agreement.

SILENCE LAW GROUP

SILENCE LAW GROUP

11. **"Porsche 914/6 R." Based on Plaintiff's Complaint, Defendant understands Plaintiff to use "914/6 R" in his requests for admission to refer to one of a group of twelve 914/6 R factory racecars constructed by Porsche's experimental division, after the initial prototype. Defendant uses this definition to interpret Plaintiff's requests and responds accordingly, except when referring to the literal alphanumeric descriptor "914/6 R," as on the window sticker and promotional cards. Defendant's responses distinguish between references to a Porsche 914/6 R as defined here and references to the alphanumeric descriptor by using quotation marks around the alphanumeric descriptor.**

12. **"Transaction" means the exchange of vehicles, vehicle parts, and money between Plaintiff and Defendant pursuant to their Agreement.**

13. The term "window sticker" shall mean the window sticker for Porsche 1543 **that was contained in the binder of information about the vehicle that was delivered to Plaintiff together with the vehicle after the transaction pursuant to the Agreement.**

14. "You," "Your," "Samojen," and "Defendant" shall mean Tony Samojen and any of his representatives, employees, agents, and all other persons acting or authorized to act on his behalf, including third parties.

15. All capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

**<u>Amended and Supplemental Responses to Requests for Admission</u>**

**REQUEST FOR ADMISSION NO. 9:** Admit that You showed the imitation window sticker to potential buyers of Porsche 1543.

**Amended Qualifications to Answer.** Defendant unintentionally provided the Porsche 1543 binder to Plaintiff when Plaintiff visited Defendant's home, and the binder contained the window sticker. Although Defendant admits he and Plaintiff discussed Plaintiff's being a "potential buyer" of Porsche 1543 at some point or points, Defendant cannot recall the parties' communications at the time he unintentionally gave the Porsche

SILENCE LAW GROUP

1543 binder to Plaintiff sufficient to know or determine whether Plaintiff was a "potential buyer" at that time.

Regardless of when Plaintiff became a "potential buyer," Defendant has no recollection of sending Plaintiff the window sticker by email and has not found any evidence of having sent it on his email account or personal devices. Thus, even though he has made reasonable inquiry, the information he knows and can readily obtain is insufficient to enable him to truthfully admit or deny whether he "showed" Plaintiff the window sticker through that email.

**Amended Answer.** Defendant answers subject to those qualifications.

Defendant **DENIES** he showed the window sticker to any potential buyers of Porsche 1543 other than Plaintiff. Defendant **ADMITS** he gave Plaintiff the Porsche 1543 binder that contained the window sticker when Plaintiff visited Defendant's home, but, despite having made reasonable inquiry, the information he knows or can readily obtain is insufficient to enable him to truthfully admit or deny whether Plaintiff was a "potential buyer of Porsche 1543" at that time.

**REQUEST FOR ADMISSION NO. 10:** Admit that You sent Edwards an email on October 31, 2021 attaching the window sticker for Porsche 1543.

**Amended Qualifications to Answer.** Defendant has no recollection of sending an email to Plaintiff on October 31, 2021, attaching the window sticker for Porsche 1543, and he has found no evidence in his email account or on his personal devices that he sent one. But he does acknowledge that Plaintiff possesses a copy of an email of this description apparently from Defendant's email account.

**Amended Answer.** Defendant **ADMITS** that the window sticker attached to the October 31, 2021 email that Plaintiff alleges Defendant sent to Plaintiff is a copy of the same window sticker Defendant had had created and placed in the Porsche 1543 binder. Defendant has made reasonable inquiry, and the information he knows or can readily

SILENCE LAW GROUP

obtain is insufficient to enable him to admit or deny that he sent Edwards an email on October 31, 2021, attaching the window sticker for Porsche 1543.

**REQUEST FOR ADMISSION NO. 13:** Admit that the promotional card for Porsche 1543 identified in paragraph 24 of the Complaint identifies Porsche 1543 as a "914/6 R."

