# EXHIBIT J

**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br><br>Plaintiff,<br><br>v.<br><br>Tony Samojen,<br><br>Defendant. | Case No. 3:25-CV-08174-SPL<br><br>**DEFENDANT TONY SAMOJEN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>(Hon. Steven Paul Logan) |

**<u>Objections to Instructions</u>**

Defendant objects to the "Instructions" provided in Plaintiff James Edwards' First Set of Requests for Admission to the extent they exceed the scope and requirements of Federal Rule of Civil Procedure 36. Defendant objects to Instructions paragraphs 2 and 5 as they are in excess of the requirements of Fed. R. Civ. P. 36(a)(4) and the Case Management Order ("CMO") [Doc. 22 at 2:14–20].

**<u>Definitions</u>**

Defendant objects to Plaintiff's Definitions paragraph 2 as unclear about its intended modification of the common conjunctions "and" or "or" and interprets them instead as necessary to answer in conformance with Rule 36(a)(4).

Defendant adopts the following definitions provided by Plaintiff, modified and added to as indicated, below:

SILENCE LAW GROUP

1. "Agreement" shall mean the one-page agreement executed by Tony Samojen and James Edwards on November 2, 2021.

2. "Answer" shall mean Defendant's October 3, 2025 Answer.

3. "Complaint" shall mean Plaintiff's August 22, 2025 Complaint.

4. "Edwards" and "Plaintiff" shall mean James Edwards and any of his representatives, agents, and all other persons acting or authorized to act on his behalf, including third parties.

5. "Ford GT" shall mean the 2006 Ford GT serial number 1FAFP0S76Y401685 that Edwards transferred to Samojen pursuant to the Agreement.

6. "Morse" shall mean Kerry Morse and any of his representatives, employees, agents, and all other persons acting or authorized to act on his behalf, including third parties.

7. "Person," or any variant thereof, means any natural person as well as any juristic person (*e.g.* corporation) or any business entity (*e.g.* partnership or joint venture) and their officers, agents, and employees.

8. "Porsche Parts" shall mean the parts that Samojen transferred to Edwards pursuant to the Agreement.

9. "Porsche 0011" shall mean Porsche 914/6 from 1970 (serial number 914 043 0011) that Samojen transferred to Edwards pursuant to the Agreement.

10. "Porsche 1543" shall mean the ~~**purported**~~ Porsche 914/6 ~~**R**~~ from 1970 (serial number 914 043 1543) that Samojen transferred to Edwards pursuant to the Agreement.

11. **"Porsche 914/6 R." Based on Plaintiff's Complaint, Defendant understands Plaintiff to use "914/6 R" in his requests for admission to refer to one of a group of twelve 914/6 R factory racecars constructed by Porsche's experimental division, after the initial prototype. Defendant uses this definition to interpret Plaintiff's requests and responds accordingly, except when referring to the literal alphanumeric descriptor "914/6 R," as on the window sticker and promotional cards.**



SILENCE LAW GROUP

SILENCE LAW GROUP

**Defendant's responses distinguish between references to a Porsche 914/6 R as defined here and references to the alphanumeric descriptor by using quotation marks around the alphanumeric descriptor.**

12. **"Transaction" means the exchange of vehicles, vehicle parts, and money between Plaintiff and Defendant pursuant to their Agreement.**

13. The term "window sticker" shall mean the window sticker for Porsche 1543 **that was contained in the binder of information about the vehicle that was delivered to Plaintiff together with the vehicle after the transaction pursuant to the Agreement.**

14. "You," "Your," "Samojen," and "Defendant" shall mean Tony Samojen and any of his representatives, employees, agents, and all other persons acting or authorized to act on his behalf, including third parties.

15. All capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

## Responses to Requests for Admission

**REQUEST FOR ADMISSION NO. 1:** Admit that You traveled to Arizona in late October or early November 2021, including on or around October 29, 2021 and/or November 1, 2021.

**ADMIT**

**REQUEST FOR ADMISSION NO. 2:** Admit that during Your trip to Arizona in late October and/or early November 2021, You met with Edwards.

