# EXHIBIT O

**Silence Law Group PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

James Edwards,

Plaintiff,

v.

Tony Samojen,

Defendant.

Case No. 3:25-CV-08174-SPL

**DEFENDANT TONY SAMOJEN'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

(Hon. Steven Paul Logan)

Defendant Tony Samojen supplements his responses to Plaintiff's Second Set of Interrogatories, which was served on June 8, 2026, as follows.

**Objections to Instructions**

Defendant objects to the "Instructions" provided in Plaintiff James Edwards' First Set of Interrogatories to the extent they exceed the scope and requirements of Federal Rule of Civil Procedure 33. For example, Defendant objects to Instructions paragraph 2 as in excess of the requirement to answer each interrogatory "separately and fully" of Fed. R. Civ. P. 33(b)(3) and follows the requirement of the rule.

**Definitions**

Defendant objects to Plaintiff's definition number 2 as expanding the response requirement of affected interrogatories beyond the requirements of Federal Rule of Civil Procedure 33 to answer each interrogatory "separately and fully" and does not adopt it.

SILENCE LAW GROUP

Defendant objects to Plaintiff's definition number 3 as factually inaccurate and does not adopt it in these responses. Instead, Defendant for these responses defines "Porsche 1543" as the Porsche 914/6 with serial number 914 043 1543 that Samojen transferred to Edwards pursuant to the Agreement. Defendant adopts Plaintiff's definition of "car show" for these responses but otherwise uses the same definitions in these responses that he used in Defendant's Responses to Plaintiff's First Set of Interrogatories.

**Responses to Interrogatories**

**INTERROGATORY NO. 15:** Identify every instance in which you or anyone acting on your behalf attempted, offered, listed, or negotiated the sale of Porsche 1543, including but not limited to solicited or unsolicited suggestions or indications of interest received regarding the vehicle, and for each making sure to identify:

(a) the date,

(b) the identity of the prospective buyer or intermediary,

(c) the asking price or value represented, and

(d) how the car was described

**Objection.**

**Answer.** Neither Defendant nor anyone acting on his behalf has ever attempted, offered, listed, or negotiated the sale of Porsche 1543 until Plaintiff suggested the vehicle be included in the transaction involving Porsche 0011.

(a) Defendant does not recall the date Plaintiff first suggested the sale of Porsche 1543. But Plaintiff asks Defendant in an email dated October 31, 2026, "Since you want to sell the Yellow car [Porsche 1543] are you interested if we explore doing a deal with both cars and all the 914 parts?" Defendant understands this may have been Plaintiff's first inquiry.

(b) Plaintiff James Edwards

(c) Defendant never represented a value of or asked for a price for Porsche 1543. Defendant originally left the negotiation of the sale price of Porsche 0011 to intermediary Kerry Morse and never discussed values or prices for it directly with Plaintiff. Nor did



SILENCE LAW GROUP

SILENCE LAW GROUP

Defendant ever give an asking price or represent a value of Porsche 1543 to Plaintiff. On November 1, when he was driving Defendant and his son to the airport, Plaintiff made the offer of $400,000 cash plus his Ford GT in exchange for Plaintiff's Porsche 0011, Porsche 1543, and the Porsche Parts. Plaintiff's offer represented the value of Porsche 1543 as $400,000 plus the value of the Ford GT minus the values of Porsche 0011 and the Porsche Parts. (If $400k + Ford GT = Porsche 0011 + Porsche 1543 + Parts, then Porsche 1543 = $400k + Ford GT - Porsche 0011 - Porsche Parts.)

(d) Defendant referred to the car as a 914/6 with the competition package and explained it had a 2.5L IMSA race engine. Defendant doesn't remember how Plaintiff referred to Porsche 1543. But Plaintiff referred to Porsche 1543 in the Sales Agreement he drafted variously as a "Porsche 914-6 car," a "Porsche 914-6 GT," and a "Porsche 914-6."

**INTERROGATORY NO. 16:** Identify each car show that you brought Porsche 1543 to between January 1, 2018 and November 2, 2021.

**Objection.** Defendant restates his objection to Plaintiff's definition no. 2 applied to this interrogatory as beyond the requirements of Federal Rule of Civil Procedure 33 to answer each interrogatory "separately and fully." No human being physically can know "*all facts* pertaining to" the car shows, know of "*all documents* concerning the event," "*all persons*" present, or "*all persons* with personal knowledge of the event." "[A]ll dates relevant to [an] event" is vague as to what date would be "relevant" to an event: the date it was conceived? The date it was organized? The dates it is remembered by participants?

**Answer.** Defendant answers subject to his objections, his intent to answer "separately and fully" as the Rule requires, and with respect to what he ascertains from Plaintiff's overbroad definition of "identify" what Plaintiff intends to seek.

Between January 1, 2018, and November 2, 2021, Porsche 1543 was shown at one event: the Motor4Toys charity Car Show and Toy Drive at Pierce College in Woodland Hills, California. The event was on December 2, 2018. The organizer of a series of events

called "Super Car Sundays" put on an annual event to raise money and collect toys for a charity.

DATED this15th day of July, 2026.

**Silence Law Group PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook
*Attorneys for Defendant*

**VERIFICATION**

I, Tony Samojen, state as follows:

1. I am the Defendant in the matter in which this Supplemental Response to Plaintiff's First Set of Interrogatories is served.

2. I have answered and read the final Supplemental Response to Plaintiff's First Set of Interrogatories, and I believe the responses to be true and correct based on my personal knowledge, information, and/or belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/15/2026.

Tony Samojen (Jul 15, 2026 13:04:41 PDT)
Tony Samojen



SILENCE LAW GROUP

SILENCE LAW GROUP

## CERTIFICATE OF SERVICE

On **July 15, 2026**, I **EMAILED** this document to:

**Rusing, Lopez & Lizardi, P.L.L.C**
Daniel B. Bernardone
Aaron Clark
dbernardone@rllsaz.com
aclark@rllsaz.com

**McDonald Hopkins LLC**
Michael Croghan
Patrick O'Meara
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com

Attorneys for Plaintiff

*/s/ Trevor Cook*

# 20260715 D Response 2d Interrogatory

Final Audit Report 2026-07-15

| | |
|---|---|
| Created: | 2026-07-15 |
| By: | Trevor Cook (trevor@silencelaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAhI0jYU1NHYsqGVdvVPOfjxMSqSKyIFXH |

## "20260715 D Response 2d Interrogatory" History

Document created by Trevor Cook (trevor@silencelaw.com)
2026-07-15 - 8:00:59 PM GMT

Document emailed to Tony Samojen (tesamojen@msn.com) for signature
2026-07-15 - 8:01:03 PM GMT

Email viewed by Tony Samojen (tesamojen@msn.com)
2026-07-15 - 8:01:28 PM GMT

Document e-signed by Tony Samojen (tesamojen@msn.com)
Signature Date: 2026-07-15 - 8:04:41 PM GMT - Time Source: server - Signature Appearance Selected: MOBILE_DRAW

Agreement completed.
2026-07-15 - 8:04:41 PM GMT