**Silence Law Group, PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br>Plaintiff,<br>v.<br>Tony Samojen,<br>Defendant. | Case No. 3:25-CV-08174-SPL<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Hon. Steven Paul Logan) |

Defendant Tony Samojen responds in opposition to Plaintiff James Edwards's Motion for Leave to File First Amended Complaint (the "Motion," Doc. 110). Plaintiff seeks to plead notice under the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750–1784. The Court should not grant the Motion because doing so would prejudice Defendant, the Motion is unduly delayed, and its deliberate timing and use to argue against the Defendant's pending Motion for Partial Summary Judgment ("MSJ," Doc 102) suggests a possibility of bad faith.

Even if the Court grants leave to amend, it should order that the MSJ apply to the amended complaint without further briefing.

SILENCE LAW GROUP

SILENCE LAW GROUP

## I. Standard

The Motion for Leave correctly stated the standard for granting leave to amend. *See* Doc. 110 at 2:10–26.[1] Because the scheduling order's amendment deadline has not passed, *see* Doc. 22 at 1:28–2:1, leave should be granted absent undue delay, prejudice to the opposing party, bad faith, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Ninth Circuit has "held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). It has affirmed denial of leave to amend when the district court found the motion was made after undue delay, was a dilatory tactic, and the amendment would result in prejudice to the other party. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

The same standard governs however the amendment is labeled: the Court may allow a request to supplement under Rule 15(d) only "on just terms," Fed. R. Civ. P. 15(d), and it applies the same standard governing leave to amend. *See Greenwich Inv. Mgmt. Inc. v. Aegis Cap. Corp.*, No. CV-22-00129-PHX-JJT, 2024 WL 1156568, at *7–8 (D. Ariz. Mar. 18, 2024) (denying leave to supplement to cure a defective complaint where the plaintiff waited until the close of fact discovery).

## II. Argument

Preliminarily, the December 19, **2026** deadline for filing amended and supplemental pleadings, *see* Doc. 22 at 1:28–2:1, was a typo. Having the deadline to amend pleadings after the close of discovery and after the deadline for filing summary judgment motions is not typical or logical. As set forth below, the parties intended for the deadline to be December 19, 2025.

Regardless of the error, Plaintiff unduly delayed seeking leave to amend until at least 392 days after awareness of the defect he seeks to cure. The Court's granting leave at this stage would prejudice Defendant, and that result combined with Plaintiff's undue

---

[1] All case-internal citations use docket pagination, including where exhibit coversheets add a page to the docketed file not included in the file's internal page numbering.

SILENCE LAW GROUP

delay and deliberate timing of the request to use it in support of his opposition to the MSJ suggest a possibility of bad faith. The Court should, therefore, deny Plaintiff's Motion.

**A. December 19, 2026: Intended to be December 19, 2025**

The parties' joint Rule 26(f) meeting report (Doc. 15) and proposed case management order (Doc. 15-1) were filed through Plaintiff's counsel's ECF account. In the joint report, the parties proposed "that any amendments to the pleadings be filed by December 19, 2025." Doc. 15 at 4:20–22. Accordingly, the proposed case management order stated, "The deadline for joining parties, amending pleadings, and filing supplemental pleadings is December 19, 2025." Doc. 15-1 at 1:28–2:1.

The Case Management Order entered by the Court on January 8, 2026, however, states, "The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **December 19, 2026**." Doc. 22 at 1:28–2:1 (emphasis in original). Neither party objected, and Defendant amended his answer with Plaintiff's consent on April 15, 2026 (Doc. 40) and August 3, 2026, (Doc. 92). Those amendments were filed with Plaintiff's consent and did not affect ongoing or pending briefing or prejudice Plaintiff.

**B. Undue Delay: Plaintiff waited 392 days to address a known defect.**

A request to amend a pleading is not timely merely because it is made before the scheduling order's deadline. *See AmerisourceBergen*, 465 F.3d at 953. "Rather, in evaluating undue delay, [courts] also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *Id.* (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990)). In *AmerisourceBergen*, the Ninth Circuit affirmed the denial of a motion filed within the district court's deadline when the movant, similarly to Plaintiff, had long known the basis for its amendment and moved only after its opponent sought judgment. *Id.* at 952–54. Plaintiff has waited nearly five months longer than the eight months the Ninth Circuit has held unreasonable, *see id.* at 953, measured from the day Defendant pleaded the defect.

Plaintiff has known of the notice requirement—and his defective pleading—since the start of this litigation. Defendant's Answer (Doc. 12), filed October 3, 2025, pleaded

as its first affirmative defense that Plaintiff "does not allege providing Defendant with written notice as required by Cal. Civ. Code § 1782(a)," the CLRA statute. Doc. 12 at 11:5–9. Four weeks later, Plaintiff joined in proposing a scheduling order that would have allowed pleading amendments through December 19, 2025. *See* Doc. 15-1 at 1:28–2:1. Plaintiff did not attempt to send a CLRA notice for another eight months. He finally mailed his letter on July 6, 2026, two weeks before discovery closed. Doc. 110-1 at 14:1–7 ¶ 82 (proposed pleading); Doc. 22 at 2:6–8 (discovery deadline). Then, instead of seeking to amend when the 30 days ran, he waited another 86 days, until after discovery had closed and Defendant had filed his MSJ.

