**Silence Law Group, PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br>Plaintiff,<br>v.<br>Tony Samojen,<br>Defendant. | Case No. 3:25-CV-08174-SPL<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(Hon. Steven Paul Logan) |

## Introduction

Plaintiff's Response in Opposition to Motion for Summary Judgment (the "Response") does not answer three points that decide most of the Motion: that Plaintiff never offered to return the Parts, that the Court must dismiss all equitable claims if it lacks equitable jurisdiction, and that Plaintiff's own complaint places his reliance, the negotiations, and the sale in Arizona.

A party that does not respond to an argument concedes it. *See Rippstein v. Boeing Co.*, No. CV-20-02216-PHX-SPL, 2022 WL 1522155, at *4 (D. Ariz. May 13, 2022) ("Plaintiff's Response [on summary judgment] does not dispute this issue, so it is conceded."); *see also Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (issue not raised in opposition to summary judgment was abandoned and not preserved for appeal).

SILENCE LAW GROUP

Even if Plaintiff had not conceded the above facts, Defendant's Motion should be granted for the following reasons:

1. Arizona law governs Counts V (CLRA) and VI (UCL), and none of the facts Plaintiff calls disputed are material to that question.
2. Plaintiff sued for CLRA damages without first giving the notice the statute requires.
3. 3. Even assuming the Court has equitable jurisdiction over Plaintiff's equitable claims, Plaintiff is not entitled to equitable relief because he does not meet the requirements and hands.

## I. Arizona law governs counts V and VI.

### A. Issue-by-issue analysis does not put one sale under two states' consumer statutes.

Section 148 of the Restatement (Second) of Conflict of Laws (1971) ("Restatement") selects the law for "the particular issue." The issue under the Arizona Consumer Fraud Act, the CLRA, and the UCL is the same: whether Defendant is liable to Plaintiff for the same alleged misrepresentations. Plaintiff notes that the statutes differ in their elements and remedies. Doc. 111 at 5:10–19. But each count rests on the same alleged misrepresentations about Porsche 1543, Doc. 1 at 12–13 ¶¶ 76, 81, 84.

Different elements do not change the issue § 148 addresses: which state's law governs liability for the alleged misrepresentations. Plaintiff's own filings confirm the unity of issue. Plaintiff pleads the Arizona statute for the same acts "directed at Edwards who was located in Arizona." Doc. 1 at 12 ¶ 76. He proposes that both statutes go to the jury and that the Court then "prevent any duplicative recovery." Doc. 111 at 8:15–19. Defendant disagrees; one state's law should govern the single issue.

*Barten* and *LaCross*, *see* Doc. 111 at 4:26–5:9, do not help Plaintiff because the courts in those cases applied different law to different claims and different conduct. In *Barten v. State Farm Mut. Auto. Ins. Co.*, 28 F. Supp. 3d 978, 986–87 (D. Ariz. 2014), the court applied different states' law to a contract claim and an insurance bad-faith claim. In

SILENCE LAW GROUP

*LaCross v. Knight Transp. Inc.*, No. CV-15-00990-PHX-JJT, 2024 WL 249162, at *13 (D. Ariz. Jan. 23, 2024), the court applied California wage law to drivers' trips within California and Arizona wage law to interstate trips. Neither applies two states' laws to the same claim and the same conduct, as Plaintiff requests here.

**B. The Court decides choice of law, and the facts Plaintiff disputes are immaterial to that decision.**

Plaintiff agrees that "the Court ultimately decides which state's law applies." Doc. 111 at 4:13–14. The Ninth Circuit recognizes that the application of a choice-of-law rule to the facts of a case is a mixed question of law and fact, and where the relevant facts are largely undisputed the application is "primarily legal." *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001). A factual dispute bars summary judgment only if it is material to the outcome. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

The Court may grant summary judgment on Counts V and VI because the choice of law does not depend on where Plaintiff received the alleged misrepresentations. The disputes Plaintiff identifies concern receipt: whether Defendant handed Plaintiff the Porsche 1543 binder in California on October 23, 2021; whether Plaintiff found the cards and heard the car's history there on October 24; and whether the email Plaintiff says Defendant sent on October 31 went from California to Arizona. Doc. 112 at 19–21 ¶¶ 1–8, 11. None of them is material to the choice of law.

