**Rusing Lopez Lizardi & Saffer, P.L.L.C.**
7047 E. Greenway Parkway, Suite 400
Scottsdale, Arizona 85254
Telephone: (480) 663-9800
Facsimile: (520) 529-4262
dbernardone@rllsaz.com
aclark@rllsaz.com
*Attorneys for James Edwards*

Daniel B. Bernardone
State Bar No. 033256
Aaron Clark
State Bar No. 038534

Michael Croghan (ARDC #6312601)
Patrick O'Meara (ARDC # 6317487)
Luca Giovine (ARDC #6337664)
Rachel Dudley (ARDC #6352864)
**McDonald Hopkins LLC**
300 North LaSalle St., Suite 1400
Chicago, IL 60654
phone (312) 280-0111
mcroghan@mcdonaldhopkins.com
pomeara@mcdonaldhopkins.com
*Attorneys for James Edwards*
*Admitted Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Edwards,<br><br>Plaintiff,<br><br>vs.<br><br>Tony Samojen,<br><br>Defendant. | Case No. 3:25-cv-08174-SPL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Hon. Steven Paul Logan) |

Plaintiff James Edwards respectfully submits this Reply in support of his Motion for Leave to File First Amended Complaint. [Doc. 110.]

**INTRODUCTION**

Defendant concedes the governing standard and acknowledges that the amendment deadline in the Court's Case Management Order has not passed. [Doc. 113 at 2:1-5.] Defendant identifies no additional discovery the amendment would require, no new claim, and no merits disadvantage that the two added paragraphs would cause. His opposition instead asks the Court to rewrite its scheduling order, to measure "delay" from a date before the facts being pleaded existed, and to adopt a district court outlier over the California authority Defendant himself relied on in his own summary judgment motion. Accordingly, Plaintiff respectfully requests that leave be granted.

**ARGUMENT**

**I. The Case Management Order Controls, and Defendant Relied on It.**

Defendant's lead argument is that the December 19, 2026 amendment deadline "was a typo." [Doc. 113 at 2:19-20.] But the Court entered that date on January 8, 2026, and Defendant concedes that "[n]either party objected." *Id.* at 3:12-13. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–10 (9th Cir. 1992). Defendant has never moved to modify the order, and an opposition brief filed ten months later is not such a motion.

More to the point, Defendant has twice taken advantage of the very deadline he now disowns, amending his Answer on April 15, 2026 [Doc. 40] and again on August 3, 2026 [Doc. 92.] Both amendments came after the December 19, 2025 date he now says the parties "intended"; Plaintiff's consent does not change that. [Doc. 113 at 2:22-23; 3:3.] Defendant cannot treat the 2026 deadline as operative when he amends and as a typo when Plaintiff does. Because the deadline has not passed, Rule 15(a)'s liberal standard governs, as Defendant agrees. *Id.* at 2:1-5. Leave to amend is to be granted with "extreme liberality."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (citations omitted).

**II. There Was No Undue Delay.**

**A. The pleaded facts did not exist until August 2026.**

Defendant's 392-day figure for alleging "delay" runs from his October 3, 2025 Answer. [Doc. 113 at 3:27.] But the amendment does not plead a theory Plaintiff "should have known" at the outset; it pleads two events: (1) service of the notice required by the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1782(a), on July 6, 2026; and (2) Defendant's failure to cure within thirty days. Defendant concedes that these events could not be alleged until the cure period expired on or about August 5, 2026. [*See id.* at 4:12–13.] Awareness of a legal requirement is not the same as possession of the facts needed to plead compliance with it. *See New Enters. Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 1505898, at *2 (D. Ariz. Apr. 5, 2019) (rejecting undue-delay argument where the facts underlying the amendment did not exist until after the original complaint was filed). Plaintiff moved to amend 86 days later, on October 30, 2026, and nearly two months before the Court's deadline. [Doc. 110 at 3.] That is a fraction of the fifteen-month gap discussed in *AmerisourceBergen*, which measured delay "between the time of obtaining a relevant fact and seeking a leave to amend." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

**B. *AmerisourceBergen* is inapposite.**

Defendant relies on *AmerisourceBergen* in support of his argument that Plaintiff's amendment is not timely. In that case, however, the movant sought to "drastically change[] its litigation theory." *Id.* at 953. The court reasoned that because the new theory "would have unfairly imposed potentially high litigation costs" on the non-movant, there was no abuse of discretion in denying the motion for leave to amend. *Id.* at 953–54. Here, there are no such concerns, as nothing changes but two factual allegations Defendant already knows and already relies on. [Doc. 110 at 3:7-14; Doc. 102 at 4:17–22.] Nor does the

amendment require any additional discovery: it pleads two events of which Defendant has first-hand knowledge.