**Amended Qualifications to Answer.** Paragraph 24 of the Complaint identifies the promotional card as having been discovered by Plaintiff in the glove box of Porsche 1543 when he opened the glove box during an inspection of Porsche 1543 while visiting Defendant's residence in California. Defendant does not recall any inspection by Plaintiff of Porsche 1543 during Plaintiff's visit to Defendant's residence.

Defendant knew before his ownership of Porsche 1543 that Porsche's experimental division built a small number of factory 914/6 racecars. He did not know until sometime after the creation of the window sticker, promotional cards, and placard and before the Transaction that Porsche designated those cars "914/6 R." When Defendant used "R," he used it to mean "race" or "renn" (what Defendant understood to be German for "race"). Although the promotional cards do use the alphanumeric descriptor "914/6 R," they were not intended to refer to the type of vehicle Plaintiff refers to as such, as explained in the "Porsche 914/6 R" definition, above.

**REQUEST FOR ADMISSION NO. 14:** Admit that You created, or caused to be created, the promotional cards for the Porsche 1543.

**Amended Qualifications to Answer.** Defendant responds subject to the same amended qualifications of his answer to Request No. 13, above. Defendant did not seek out the fan or ask the fan to create the promotional cards, but he accepted them when offered.

**REQUEST FOR ADMISSION NO. 15:** Admit that the promotional cards for Porsche 1543 were in the glove box of Porsche 1543 on October 24, 2021.

**Amended Qualifications to Answer.** Defendant responds subject to the same amended qualifications of his answer to Request Nos. 13 and 14, above.

**REQUEST FOR ADMISSION NO. 16:** Admit that You showed the promotional cards to potential buyers of Porsche 1543.

**Supplemental Qualifications to Answer.** Defendant unintentionally provided the Porsche 1543 binder to Plaintiff when Plaintiff visited Defendant's home, and the binder contained at least one copy of the promotional cards. Although Defendant admits he and Plaintiff discussed Plaintiff's being a "potential buyer" of Porsche 1543 at some point or points, Defendant cannot recall the parties' communications at the time he unintentionally gave the Porsche 1543 binder to Plaintiff sufficient to know or determine whether Plaintiff was a "potential buyer" at that time.

Defendant answers subject to those qualifications.

**Amended Answer.** Defendant **DENIES** he showed the promotional cards to any potential buyers of Porsche 1543 other than Plaintiff. Defendant **ADMITS** he gave Plaintiff the Porsche 1543 binder that contained at least one of the promotional cards when Plaintiff visited Defendant's home. Defendant has made reasonable inquiry, and the information he knows or can readily obtain is insufficient to enable him to admit or deny that Plaintiff was a "potential buyer of Porsche 1543" at that time.

**REQUEST FOR ADMISSION NO. 17:** Admit that the window sticker was included in the binder for Porsche 1543.

**Amended Qualifications to Answer.** Defendant maintained one binder each for the Porsche 0011 and Porsche 1543. Each binder contained information about its respective vehicle Defendant had gathered over the years. Defendant deliberately loaned the Porsche 0011 binder and unintentionally loaned the Porsche 1543 binder overnight to Plaintiff when Plaintiff visited Defendant's home to inspect the Porsche 0011 in advance of the Transaction, which at that point did not include any involvement of Porsche 1543.



SILENCE LAW GROUP

SILENCE LAW GROUP

**REQUEST FOR ADMISSION NO. 18:** Admit that You provided Edwards with the binder for Porsche 1543 on October 23, 2021.

**Amended Qualifications to Answer.** Defendant responds subject to the same amended qualifications of his answer to Request No. 17, above.