**ADMIT**

**REQUEST FOR ADMISSION NO. 3:** Admit that Porsche 1543 is a Porsche 914/6.

**ADMIT**

**REQUEST FOR ADMISSION NO. 4:** Admit that Porsche 1543 is not a 914/6 R.

**Qualifications to Answer.** See "Porsche 914/6 R" definition, above.

**ADMIT**

**REQUEST FOR ADMISSION NO. 5:** Admit that You knew in October and November 2021 that the Porsche 1543 was not a Porsche 914/6 R.

**Qualifications to Answer.** See "Porsche 914/6 R" definition, above.

**ADMIT**

**REQUEST FOR ADMISSION NO. 6:** Admit that a Porsche 914/6 R generally has a greater value than a Porsche 914/6.

**Qualifications to Answer.** See "Porsche 914/6 R" definition, above.

**ADMIT**

**REQUEST FOR ADMISSION NO. 7:** Admit that the window sticker for Porsche 1543 that You provided to Edwards is an imitation factory window sticker, and not the original window sticker.

**ADMIT**

**REQUEST FOR ADMISSION NO. 8:** Admit that You had the imitation window sticker for Porsche 1543 created.

**ADMIT**

**REQUEST FOR ADMISSION NO. 9:** Admit that You showed the imitation window sticker to potential buyers of Porsche 1543.

**DENY**



SILENCE LAW GROUP

**REQUEST FOR ADMISSION NO. 10:** Admit that You sent Edwards an email on October 31, 2021 attaching the window sticker for Porsche 1543.

**DENY**

**REQUEST FOR ADMISSION NO. 11:** Admit that You never told Edwards that the window sticker for Porsche 1543 was not the original window sticker.

**DENY**

**REQUEST FOR ADMISSION NO. 12:** Admit that You intended for Edwards to believe that Porsche 1543 was a 914/6 R.

**DENY**

**REQUEST FOR ADMISSION NO. 13:** Admit that the promotional card for Porsche 1543 identified in paragraph 24 of the Complaint identifies Porsche 1543 as a "914/6 R."

**Qualifications to Answer.** Paragraph 24 of the Complaint identifies the promotional card as having been discovered by Plaintiff in the glove box of Porsche 1543 when he opened the glove box during an inspection of Porsche 1543 while visiting Defendant's residence in California. Defendant denies that Plaintiff opened the glove box of Porsche 1543 before the vehicle was delivered to him after completion of the Transaction. Defendant denies that Plaintiff "inspected" Porsche 1543 to any extent beyond looking at it its exterior while it was parked.

Although the promotional card does use the alphanumeric descriptor "914/6 R," it was not intended to refer to the type of vehicle Plaintiff refers to as such, as described in the "Porsche 914/6 R" definition, above.

**ADMIT**

SILENCE LAW GROUP

**REQUEST FOR ADMISSION NO. 14:** Admit that You created, or caused to be created, the promotional cards for the Porsche 1543.

**Qualifications to Answer.** Defendant responds subject to the same qualifications of his answer to Request No. 13, above.

**ADMIT**

**REQUEST FOR ADMISSION NO. 15:** Admit that the promotional cards for Porsche 1543 were in the glove box of Porsche 1543 on October 24, 2021.

**Qualifications to Answer.** Defendant responds subject to the same qualifications of his answer to Request Nos. 13 and 14, above.

**ADMIT**

**REQUEST FOR ADMISSION NO. 16:** Admit that You showed the promotional cards to potential buyers of Porsche 1543.

**DENY**

**REQUEST FOR ADMISSION NO. 17:** Admit that the window sticker was included in the binder for Porsche 1543.

**Qualifications to Answer.** Defendant maintained one binder each for the Porsche 0011 and Porsche 1543. Each binder contained information about its respective vehicle Plaintiff had gathered over the years. Defendant loaned the Porsche 0011 binder overnight to Plaintiff when Plaintiff visited Defendant's home to inspect the Porsche 0011 in advance of the Transaction, which at that point did not include any involvement of Porsche 1543. The first time Defendant provided the Porsche 1543 binder to Plaintiff was when Defendant delivered the Porsche 1543 binder to Plaintiff together with the Porsche 1543 to complete the Transaction. Defendant is unaware of any opportunity Plaintiff would have had to see the window sticker before that delivery.