In sum, Plaintiff unduly delayed seeking leave to amend until at least 392 days after awareness of the defect he seeks to cure.

Plaintiff says the amendment pleads new facts that "could not have been pleaded until the CLRA's 30-day cure period ran." Doc. 110 at 3:2–4. That is true, but Plaintiff chose when the cure period started. Nothing prevented him from sending the same letter in October 2025, when Defendant raised the defect, and then amending during the eight months before discovery closed.

### C. Prejudice and Possible Bad Faith: Leave at this stage would disadvantage Defendant for reasons unrelated to the merits, and the timing of the Motion suggests that is its purpose.

Plaintiff says the amendment cannot prejudice Defendant because Defendant already knows about the letter. Doc. 110 at 3:7–9. But prejudice would not result from surprise; instead, it results from how a grant of leave would affect Defendant regardless of the merits of the claims and defenses in this case. The apparently intentional delay and particular prejudice from the timing of the amendment indicates "bad faith or dilatory motive on the part of the movant." *Foman*, 371 U.S. at 182.

First, the late timing effectively denied Defendant the statutory cure period as contemplated by the courts. The notice requirement "exists in order to allow a defendant to avoid liability for damages if the defendant corrects the alleged wrongs within 30 days after notice, or indicates within that 30-day period that it will correct those wrongs within



SILENCE LAW GROUP

SILENCE LAW GROUP

a reasonable time." *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009).

The statute puts that window before suit, Cal. Civ. Code § 1782(a). Plaintiff purported to open it ten and a half months into the case. By then, the car he demanded that Defendant "correct, repair, replace, or otherwise rectify," *see id.*, had been in his exclusive possession for over four years and undergone "a ground-up restoration," including a replacement engine. Doc. 103 at 3 ¶ 24 (demand letter), 4 ¶¶ 29, 31, 35 (Plaintiff's work completed by that point). Defendant never had the notice to correct alleged wrongs that the CLRA statute contemplates. A cure period that opens after the car has been changed, and after Defendant has defended the claim for ten months without notice, is not the period the statute contemplates.

Second, Plaintiff's timing targets Defendant's MSJ. Each side may file one summary-judgment motion without leave. Doc. 22 at 5:7–8. Defendant filed his MSJ on the deadline and addressed part of it to the notice defect as then pleaded. Doc. 51 at 4:15 (ordering deadline); Doc. 102 at 3:15–5:11. Only then did Plaintiff move to amend, on the same day he opposed the MSJ arguing his own Motion as a reason to deny it: "Pending is Plaintiff's Motion for Leave to Amend His Complaint . . . . Thus, summary judgment on this issue is inappropriate." Doc. 111 at 10:14–16. An amended complaint ordinarily supersedes the original, so a motion directed at the original may be treated as moot. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). If that happens, Defendant loses his one allowed motion after the deadline to file another has passed.

Third, leave would require Defendant to keep defending a damages claim that was never properly noticed. One court refused a mid-suit cure for that reason. *See Torrent v. Ollivier*, No. CV 15-02511 DDP (JPRx), 2016 WL 4596341, at *3 (C.D. Cal. Sept. 2, 2016); Part III.B below.

A plaintiff who meant only to conform his pleading to the facts would have sent his CLRA notice as soon as he was aware of the requirement and moved to amend thirty days later. Plaintiff knew of the CLRA notice defect no later than when Defendant pleaded

it as his first affirmative defense on October 3, 2025. Instead, Plaintiff waited 276 days to send the notice and then held the amendment 86 more days, almost three times the required 30, to use it to argue against the pending MSJ.

In *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435 (9th Cir. 1991), *overruled in part on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692–93 (9th Cir. 2001) (en banc), the Ninth Circuit affirmed a denial of leave where the plaintiff had moved for leave to amend after the defendant moved for summary judgment and more than a year after she filed her complaint. The Court reasoned, "[t]he timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment." *Id.* at 443.

Plaintiff likewise seeks leave after discovery closed, while Defendant's MSJ pends, and he argues that his Motion should defeat it. *See* Doc. 111 at 10. Plaintiff unduly delayed his request for leave to benefit himself and harm Defendant by timing alone. None of those effects of Plaintiff's unduly delay and deliberate timing goes to the merits of his claims.

### D. Futility: The amended Count V would still fail.

Futility alone is a reason to deny leave. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The amended CLRA claim would still fail on choice of law, and the notice defect it tries to fix is one the Court should not let Plaintiff repair in this action.

Defendant argues in his pending MSJ that Arizona law governs Plaintiff's misrepresentation claims under Restatement (Second) of Conflict of Laws § 148, and that the CLRA therefore does not reach this transaction. Doc. 102 at 5:12–6:21. The choice of law governing Plaintiff's CLRA claim is independent of the CLRA notice requirement.