**1. Arizona law governs regardless of where Plaintiff received the alleged misrepresentations.**

Plaintiff's Response centers on one contact under Restatement § 148: where Plaintiff received the representations. *See* Doc. 111 at 6:9–8:6. He says a jury could find that he received them only in California, so the Motion was wrong to place receipt in Arizona. Doc. 111 at 6:9–24 (quoting Doc. 102 at 6:11–15). But where he received them does not decide the question. Arizona law governs because Plaintiff pleads that he relied in Arizona.

SILENCE LAW GROUP

Plaintiff's Response does not argue that he acted in reliance anywhere but Arizona. Plaintiff pleaded that he relied on alleged misrepresentations "while located in Arizona," that his negotiations "were in Arizona," that "the sale took place in Arizona," and that he performed the contract "while in Arizona." Doc. 1 at 3 ¶ 10. Plaintiff is bound by those factual assertions in his complaint. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Plaintiff made his offer to Defendant in person in Arizona on November 1, 2021, emailed the Agreement he had drafted that evening, and wired $400,000 from Arizona. Doc. 103 at 1–2 ¶¶ 1, 7 (citing Doc. 103-1 at 9 (email), 19–20 (offer)); Doc. 112 at 2 ¶ 2 (drafting), 4 ¶ 9 (wire). In his opposing statement of facts, Plaintiff states the additional fact that he "first expressed his interest" in the car in California, Doc. 112 at 21 ¶ 9, but that is not an act of reliance. Plaintiff did send people to deliver the Ford GT to California and to pick up the Porsches, Doc. 112 at 4 ¶¶ 8, 10, as the Motion acknowledged, Doc. 102 at 6:1–3, 6:13–14. But that delivery and pick-up carried out an agreement Plaintiff proposed in Arizona and paid for from Arizona. It does not make California the place where he claims to have relied. Plaintiff also suggests that the trial record "may disprove" his claimed reliance in Arizona. Doc. 111 at 8:20–22. But his Response does not say how.

Plaintiff characterizes the contact of domicile as "split evenly," Doc. 111 at 6:4, but § 148 does not treat the parties' domiciles alike. When a plaintiff acts in reliance in a single state, that state's law will usually apply if it is also his domicile. *See Rhoads v. Harvey Publ'ns, Inc.*, 604 P.2d 670, 673 (Ariz. Ct. App. 1979) (quoting Restatement § 148 cmt. j). Plaintiff places his reliance in Arizona and is domiciled there. Doc. 112 at 2 ¶ 4. His Response gives no reason to depart from the usual rule, so Arizona law should govern.

**2. There is no reason to defer the choice-of-law question to trial.**

Plaintiff argues that choice of law is a fact-intensive inquiry that cannot be decided on this record. Doc. 111 at 4:10–11, 6:4–8. But it can be decided now because no fact material to the choice is in dispute. Plaintiff says a jury must decide "whether and where each representation was made, received, and relied upon." Doc. 111 at 3:2–3. But where

Plaintiff claims to have relied is not in dispute. The "whether," and Defendant's amended discovery responses, *see* Doc. 111 at 6:9–8:5, go to what Defendant did and to his credibility. Those are questions for trial on the counts that remain. They do not move Plaintiff's claimed reliance out of Arizona.

Plaintiff provides two cases as examples of the necessity of further jury factfinding before a choice-of-law decision: *Marra v. Bushee*, 447 F.2d 1282, 1284 (2d Cir. 1971) and *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 976–77 (C.D. Cal. 2011). Doc. 111 at 8:6–13. But the courts in both those cases deferred the choice because a fact that decided it was genuinely disputed. Here, no disputed fact decides the choice.

## II. Plaintiff sued for CLRA damages without giving the required statutory notice.

The CLRA requires notice at least thirty days before a damages action is filed. Cal. Civ. Code § 1782(a). Plaintiff filed this lawsuit, which includes a CLRA damages claim, on August 22, 2025. Doc. 112 at 11 ¶ 22 (admitted). As Defendant argued in his Motion, Plaintiff's July 28, 2025 Demand Letter was not a CLRA notice. *See* Doc. 102 at 4:3–11; Doc. 103 at 2–3 ¶¶ 15–16. Even if it was, Plaintiff sued twenty-five days after sending it. Doc. 112 at 11 ¶ 22.

Defendant agrees that Plaintiff's counsel sent a § 1782 notice on July 6, 2026. *See* Doc. 102 at 4:17–20. But the notice was untimely because it came ten and a half months after Plaintiff sued.