**C. Delay alone cannot justify denial.**

Even if the Court measured delay as Defendant does, “undue delay by itself, however, is insufficient to justify denying a motion to amend.” *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). “Prejudice is the touchstone of the inquiry under rule 15(a).” *Eminence Capital*, 316 F.3d at 1052 (internal quotes omitted). As shown below, there is no prejudice to Defendant.

**III. Defendant Identifies No Prejudice and No Evidence of Bad Faith.**

**A. The cure-period argument is not prejudice from Plaintiff’s amendment.**

Defendant argues the purported late notice deprived him of a meaningful opportunity to cure because the car had since been restored. [Doc. 113 at 4:25-26; 5:9-11.] That argument concerns the timing of the notice, not the amendment. Defendant received the notice and had his thirty days; he does not claim he offered or attempted any correction, repair, replacement, or other remedy. Nor does the restoration bear on the remedies the CLRA contemplates, which are not limited to physical repair. *See* Cal. Civ. Code § 1782(b) (“correction, repair, replacement, or other remedy”). Defendant could have responded to the notice by offering a monetary remedy, refund, or other corrective action within the 30-day window regardless of the vehicle’s condition. If Defendant contends the notice was legally inadequate, that is a merits question for the CLRA claim, not an issue of prejudice.

**B. The summary judgment concern can be resolved without denying leave.**

Defendant’s principal concern is that an amended complaint might moot his pending Motion for Partial Summary Judgment [Doc. 102]. [Doc. 113 at 5:12-21; 8:18-22.] Plaintiff does not seek that result. Because the First Amended Complaint changes only Count V’s notice allegations, Plaintiff does not oppose an order deeming Defendant’s Motion [Doc. 102], Plaintiff’s Response [Doc. 111], and Defendant’s Reply [Doc. 114] to be directed at the First Amended Complaint, with no change to any deadline. That disposes of Defendant’s alternative request on agreed terms.

The amendment affects only one portion of Defendant's Motion: the argument that Count V fails for lack of pleaded notice. [Doc. 102 at 3:15–5:11.] Defendant's own summary judgment motion acknowledges that the CLRA "provides a mechanism for post-filing compliance" by which a consumer may "serve a § 1782(a) notice, wait thirty days, and amend the pleading to add a damages claim." [*Id.* at 4:23–25.] Potentially losing an argument because the opponent has followed the procedure the movant identified is not prejudice.

**C. *Schlacter-Jones* does not apply.**

Defendant relies on *Schlacter-Jones v. General Telephone of California*, where the Ninth Circuit affirmed denial of leave sought after discovery and after "a pending summary judgment motion had been fully briefed." 936 F.2d 435, 443 (9th Cir. 1991) (abrogated on other grounds by *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001) (en banc); *see* [Doc. 113 at 6:4–11.] The facts of that case are materially different from this one.

First, the amendment does not change the merits Defendant briefed. It adds no new claim, party, or theory. It adds two facts to Count V: Plaintiff served § 1782(a) notice on July 6, 2026, and Defendant did not cure within thirty days. [Doc. 110 at 1:28; 2:1-5; Doc. 110-1 ¶¶ 82–83.] Defendant now argues against the addition of those facts after admitting they occurred in his briefing. [Doc. 102 at 4:17-20.] Defendant admits he received the notice, and he does not claim he cured. [Doc. 102 at 4:17-20; Doc. 114 at 5:18-20.] Every other allegation, count, and prayer Defendant's Motion addresses stays the same, as Defendant himself acknowledges. [Doc. 113 at 8:25-26.]

Second, Plaintiff does not seek to avoid a ruling on the merits. Defendant's choice-of-law, equitable-jurisdiction, and rescission arguments are unaffected by the amendment and remain fully before the Court. Particularly, Defendant's notice argument is not voided by this amendment, as his Partial Motion for Summary Judgment already concedes the factual basis of the amendments. [*See* Doc. 102 at 4:17-20.] As explained in Section III.B, Plaintiff does not object to the alternative relief Defendant requests. [Doc. 113 at 8:27; 9:1-

2.] Plaintiff pointed to his pending Motion for Leave [Doc. 110] in his response to Defendant's summary judgment motion for one narrow reason. Defendant's notice argument attacks the *pleading*, and the proposed amendment reflects the notice Defendant concedes he received. An amendment that the movant is willing to have tested under the pending motion is not a vehicle to circumvent summary judgment.