**Amended Answer.**

**ADMIT**

**REQUEST FOR ADMISSION NO. 19:** Admit that You previously represented that Porsche 1543 was a 914/6 R at car shows.

**Amended Objection.** Defendant objects to Request No. 19 as irrelevant to any party's claim or defense and therefore out of the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). The last time Defendant showed Porsche 1543 was in 2018, three years before he met Plaintiff. He raced the car for the last time in 2011, and the car was registered as a "914/6 GT." No representation made to anyone at any of those showings years before Plaintiff and Defendant met is a representation by Defendant to Plaintiff relevant to any of Plaintiff's claims. Plaintiff does not allege that Defendant ever showed Porsche 1543 to Plaintiff or made any representations about Porsche 1543 to Plaintiff at a car show.

**Amended Qualifications to Answer.** See "Porsche 914/6 R" definition, above. Through a time shortly after Defendant completed his restoration of the vehicle in around 2005, Defendant sometimes identified the vehicle using the alphanumeric "914/6 R" to distinguish it from a typical street-use 914/6 as having the full GT racing package installed. Defendant knew before his ownership of Porsche 1543 that Porsche's experimental division built a small number of factory 914/6 racecars and was careful never to describe Porsche 1543 as a "factory" racer and would clarify that Porsche 1543 had the racing package added later. He did not know until sometime after the creation of the window sticker, promotional cards, and placard and before the Transaction that Porsche designated

those cars "914/6 R." When Defendant used "R," he used it to mean "race" or "renn" (what Defendant understood to be German for "race").

For example, in the placard shown in paragraph 29 of the Complaint, displayed at a car show in 2006, Defendant used the alphanumeric descriptor "914-6 R" to distinguish the vehicle from a typical 914/6. But he described it as having the "FACTORY COMPETITION OPTION" to show it had factory parts that had to be installed later to distinguish it from the group of twelve factory racecars constructed by Porsche's experimental division Defendant later learned were known as the 914/6 R.

Starting within a few years of 2005, as the "GT" nomenclature took hold, Defendant exclusively referred to Porsche 1543 as a "914/6 GT," just as he represented it to Plaintiff, and just as Plaintiff represented it in the Agreement he drafted.

**REQUEST FOR ADMISSION NO. 20:** Admit that you are responsible for the creation of the placard identified in paragraph 29 of the Complaint identifying Porsche 1543 as a 914/6 R.

**Amended Qualifications to Answer.** See "Porsche 914/6 R" definition, above. Through a time shortly after Defendant completed his restoration of the vehicle in around 2005, Defendant sometimes identified the vehicle using the alphanumeric "914/6 R" to distinguish it from a typical street-use 914/6 as having the full GT racing package installed. Defendant knew before his ownership of Porsche 1543 that Porsche's experimental division built a small number of factory 914/6 racecars and was careful never to describe Porsche 1543 as a "factory" racer and would clarify that Porsche 1543 had the racing package added later. He did not know until sometime after the creation of the window sticker, promotional cards, and placard and before the Transaction that Porsche designated those cars "914/6 R." When Defendant used "R," he used it to mean "race" or "renn" (what Defendant understood to be German for "race").

In the placard shown in paragraph 29 of the Complaint, displayed at a car show in 2006, Defendant used the alphanumeric descriptor "914-6 R" to distinguish the vehicle



SILENCE LAW GROUP

from a typical 914/6. But he described it as having the "FACTORY COMPETITION OPTION" to show it had factory parts that had to be installed later to distinguish it from the group of twelve factory racecars constructed by Porsche's experimental division Defendant later learned were known as the 914/6 R.

Starting within a few years of 2005, as the "GT" nomenclature took hold, Defendant exclusively referred to Porsche 1543 as a "914/6 GT," just as he represented it to Plaintiff, and just as Plaintiff represented it in the Agreement he drafted.

DATED this 20th day of July, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

On **July 20, 2026**, I **EMAILED** this document to:

**Rusing, Lopez & Lizardi, P.L.L.C**
Daniel B. Bernardone
Aaron Clark
dbernardone@rllsaz.com
aclark@rllsaz.com

**McDonald Hopkins LLC**
Michael Croghan
Patrick O'Meara
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com

Attorneys for Plaintiff

*/s/ Trevor Cook*



SILENCE LAW GROUP