**ADMIT**



SILENCE LAW GROUP

**REQUEST FOR ADMISSION NO. 18:** Admit that You provided Edwards with the binder for Porsche 1543 on October 23, 2021.

**Qualifications to Answer.** Defendant responds subject to the same qualifications of his answer to Request No. 17, above.

**DENY**

**REQUEST FOR ADMISSION NO. 19:** Admit that You previously represented that Porsche 1543 was a 914/6 R at car shows.

**Objection.** Defendant objects to Request No. 19 as irrelevant to any party's claim or defense and therefore out of the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). The last time Defendant showed Porsche 1543 at a show of any more significance than local club shows or gatherings was in 2017, four years before he met Plaintiff. He raced the car for the last time in 2011, and the car was registered as a "914/6 GT." No representation made to anyone at any of those showings years before Plaintiff and Defendant met is a representation by Defendant to Plaintiff relevant to any of Plaintiff's claims. Plaintiff does not allege that Defendant ever showed Porsche 1543 to Plaintiff or made any representations about Porsche 1543 to Plaintiff at a car show.

**Qualifications to Answer.** See "Porsche 914/6 R" definition, above. Through a time shortly after Defendant completed his restoration of the vehicle in around 2005, Defendant sometimes identified the vehicle using the alphanumeric "914/6 R" to distinguish it from a typical street-use 914/6 as having the full GT racing package installed. At that time, Defendant was aware of the existence of a Porsche 914/6 R and was careful never to describe Porsche 1543 as a "factory" racer and would clarify that Porsche 1543 had the racing package added later.

For example, in the placard shown in paragraph 29 of the Complaint, displayed at a car show in 2006, Defendant used the alphanumeric descriptor "914-6 R" to distinguish the vehicle from a typical 914/6. But he made clear it had the "FACTORY



SILENCE LAW GROUP

COMPETITION OPTION" to distinguish it from the group of twelve factory racecars constructed by Porsche's experimental division known as the 914/6 R.

Starting within a few years of 2005, as the "GT" nomenclature took hold, Defendant exclusively referred to Porsche 1543 as a "914/6 GT," just as he represented it to Plaintiff, and just as Plaintiff represented it in the Agreement he drafted.

**DENY**

**REQUEST FOR ADMISSION NO. 20:** Admit that you are responsible for the creation of the placard identified in paragraph 29 of the Complaint identifying Porsche 1543 as a 914/6 R.

**Objection.** Defendant objects to Request No. 20 as irrelevant to any party's claim or defense and therefore out of the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). A 2006 photo taken and posted on a website by a third-party is not a representation by Defendant to Plaintiff. Plaintiff does not allege that Defendant ever showed or even told him about the placard or the photos of it.

**Qualifications to Answer.** See "Porsche 914/6 R" definition, above. Through a time shortly after Defendant completed his restoration of the vehicle in around 2005, Defendant sometimes identified the vehicle using the alphanumeric "914/6 R" to distinguish it from a typical street-use 914/6 as having the full GT racing package installed. At that time, Defendant was aware of the existence of a Porsche 914/6 R and was careful never to describe Porsche 1543 as a "factory" racer and would clarify that Porsche 1543 had the racing package added later.

For example, in the placard shown in paragraph 29 of the Complaint, displayed at a car show in 2006, Defendant used the alphanumeric descriptor "914-6 R" to distinguish the vehicle from a typical 914/6. But he made clear it had the "FACTORY COMPETITION OPTION" to distinguish it from the group of twelve factory racecars constructed by Porsche's experimental division known as the 914/6 R. In other words,



SILENCE LAW GROUP

SILENCE LAW GROUP

contrary to the phrasing of this request for admission, the placard does *not* identify Porsche 1543 as a 914/6 R.

Starting within a few years of 2005, as the "GT" nomenclature took hold, Defendant exclusively referred to Porsche 1543 as a "914/6 GT," just as he represented it to Plaintiff, and just as Plaintiff represented it in the Agreement he drafted.

**ADMIT**

DATED this 30th day of January, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook
*Attorneys for Defendant*