The proposed amended complaint changes none of the allegations that place the transaction in Arizona. Plaintiff still pleads that he relied on the alleged misrepresentations "while located in Arizona," that his negotiations "were in Arizona," and that "the sale took place in Arizona." Doc. 110-1 at 4 ¶ 10. He still pleads that he "negotiated the deal from his Arizona home." *Id.* at 9 ¶ 39. Because the choice-of-law question is before the Court



SILENCE LAW GROUP

in the pending MSJ, the Court's decision on that motion may determine its decision here: if Arizona law governs, the amendment is futile and leave should be denied.

**E. Consistency with *Morgan* does not require granting leave.**

The CLRA requires notice "[t]hirty days or more prior to the commencement of an action for damages." Cal. Civ. Code § 1782(a). The statute allows for a damages claim after filing if filing starts with an action for injunctive relief, which may be filed without notice and then amended. *Id.* § 1782(d); *see also Morgan*, 177 Cal. App. 4th at 789 (describing and applying "express language of statute"). Plaintiff never pleaded a claim for injunctive relief under the CLRA, and his proposed amended complaint does not plead one. *See* Doc. 110-1 at 13–14 ¶¶ 79–84. It also alleges no notice of any kind before suit. *See id.*

Contrary to the notice-and-cure sequence the statute provides, Plaintiff first sued for damages. Then, he sent his notice ten and a half months later. A letter sent mid-suit cannot give Defendant the thirty days before suit that § 1782(a) requires.

The plaintiffs in *Morgan*, which Plaintiff quotes in his motion, followed the statute: "the original and first amended complaints sought only injunctive relief under the CLRA." *Morgan*, 177 Cal. App. 4th at 1260. The *Morgan* court went on to say that a damages claim filed without notice need not be dismissed with prejudice but that the remedy was still dismissal. *Id.* at 1261. The *Morgan* plaintiffs' first damages claim fell on demurrer, and they repleaded it in a third amended complaint alleging notice sent four months earlier. *Id.* at 1260–61. The *Morgan* defendant never had to litigate an unnoticed damages claim through the close of discovery and the dispositive motion deadline. Defendant Samojen has.

Consistency with the principle of satisfying the purpose of the CLRA statute that underlies *Morgan* does not require granting leave to amend a CLRA notice deficiency. For example, in *Torrent v. Ollivier*, No. CV 15-02511 DDP (JPRx), 2016 WL 4596341 (C.D. Cal. Sept. 2, 2016), the plaintiff sent his CLRA notice the day he filed a complaint for damages and, more than thirty days later, filed an amended complaint pleading the



SILENCE LAW GROUP

SILENCE LAW GROUP

letter. 2016 WL 4596341, at *3. The court agreed with *Morgan* that dismissal with prejudice would be too harsh, *id.*, but still declined to grant leave to amend, because doing so "would require Defendant to defend against an improperly noticed CLRA damages claim while simultaneously attempting to rectify the underlying issues" and "would not adequately disincentivize Plaintiff's noncompliance with the CLRA notice requirement." *Id.* The court dismissed the damages claim "without leave to amend in the instant action, but also without prejudice to the refiling of the damages claim." *Id.*

Courts disagree on whether a damages claim filed without notice may be cured by amendment in the same action. *See White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 20-cv-04048-SVK, 2020 WL 13578444, at *6 (N.D. Cal. Nov. 17, 2020) (collecting cases). *White* allowed the cure where the plaintiff gave notice the day after he sued and amended at the pleading stage. *Id.* The *Torrent* plaintiff sent his notice the day he sued. Plaintiff Edwards sent his ten and a half months later, two weeks before discovery closed. The promise of leave to amend his complaint after the close of discovery and the dispositive motion deadline would incentivize Plaintiff's noncompliance with the CLRA notice requirement. The *Torrent* court tried to prevent that unfairness by denying leave to amend, and this Court can do the same.

**F. Any leave should preserve the pending summary-judgment motion.**

Plaintiff represents that his amendment is "narrow," that "[n]othing else changes," and that it "does not affect any other deadline in the case." Doc. 110 at 1:28 (narrow), 2:5 (nothing else), 3:12–14 (does not affect). But his amended complaint would supersede the original and could render Defendant's MSJ moot after the dispositive motion deadline, *see Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), thanks only to his deliberate timing and regardless of the merits of his claims or Defendant's MSJ.

The proposed amended complaint leaves every allegation, count, and prayer addressed in Defendant's MSJ unchanged apart from the two proposed new paragraphs. If the Court grants leave to amend, Defendant asks that it order that the MSJ (Doc. 102)

SILENCE LAW GROUP

and all briefing on it be deemed directed at the First Amended Complaint, with no further briefing and no change to any deadline.

## III. Conclusion

The Court should deny the Motion.

In the alternative, the Court should grant leave only on the condition that Defendant's MSJ and all briefing on it be deemed directed at the First Amended Complaint, with no further briefing and no change to any deadline.

RESPECTFULLY SUBMITTED this 13th day of November, 2026.

**Silence Law Group, PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook
*Attorneys for Defendant*