Plaintiff quotes the remedy for insufficient notice from *Morgan*: a damages claim filed without the required notice "must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements." Doc. 111 at 9:24–26 (quoting *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009)). Under Plaintiff's own authority, then, the damages claim he filed without notice must be dismissed, a "bar" to the claim in this action. *See* Doc. 102 at 5:10–11. The July 6, 2026 letter does not make the August 2025 filing timely. Plaintiff's pending motion for leave to amend his complaint raises the question of whether that letter supports a damages claim added by amendment,



SILENCE LAW GROUP

SILENCE LAW GROUP

and Defendant answered it in his response. Doc. 113 at 7:3–8:17 (discussing *Torrent v. Ollivier*, No. CV 15-02511 DDP (JPRx), 2016 WL 4596341, at *3 (C.D. Cal. Sept. 2, 2016)).

Contrary to Plaintiff's argument, *see* Doc. 111 at 10:14–16, the pending motion for leave is no reason to deny summary judgment. Choice of law disposes of Counts V and VI regardless of what notice the complaint pleads, and the proposed amendment leaves the allegation of reliance in Arizona unchanged. *See* Doc. 110-1 at 4 ¶ 10, 9 ¶ 39. Defendant has asked that, if leave is granted, this Motion and its briefing be deemed directed at the amended complaint. Doc. 113 at 8:18–9:2.

## III. Plaintiff is not entitled to equitable relief.

Plaintiff's Response blurs the two questions Defendant raised about equitable relief. *See* Doc. 111 at 10:17–13:10. The first is whether the Court has equitable jurisdiction over Plaintiff's claims, including the entirety of the Count VI UCL claim, which is purely equitable. Federal law answers this first question, and a finding of no equitable jurisdiction results in dismissal. The second question is whether Plaintiff has shown a right to rescission on the merits, which Arizona law governs.

### A. The Court may lack equitable jurisdiction over Plaintiff's Count VI and rescission claims, regardless of controlling state law.

Plaintiff answers Defendant's equitable jurisdiction argument, Doc. 102 at 6:24–8:3, 8:9–9:8, by narrowing *Sonner*'s holding to "equitable restitution was unavailable because the plaintiff sought 'the same amount of money for the exact same harm' as her legal damages claim," Doc. 111 at 12:17–19 (quoting *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)), and then arguing that the rescission he seeks "is not the same remedy as a damages award," *id.* at 12:19–21.

The Ninth Circuit held in *Sonner* "that a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA," *Sonner*, 971 F.3d at 841, based on Supreme Court instruction that "a federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for

SILENCE LAW GROUP

claims arising under state law," *id.* at 840. The court explained, "Under these principles, Sonner must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844. The court affirmed the dismissal of Sonner's restitution claims because she "fail[ed] to make such a showing." *Id.*

Whether Plaintiff seeks the same amount of money for the same harm is not the test. *Sonner* examined whether the plaintiff had shown that her legal remedy was inadequate, not whether the equitable and legal remedies were the same. A remedy that differs from damages in form is not inherently one that damages cannot replace. Nor is the rule of *Sonner* limited to restitution. At least one court in this circuit has applied it to rescission on summary judgment. *See Richmond v. Home Partners Holdings LLC*, No. 22-5704-DGE-RJB, 2024 WL 3276576, at *13 (W.D. Wash. July 2, 2024) ("In the Ninth Circuit, plaintiffs must establish that they lack an adequate remedy at law before securing equitable remedies in federal court."). Other than *Sonner*, Plaintiff cites only state-law rescission cases, including *Wagner*, *Caruthers*, *Wong*, and *Runyan*, Doc. 111 at 10–12, none of which addresses federal equitable jurisdiction.

The test of whether this Court has equitable jurisdiction over Plaintiff's equitable claims is whether Plaintiff has shown that damages would not make him whole. His Response argues only that Porsche 1543 is "a unique vehicle whose provenance has been permanently tainted." Doc. 111 at 12:19–20. His own filings show that damages would make him whole.

Plaintiff quantifies the difference as "a $330,000 value gap between the car as represented and as delivered." Doc. 111 at 13 n.3. His retained expert's appraisals quantify his damages. Doc. 112 at 13 ¶ 28. A "tainted" provenance is a loss of market value, and that is what the appraisals measure. *Sonner* asks whether damages are adequate, 971 F.3d at 844, not whether the plaintiff would prefer something else. And a legal remedy is adequate even when the plaintiff can no longer pursue it. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("We conclude that, because Albright had an adequate

legal remedy in his time-barred CLRA claim, the district court lacked equitable jurisdiction to hear Albright's UCL claim.").