**D. Bad faith requires more than speculation.**

Defendant offers no evidence of bad faith; he merely "suggests a possibility" of it. [Doc. 113 at 1:21-23; 3:1-2.] As explained in Section III.C, Plaintiff cited his pending Motion for Leave in his summary judgment response because it was pending and directly relevant; that is what candor requires. Defendant's theory of bad faith rests entirely on the same timing argument that fails under the delay factor.

**IV. The Amendment Is Not Futile.**

**A. Choice of law is a merits question already before the Court.**

Defendant's futility argument is that Arizona law, not California law, governs. [Doc. 113 at 6:16; 7:2.] Defendant concedes that question "is independent of the CLRA notice requirement." *Id.* at 6:22-23. By Defendant's own concession, then, the amendment neither creates nor worsens any choice-of-law problem, and the choice-of-law dispute supplies no reason to deny leave to add notice allegations. Whether Restatement § 148 points to Arizona or California is contested and fact-bound, and it will be resolved on the summary judgment record regardless of whether leave is granted.

**B. *Morgan* permits cure in the same action.**

Defendant does not dispute that, under *Morgan v. AT&T Wireless Services, Inc.*, a damages claim filed without the required notice is not dismissed with prejudice but instead "must simply be dismissed until 30 days or more after the plaintiff complies with the notice requirements." 177 Cal. App. 4th 1235, 1261 (2009). Furthermore, Defendant concedes that in *Morgan* the plaintiffs repleaded the damages claim in a later amended complaint in the same action after sending notice. [Doc. 113 at 7:19-21.] That is exactly this case. Defendant's attempt to distinguish *Morgan* on the ground that the plaintiffs there first

pleaded injunctive relief does not change *Morgan*'s holding on the effect of post-filing notice.

Defendant's own summary judgment motion acknowledged that "[t]he statute provides a mechanism for post-filing compliance" by which a consumer may "serve a § 1782(a) notice, wait thirty days, and amend the pleading to add a damages claim." [Doc. 102 at 4:23–25.] Defendant cannot argue in one brief that the cure is available and in the next that the Court should refuse it.

**C. *Torrent* is an outlier.**

Defendant relies on a single district court order, *Torrent v. Ollivier*, 2016 WL 4596341, at *3 (C.D. Cal. Sept. 2, 2016), and concedes that "[c]ourts disagree" on this question. [Doc. 113 at 8:8-11 (citing *White v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC,* 2020 WL 13578444, at *6 (N.D. Cal. Nov. 17, 2020)).] Even *Torrent* dismissed "without prejudice to the refiling of the damages claim." *Torrent*, 2016 WL 4596341, at *3. Denying leave here would only force a duplicative new action on the same facts against the same defendant, wasting party and judicial resources without serving any purpose of the CLRA. The Court has discretion under Rule 15(a) to permit amendment, and where the amendment adds only narrow paragraphs and the underlying merits of the CLRA claim remain to be adjudicated, the interests of justice and judicial economy favor permitting the amendment.

*Torrent* also stands apart from the Ninth Circuit's own application of *Morgan*. In *Bitton v. Gencor Nutrientes, Inc.*, the Ninth Circuit held that the district court erred in dismissing CLRA damages claims with prejudice even though the plaintiff's notice was deficient, because, under *Morgan*, the proper remedy is dismissal only "until 30 days or more after the plaintiff complies with the notice requirements." 654 F. App'x 358, 362 (9th Cir. 2016) (unpublished) (quoting *Morgan*, 177 Cal. App. 4th at 1261). Plaintiff has already done what *Bitton* and *Morgan* contemplate: he served notice and waited more than thirty days before seeking leave to amend.

**V. Conclusion**

Plaintiff respectfully requests that the Court grant the Motion and grant leave to file the First Amended Complaint in the form attached as Exhibit 1 to Doc. 110. Plaintiff does not oppose an order deeming Defendant's Motion for Partial Summary Judgment (Doc. 102) and the briefing on it directed at the First Amended Complaint, with no change to any deadline.

DATED this 19th day of November, 2026.

RUSING LOPEZ LIZARDI & SAFFER, P.L.L.C.

*/s/ Daniel B. Bernardone (with permission)*
Daniel B. Bernardone
Aaron R. Clark
*Attorneys for Plaintiff*

MCDONALD HOPKINS LLC

*/s/ Michael Croghan*
Michael Croghan
Patrick O'Meara
Luca Giovine
Rachel Dudley
*Attorneys for Plaintiff*
*Admitted Pro Hac Vice*