Although Plaintiff stresses the uniqueness of Porsche 1543, rescission would not return it to him. Instead, he would get back $400,000 and a Ford GT. Ford built "just over 4,000" of them. Doc. 112 at 22 ¶ 15. Plaintiff's expert has appraised this one, Doc. 112-19 at 6, 63, and Plaintiff's own prayer asks for money to cover its "change in condition and/or added milage." Doc. 1 at 14 (Prayer ¶ A.4). Plaintiff does not show how the Ford GT is so special that money compensation for it is inadequate.

The same rule disposes of Count VI. Plaintiff agrees that the UCL's "remedies are equitable." Doc. 111 at 5:12–15. Plaintiff asserts that *Sonner* does not "require judgment on Count VI." Doc. 111 at 12:16–17. But every reason he gives concerns rescission of a unique vehicle. He argues no inadequacy of remedy at law for his UCL claim, which seeks restitution. Doc. 1 at 13 ¶ 86. *Sonner*, itself, was a UCL restitution case.

Plaintiff also seeks benefit-of-the-bargain, reliance, consequential, and punitive damages for the same transaction on Counts I through IV. *Id.* at 14. He says only that *Sonner* "does not hold that a plaintiff who also seeks damages automatically has an adequate" legal remedy. Doc. 111 at 12:22–23. But he does not say why the damages he seeks would fall short.

The same rule reaches rescissory damages, which are equitable relief. *See* Doc. 102 at 8:11–19. Plaintiff argues that rescissory damages remain available, Doc. 111 at 12:9–15, but he does not dispute that they are equitable relief.

Defendant requests summary judgment on Count VI and on rescission and rescissory relief. *See* Doc. 102 at 12:21–13:2. But, if the Court concludes it lacks equitable jurisdiction to reach those merits, it must dismiss Count VI and the equitable claims without prejudice. *See Guzman*, 49 F.4th at 1313–14. Plaintiff did not address that alternative.



SILENCE LAW GROUP

**B. Based on undisputed facts, rescission fails under Arizona law.**

Arizona requires a party seeking rescission to "restore or offer to restore to the other party that which he has received under the contract," and restoration of the status quo ante "is a prerequisite to rescission." *Jennings v. Lee*, 461 P.2d 161, 165–66 (Ariz. 1969). Plaintiff's Response makes no showing that he made the required offer to restore or that the status quo ante can be restored.

**1. Plaintiff shows no evidence of an offer to restore.**

Defendant explained how Plaintiff failed to provide the required offer to restore what he received. *See* Doc. 102 at 9:10–21 (describing requirement), 10:5–11:5 (describing deficiencies).

Instead of meeting his burden to show he met the offer requirement, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986), Plaintiff only objects to Defendant's citations of Plaintiff's offers under Federal Rule of Evidence 408. Doc. 111 at 11:11–19. Regardless of whether the Court considers those citations, Plaintiff still identifies no offer anywhere that includes the Parts, and none without the reimbursement demand.

Plaintiff's prayer offers to "return both Porsche 0011 and Porsche 1543 to Samojen." Doc. 1 at 14 (Prayer ¶ A.3). It ties that return to a demand that Defendant "reimburse Edwards for all out-of-pocket reliance damages spent on Porsche 0011 and Porsche 1543." *Id.* (Prayer ¶ A.5). His disclosures repeat the offer with the same demand. Doc. 112 at 12 ¶ 26 (admitted). A later supplemental disclosure values the "Porsche parts at $50,000." Doc. 112 at 13 ¶ 28 (citing Doc. 103-1 at 52). But neither his prayer nor his disclosures offer to return the Parts. Doc. 112 at 13 ¶ 27. The Motion made that point, Doc. 102 at 9:15–17, 10:5–7, and the Response does not answer it. From the prayer through the disclosures, Plaintiff has never offered to restore what he received. He has offered only to sell part of it back. The undisputed facts show Plaintiff does not qualify for rescissory relief because he did not meet the offer requirement.



SILENCE LAW GROUP

SILENCE LAW GROUP

**2. Plaintiff shows no evidence that the status quo can be restored.**

Plaintiff admits that Porsche 1543 has had "a ground-up restoration, both body, interior, and mechanically," and that "[t]he engine has been replaced." Doc. 112 at 14 ¶ 31. He admits that he cannot itemize the new parts installed. *Id.* He admits the body was stripped, the gearbox synchros replaced, and the engine removed and replaced. *Id.* at 14–15 ¶ 35. By his own count, the work ran to twenty-two work orders and $171,437.75. *Id.* at 14 ¶ 33. He admits he installed the engine he removed from Porsche 1543 in his own Porsche 0705. *Id.* at 18 ¶ 46.

His answer to the impossibility of restoration is that he still owns Porsche 0705 and "can reinstall" the engine "if the Court deems rescission the appropriate remedy." Doc. 111 at 11:23–25. That is argument, not evidence. The paragraphs he cites in his controverting statement of facts, Doc. 112 at 18–19 ¶¶ 44–50, say nothing about reinstalling the engine. His declaration says only that he owns Porsche 0705 and that it did not sell. Doc. 112-5 ¶¶ 8–13. It is also his first offer of its kind. Reinstalling one component would not undo a ground-up rebuild. And Plaintiff's assertion that the removed engine was not 1543's "original" engine, *see* Doc. 112 at 14 ¶ 34, is irrelevant. The status quo is the car as delivered, and Plaintiff admits the removed twin-plug engine was in 1543 on November 2, 2021. *Id.* at 17 ¶ 42.

Plaintiff says Arizona excuses imperfect restoration and that he modified the car in reliance on the alleged fraud. Doc. 111 at 11:26–12:8. Arizona does excuse imperfect restoration in some cases, but the court in *Jennings* excused a plaintiff who "bent over backward to protect [the defendant's] interest in" the property. *Jennings*, 461 P.2d at 166. Plaintiff rebuilt the car to his own specifications and moved its engine to another car. And his motive for doing so does not affect whether the car can be returned as delivered.

**3. The undisputed facts show unclean hands.**

Plaintiff sued for rescission on August 22, 2025. Doc. 112 at 11 ¶ 22. In November 2025 he consigned Porsche 0705 to auction with Porsche 1543's engine installed. *Id.* at 18 ¶¶ 45–47; Doc. 112-5 ¶ 9. By then he had alleged fraud and asked this Court to unwind

SILENCE LAW GROUP

the sale. At a January 2026 auction, he offered for sale, as part of another car, a component he would have to return. Doc. 112 at 18–19 ¶¶ 47–48, 50. One who seeks equity must come with clean hands "and keep them clean." *Hall v. Wright*, 240 F.2d 787, 794–95 (9th Cir. 1957).

Plaintiff says the consignment was "the RM specialist's initiative." Doc. 111 at 13:6–7. But the paragraphs he cites in his controverting statement of facts say only that the specialist wrote an email and the listing, Doc. 112 at 15–19 ¶¶ 38, 48–49, and he admits that he consigned the car, *id.* at 18 ¶ 47. He also says that the car did not sell, Doc. 112 at 19 ¶ 50, and that most of the work on Porsche 1543 predated his claimed discovery of the alleged fraud, Doc. 111 at 13:4–5. None of that contradicts the evidence Defendant points to establishing Plaintiff's unclean hands: Plaintiff sued Defendant seeking rescission of a sale including a vehicle he alleges was misrepresented as an "R" and then, months later, tried to sell away the core component of that vehicle installed on a vehicle listed as an "R" at an estimate of $900,000 to $1.1 million." *See* Doc. 112 at 18 ¶ 48 (admitting the listing included the "R" identification). There is a "close nexus between [Plaintiff's] unethical conduct [his attempt to sell Porsche 1543's engine months after bringing his lawsuit for rescission] and the transaction[] on which [he] seeks relief." *See In re Everett*, 364 B.R. 711, 723 (Bankr. D. Ariz. 2007) (cited in Doc. 111 at 13:8–10).

**<u>Conclusion</u>**

The Court should enter summary judgment for Defendant on Counts V and VI and on Plaintiff's claims for rescission and rescissory relief.

In the alternative, the Court should dismiss Count VI and the claims for rescission and rescissory relief without prejudice for lack of equitable jurisdiction and dismiss the Count V damages claim from this action for want of pre-suit notice.

DATED this 16th day of November, 2026.

**Silence Law Group, PLLC**

*/S/ Trevor Cook*
Jeffrey Silence
Trevor Cook
*Attorneys for Defendant*

SILENCE LAW GROUP